UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN J. CASSIDY, ET AL | : | NO.: 302CV1688 (CFD) |
| | : | |
| v. | : | |
| | : | |
| KATHRYN M. LAWSON, ET AL | : | NOVEMBER 5, 2003 |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT DATED NOVEMBER 18, 2002**

**FIRST COUNT**

I. JURISDICTION

1. Paragraph 1 is admitted.

II. PARTIES

2. As to paragraphs 2, 3, 4, 5, 6, 10, 11 and 12, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

3. Paragraphs 7, 8 and 9 are admitted.

4. Paragraph 13 does not contain any allegations to which these defendants can respond.

### III.  OPERATIVE FACTS

5.      As to paragraphs 14, 16 and 17, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

6.      As to paragraph 15, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, admit that in the November 2001 Plainville municipal election, the ballot included a referendum question regarding the new Linden Street School building.  As to the remainder of paragraph 15, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

7.      That portion of paragraph 18 which states:  "The defendants supported a "yes" vote in the Linden Street School referendum" is admitted.  As to the remainder of paragraph 18, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

8.      As to paragraph 19, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, admit that on or about November 1, 2001, they filed a complaint with the State Election Enforcement Commission alleging violations of Conn. Gen. Stat. §9-

333w for failure to include addresses with regard to advertisements in the November 2001 edition of Plainville's Homeline Connection.  The remainder of paragraph 19 is denied.

      9.      Paragraph 20 calls for a legal conclusion and the statute specified therein speaks for itself.

      10.      Paragraphs 21, 23 and 24 are denied.

      11.      As to paragraph 22, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, admit that none of the defendants appeared as witnesses.  As to the remainder of paragraph 22, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

### IV. INJURIES AND DAMAGES

      12.      Paragraphs 25 and 26 are denied.

**SECOND COUNT**

### I. JURISDICTION

      13.      Paragraph 1 is admitted.

## II.  PARTIES

14.     The answers to paragraphs 2 through 12 of the First Count are hereby incorporated and made the answers to paragraphs 2 through 12 of the Second Count as if fully set forth herein.

## III.  OPERATIVE FACTS

15.     Paragraph 13 is admitted.

16.     The answers to paragraphs 14 through 23 of the First Count are hereby incorporated and made the answers to paragraphs 14 through 23 of the Second Count as if fully set forth herein.

17.     As to paragraph 24, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, admit that none of the defendants appeared as witnesses.  As to the remainder of paragraph 24, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

18.     As to paragraph 25, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, deny any occurrences of harassment.  As to the remainder of paragraph 25, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

19.     Paragraph 26 is denied.

### IV.  INJURIES AND DAMAGES

20. Paragraphs 27 and 28 are denied.

**THIRD COUNT**

### I.  JURISDICTION

21. The defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not answer the Third Count as it is not directed to them.

**FOURTH COUNT**

### I.  JURISDICTION

22. Paragraph 1 is admitted.

### II.  PARTIES

23. As to paragraph 2, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

24. The answers to paragraphs 3 through 13 of the First Count are hereby incorporated and made the answers to paragraphs 3 through 13 of the Fourth Count as if fully set forth herein.

### III.  OPERATIVE FACTS

25. Paragraph 14 is admitted.

26. As to paragraphs 15, 16, 18, 19 and 20, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

27. Paragraphs 17, 22, 23, 24 and 25 are denied.

28. As to paragraph 21, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, admit that complaints were filed with the Commissioner at or about the same time.  As to the remainder of paragraph 21, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

### IV.  INJURIES AND DAMAGES

29. Paragraphs 26 and 27 are denied.

**FIFTH COUNT**

### I.  JURISDICTION

31. The answer to paragraph 1 of the Fourth Count is hereby incorporated and made the answer to paragraph 1 of the Fifth Count as if fully set forth herein.

### II. PARTIES

32. The answers to paragraphs 2 through 13 of the Fourth Count are hereby incorporated and made the answers to paragraphs 2 through 13 of the Fifth Count as if fully set forth herein.

### III. OPERATIVE FACTS

33. The answers to paragraphs 14 through 24 of the Fourth Count are hereby incorporated and made the answers to paragraphs 14 through 24 of the Fifth Count as if fully set forth herein.

34. Paragraph 25 is denied.

### IV. INJURIES AND DAMAGES

35. Paragraphs 26 and 27 are denied.

## **SIXTH COUNT**

### I. JURISDICTION

36. The answer to paragraph 1 of the Second Count is hereby incorporated and made the answer to paragraph 1 of the Sixth Count as if fully set forth herein.

### II. PARTIES

37. The answers to paragraphs 2 through 12 of the Fourth Count are hereby incorporated and made the answers to paragraphs 2 through 12 of the Sixth Count as if fully set forth herein.

### III.  OPERATIVE FACTS

38.     Paragraph 13 is admitted.

39.     The answers to paragraphs 14 through 24 of the Fourth Count are hereby incorporated and made the answers to paragraphs 14 through 24 of the Sixth Count as if fully set forth herein.

40.     As to paragraph 25, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

41.     Paragraph 26 is denied.

### IV.  INJURIES AND DAMAGES

42.     Paragraphs 27 and 28 are denied.


**SEVENTH COUNT**

### I.  JURISDICTION

43.     The answer to paragraph 1 of the First Count is hereby incorporated and made the answer to paragraph 1 of the Seventh Count as if fully set forth herein.

### II.  PARTIES

44.     As to paragraph 2, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a

belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

45.  The answers to paragraphs 3 through 13 of the First Count are hereby incorporated and made the answers to paragraphs 3 through 13 of the Seventh Count as if fully set forth herein.

### III.  OPERATIVE FACTS

46.  As to paragraphs 14, 16, 17, 22, 23 and 24, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

47.  Paragraph 15 is admitted.

48.  That portion of paragraph 18 which states:  "The defendants supported a "yes" vote in the Linden Street School referendum" is admitted.  As to the remainder of paragraph 18, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

49.  As to paragraph 19, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, admit that on or about November 1, 2001, they filed a complaint with the State Election Enforcement Commission alleging violations of Conn. Gen. Stat. §9-

333w for failure to include addresses with regard to advertisements in the November 2001 edition of Plainville's Homeline Connection. The remainder of paragraph 19 is denied.

    50.    Paragraph 20 calls for a legal conclusion and the statute specified therein speaks for itself.

    51.    Paragraphs 21, 25 and 26 are denied.

### IV. INJURIES AND DAMAGES

    52.    Paragraphs 27 and 28 are denied.

**EIGHTH COUNT**

### I. JURISDICTION

    53.    The answer to paragraph 1 of the Second Count is hereby incorporated and made the answer to paragraph 1 of the Eighth Count as if fully set forth herein.

### II. PARTIES

    54.    The answers to paragraphs 2 through 12 of the Seventh Count are hereby incorporated and made the answers to paragraphs 2 through 12 of the Eighth Count as if fully set forth herein.

### III. OPERATIVE FACTS

    55.    Paragraph 13 is admitted.

56. The answers to paragraphs 14 through 25 of the Seventh Count are hereby incorporated and made the answers to paragraphs 14 through 25 of the Eighth Count as if fully set forth herein.

57. As to paragraph 26, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

58. As to paragraph 27, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, deny any occurrences of harassment. As to the remainder of paragraph 27, the defendants, William Petit, Patrick Ringrose and Marliss Pavano, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

59. Paragraph 28 is denied.

### IV. INJURIES AND DAMAGES

60. Paragraphs 29 and 30 are denied.

## BY WAY OF AFFIRMATIVE DEFENSES

### First Affirmative Defense to the First Count

The plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense to the First Count

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

### Third Affirmative Defense to the First Count

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

### First Affirmative Defense to the Second Count

The plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense to the Second Count

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

### Third Affirmative Defense to the Second Count

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

**First Affirmative Defense to the Fourth Count**

The plaintiffs have failed to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Fourth Count**

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

**Third Affirmative Defense to the Fourth Count**

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

**First Affirmative Defense to the Fifth Count**

The plaintiffs have failed to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Fifth Count**

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

**Third Affirmative Defense to the Fifth Count**

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

**First Affirmative Defense to the Sixth Count**

The plaintiffs have failed to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Sixth Count**

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

**Third Affirmative Defense to the Sixth Count**

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

**First Affirmative Defense to the Seventh Count**

The plaintiffs have failed to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Seventh Count**

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

**Third Affirmative Defense to the Seventh Count**

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

**First Affirmative Defense to the Eighth Count**

The plaintiffs have failed to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Eighth Count**

The statements contained in the complaints filed with the State Elections Enforcement Commission are protected pursuant to the doctrine of absolute immunity and/or privilege.

**Third Affirmative Defense to the Eighth Count**

The plaintiffs' claims are barred pursuant to the doctrine of qualified immunity.

```
                              DEFENDANTS,
                              WILLIAM PETIT, PATRICK RINGROSE
                              and MARLISS PAVANO


                         By_____/s/_ Beatrice S. Jordan____
                              Beatrice S. Jordan
                              ct22001
                              Howd & Ludorf
                              65 Wethersfield Avenue
                              Hartford, CT  06114
                              (860) 249-1361
                              (860) 249-7665 (Fax)
                              bjordan@hl-law.com
```

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 5th day of November, 2003.

| | |
|---|---|
| William T. Barrante<br>P.O. Box 273<br>Watertown, CT 06795 | New Britain, CT 06050<br><br>Kenneth J. Laska, Esquire<br>Segal & Laska, LLC |
| Charles E. Vermette, Jr., Esquire<br>Deborah E. Roser, Esquire<br>Melicent B. Thompson, Esquire<br>Litchfield Cavo<br>40 Tower Lane<br>Suite 200<br>Avon, CT 06001 | 63 East Main Street<br>Plainville, CT 06062<br><br>Karen L. Karpie, Esquire<br>Murphy and Karpie<br>350 Fairfield Avenue<br>Bridgeport, CT 06604 |
| Paul M. Clyons, Esquire<br>Law Offices, Heidi Zultowski<br>700 Stanley Drive<br>P.O. Box 9011<br>New Britain, CT 06050-9948 | Jane R. Rosenberg, Esquire<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120 |
| John A. Barbieri, Esquire<br>18 Cedar Street<br>P.O. Box 1445 | |

                                                                                                                                              /s/ Beatrice S. Jordan<br>
                                                                                                                                                Beatrice S. Jordan