UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN J. CASSIDY, ET. AL. | : | CIVIL ACTION NO. 3:02CV1688 (CFD) |
| v. | : | |
| KATHRYN M. LAWSON ET. AL. | : | NOVEMBER 12, 2003 |

**OBJECTION TO PLAINTIFFS' MOTION TO JOIN THE CONNECTICUT STATE ELECTIONS ENFORCEMENT COMMISSION AS A DEFENDANT**

The Connecticut Elections Enforcement Commission (the "Commission"), currently amicus curiae in this case, hereby objects to the plaintiffs' motion to join the Commission as a defendant in this matter on the grounds that all claims against the Commission set forth in the plaintiffs' proposed Third Amended Complaint are barred by the Eleventh Amendment and thus joinder would be pointless.

The plaintiffs are five individuals who published or distributed election related materials in connection with the November, 2001 municipal election in the Town of Plainville. Because the plaintiffs' political materials appeared to violate the state elections laws, the defendant individuals filed complaints with the State Elections Enforcement Commission. After the Commission found that in three out of the four cases reported the plaintiffs had in fact violated state law, the plaintiffs chose not to appeal the Commission's rulings, but rather to sue the defendants for abuse of process, malicious prosecution, libel, and violation of the First and Fourteenth Amendments of the U.S. Constitution.

In the present motion, the plaintiffs seek to join the Commission as a defendant and to add a claim seeking a declaratory ruling that the statute that the Commission found the plaintiffs

had violated, Conn. Gen. Stat. § 9-33w(a), violates the First and Fourteenth Amendments.[1] See Third Amended Complaint, Count 9 (attached to plaintiffs' motion). The Eleventh Amendment, however, bars the plaintiffs from seeking such relief.

It is well-established that the Eleventh Amendment, absent a valid exception, deprives the federal courts of jurisdiction over all claims against a state by its own citizens and by citizens of another state. Edelman v. Jordan, 415 U.S. 651 (1974); Duhne v. New Jersey, 251 U.S. 311 (1920). This immunity applies regardless of whether the relief sought is monetary, Edelman v. Jordan, 415 U.S. 651, 667-669 (1974), injunctive, Cory v. White, 457 U.S. 85, 90-91 (1982), or declaratory, Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993), cert. denied, 510 U.S. 1043 (1994), and regardless of whether the named defendant is the State itself or one of its agencies or instrumentalities. Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997)("[i]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984)("[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh

---

[1] The plaintiffs seek to make this claim notwithstanding the fact that the same claim was explicitly rejected in Seymour v. Elections Enforcement Commission, 255 Conn. 78, 762 A.2d 880 (2000), cert. denied, 533 U.S. 931 (2001), in which the Connecticut Supreme Court found that Conn. Gen. Stat. § 9-333w(a) was constitutional and that the address requirement challenged by the plaintiffs in this case served a legitimate governmental purpose.

Amendment"); Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147 (1981); Alabama v. Pugh, 438 U.S. 781 (1978).[2]

Because the State Elections Enforcement Commission is an agency of the State of Connecticut, see Conn. Gen. Stat. § 9-7a; Sweetman v. State Elections Enforcement Commission, 249 Conn. 296 (1999), and plaintiffs' proposed claims against it are therefore barred by the Eleventh Amendment, the plaintiffs' motion to join the Commission as a defendant should be denied because joinder, under the circumstances, would be pointless.

        AMICUS CURIAE
        CONNECTICUT STATE ELECTIONS
        ENFORCEMENT COMMISSION

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        Eliot D. Prescott
        Assistant Attorney General

BY: /s/ Jane Rosenberg
     Jane R. Rosenberg
     Assistant Attorney General
     Federal Bar No. ct16092
     55 Elm Street
     P.O. Box 120
     Hartford, CT 06141-0120
     Tel: (860) 808-5020
     Fax: (860) 808-5347
     jane.rosenberg@po.state.ct.us

---

[2] The only exceptions are if a State has consented to suit or Congress has abrogated the States' sovereign immunity. Kilcullen v. New York Dept. of Labor, 205 F.3d 77, 79 (2d Cir. 2000). Neither exception is applicable here.

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 12th day of November, 2003 to:

William T. Barrante, Esq.
P.O. Box 273
Watertown, CT 06795
Tel: (860) 379-9885
Fax: (860) 738-4906

Kenneth J. Laska, Esq.
Segal & Laska, LLC
Drawer A
63 East Main Street
Plainville, CT 06062
Tel: (860) 747-2792
Fax: (860) 747-8609

Beatrice S. Jordon, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel: (860) 249-1361
Fax: (860) 249-7665

Karen L. Karpie, Esq.
Murphy and Karpie
350 Franklin Ave., Suite 408
Bridgeport, CT 06604
Tel : (203) 333-0177
Fax: (203) 333-0177

Charles E. Vermette, Jr., Esq.
Litchfield Cavo, Attorneys at Law
40 Tower Lane, Suite 200
Avon, CT 06001
Tel : (860) 255-5577
Fax : (860) 255-5566

Paul M. Clyons, Esq.
Law Offices of Heidi Zultkowski
P.O. Box 9011
New Britain, CT 06050-9948
Tel: (860) 827-4351
Fax: (860) 827-4386

John A. Barbieri, Esq.
18 Cedar Street
P.O. Box 1445
New Britain, CT 06050
Tel: (860) 224-7119
Fax: (860) 225-7319

*Jane Rosenberg*
Jane R. Rosenberg
Assistant Attorney General