UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL.,                    NO. 3:03CV1688)CFD)

        Plaintiffs

v.

KATHRYN M. LAWSON, ET AL.,

        Defendants                  DECE,MBER 9, 2003

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO ADD SEEC AS DEFENDANT

The plaintiffs have filed a motion to add as a party defendant the Connecticut State Elections Enforcement Commission (hereafter "SEEC") because the court will be interpreting a statute, Section 9-333w, that the SEEC is charged with enforcing. The Attorney General of Connecticut has objected, on grounds of the Eleventh Amendment, because supposedly neither the State nor its SEEC has consented to be sued in this court. The plaintiffs contend in this suit that the SEEC's interpretation and enforcement of Section 9-333w amounts to an infringement of their rights under the First and Fourteenth Amendments to the United States Constitution. The Attorney General apparently believes that a State can violate the Constitution and be immune from suit in the federal courts. The Attorney General is wrong, for the following reasons:

**(A) The State has consented to be sued.**

The Attorney General has cited *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993), which is based in part on *Alabama v. Pugh*, 488 U.S. 781, 98

S.Ct. 3057, 57 L.Ed.2d 1114 (1978). In the latter case, it was noted that the Alabama Constitution prohibits the State of Alabama from being a defendant in any suit. That is not the situation in Connecticut. Article Eleventh, Section 4 of the Connecticut Constitution provides: "Claims against the state shall be resolved in such manner as may be provided by law." This means that, unlike Alabama, the State of Connecticut or an agency of the State **may** be a defendant in litigation where the law provides for the State to be answerable.

This constitutional provision finds support in Connecticut history. The Connecticut Charter of 1664 established Connecticut as "a Body Corporate and Pollitique in fact and name, by the name of Governor and Company of the English Collony of Connecticut in New England in America." The Charter further provided that this "Company" (i.e., the Colony, later the State) "shall bee Persons able and Capable in the law to Plead **and bee Impleaded, to Answer** and bee Answered unto, **to Defend and bee Defended in all and Singular, Suits, Causes, quarelles, Matters, Accons, and things of whatever nature soever;** . . . ." See *Connecticut State Register and Manual* (2002 ed.), at pages 61-62 (original spelling, emphasis added).

The Charter was part of the law of Connecticut until 1818, when our first Constitution was adopted. This means that for the first 42 years as an independent State, the Company (or State) of Connecticut was subject to suit in its own courts. The constitutional provision in Article Eleventh, Section 4 did not repeal or change this. It

2

simply states that if the State were to be sued, it is to be done "in such manner as may be provided by law."

The next question, therefore, is: Does the law provide for the State or an agency thereof to be cited into this case as a defendant. The jurisdiction of the federal courts is set forth in Article III of the United States Constitution, as follows: ". . . to all Cases in Law and Equity, arising under this Constitution, . . . ." The question that this court will be asked to determine, with respect to the SEEC, arises under the First and Fourteenth Amendments to the Constitution. Congress has provided, in Title 28, United States Code, Section 2201, that a federal court may render declaratory judgments with respect to an "actual controversy, within its jurisdiction," including disputes under the Constitution. See 28 U.S. Code, Section 1331. Thus, there is "law" providing that the SEEC, as an agency of the State of Connecticut, can be cited into this case so the court may construe its claimed powers under Section 9-333w and whether those claimed powers conflict with the Constitution. Although these provisions do not specifically say that the State of Connecticut may be a party in federal court, a State or state agency is a necessary party in any case arising under the Fourteenth Amendment.

There are other federal statutes that provide for the State to come under the jurisdiction of this court, to wit:

(A) Title 28, United States Code, Section 1343: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .

3

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. . . ."

In this case, plaintiffs claim that the SEEC's requirement that only certain candidates for public office place their addresses in political advertisements is a denial of equal protection, in addition to being an infringement on their right to freedom of the press. The fact that the Connecticut Supreme Court, in *Seymour v. Elections Enforcement Commission*, 255 Conn. 78, 762 A.2d 880 (2000), *cert. denied*, 533 U.S. 931 (2001), may have upheld the constitutionality of the address requirement is not controlling on this court, because the U.S. Supreme Court chose not to review it, rather then affirm it. [See SEEC Objection dated November 12, 2002, page 2, note 1].

(B) Title 28, United States Code, Section 1367, provides that

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of other parties.* (Emphasis added).

In the present case, the plaintiffs' freedom of the press and equal protection claims are related to their claim for declaratory relief with respect to the SEEC and are part of the same controversy.

There is thus "law" that authorizes this court to exercise its jurisdiction over the SEEC under Article Eleventh, Section 4 of the Connecticut Constitution, and therefore

4

the immunity that the SEEC is claiming under the Eleventh Amendment to the United States Constitution does not exist.

Furthermore, inasmuch as the plaintiffs are not claiming any damages from the SEEC or the State, there is no necessity that any "sovereign immunity" be waived by the Claims Commissioner.  See *Krozser v. New Haven*, 212 Conn. 415, 421, 562 A.2d 1080 (1989), *cert. denied*, 493 U.S. 1036, 110 S.Ct. 757 (1990).

**(B) Common-law sovereign immunity does not exist in Connecticut.**

The Connecticut Supreme Court has often—too often—ruled that the State is immune from suit unless it has consented to be sued.  The "consent" matter is addressed in part (A) above.  However, Connecticut's high court has been consistently wrong since the first time it found that sovereign immunity was part of the common law of Connecticut.  This happened after the Civil War, and was probably due to the Unionist position that the United States were a sovereign nation that could not be broken apart without their consent, that is, without congressional approval.  Almost one hundred years of American history was set aside, and the courts of Connecticut and other States looked to eighteenth century English law, as explained by Sir William Blackstone, who said that the King of Great Britain could not be sued without his consent.  "At common law the doctrine that 'the King could do no wrong' was translated into the rule that the Sovereign cannot be sued in tort without its consent." Wright & FitzGerald, *Connecticut Law of Torts* (Second Ed., 1968), Section 90 (and later editions).

5

The King can do no wrong? On July 4, 1776, the Declaration of Independence, which was signed by four delegates from Connecticut, set forth about two dozen "wrongs" allegedly committed by George III. Thus not only by its Charter (see above at page 2), but in the act of becoming independent from Great Britain, Connecticut did not accept the notion that the King or the "Sovereign" could do no wrong. None of the cases explains how sovereign immunity got into Connecticut law. None specifies that although sovereign immunity was not taken into Connecticut law in July of 1776, that common law had to be changed---which courts can do---for some high purpose. The courts just assumed something that did not exist. As Judge Calabresi observed in 1999, "extremely able judges with the best intentions" can decide an issue incorrectly. *Benjamin v. Jacobson*, 172 F.2d 144, 190 (2d Cir. 1999).

How wrong the Connecticut courts have been is best illustrated in the case of *Begner v. State*, 144 Conn. 282, 285 (1957), in which Justice Raymond Baldwin says,

> While a petition lay for a wide variety of actions, mostly proprietary in nature, it did not lie for torts because of the hoary maxim 'The king can do no wrong.' Street, Governmental Liability, p. 2; *Feather v. The Queen*, 6 Best & Sm. 257, 295, 122 Eng. Rep. 1191. Why legal principles **spawned in feudal England** should be the common law of this republic, we cannot tell. Suffice it to say that they are. (Emphasis added).

Justice Baldwin would have done better to study Connecticut legal history rather than that of England. "Spawned in feudal England"? No, it was "spawned" by

6

Blackstone in the eighteenth century, the same century our Declaration of Independence rejected the notion.

But Justice Baldwin does not stop there. He goes on to quote an opinion by Justice Oliver Wendell Holmes, who had served as a Union officer in the Civil War, in *Kawananakoa v. Polyblank*, 205 U.S. 349, 353, 51 L.Ed. 834, which relies on Roman law to justify sovereign immunity. One principle of Roman law is that the law is what the prince (i.e., the Sovereign) says it is. Well, if you are going to put up a wall protecting the government from liability for wrongdoing, you might as well invoke a form of government that did it very well. Caligula wasn't sued in a Roman court—he had to be murdered by his own soldiers. James II, in 1688, was forced from the English throne. It was this that sparked Blackstone into recognizing sovereign immunity in English law. But these Blackstonian principles were not carried into American law, and certainly not into the law of Connecticut. The Connecticut courts did not modify the common law. They simply did not understand it. It is time for some court to set this straight.

## CONCLUSION

While a federal court cannot correct misguided rulings of a state court as to the meaning of state law, it can require a state to abide by the United States Constitution. There is an avenue for this court to take. Article Eleventh, Section 4 of the Connecticut Constitution provides the way. This court can rule that, based on Connecticut history, Article Eleventh, Section 4 allows the state to be answerable for violating the U. S.

Constitution, under the applicable federal statutes providing for the jurisdiction of this court. The State's objection should be overruled.

PLAINTIFFS

By _____
William T. Barrante
P.O. Box 273
Watertown, CT 06795
(860) 379-9885
Fed. Bar No. CT10677

## CERTIFICATION

I hereby certify that on December 9, 2003, a copy of the foregoing was mailed/hand-delivered to the following:

Mr. Kenneth John Laska
Drawer A, 63 East Main Street
Plainville, CT 06062

Miss Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Miss Karen L. Karpie
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604

Mr. John A. Barbieri
P.O. Box 1445
New Britain, CT 06050

Mr. Charles E. Vermette, Jr.
Litchfield Cavo, Attorneys at Law
40 Tower Lane, Suite 200
Avon, CT 06001

Mr. Paul M. Clyons             Miss Jane R. Rosenburg
Safeco Insurance Company       Asst. Attorney General
P.O. Box 9011                  P.O. Box 120
New Britain, CT 06050-9948     Hartford, CT 06141-0120

_____
William T. Barrante
Attorney for Plaintiffs
Fed. Bar No. CT10677

9