UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL      :      NO.: 302CV1688 (CFD)

v.      :

KATHRYN M. LAWSON, ET AL      :      JANUARY 20, 2004

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

This suit stems from the defendants' filing of a complaint with the State

Elections Enforcement Committee (SEEC) in November of 2001.   In their Second

Amended Complaint, the plaintiffs allege abuse of process, violations of the plaintiffs'

rights as guaranteed by the First and Fourteenth Amendments to the U.S.

Constitution, and malicious prosecution by each of the defendants.

On December 10, 2003, the defendants served the plaintiffs with interrogatories

and requests for production.  The plaintiffs' responses to the same were due on or

before January 9, 2004.  On January 13, 2004, counsel for the defendants attempted

to secure the plaintiffs' compliance with said discovery requests.  See Letter to

Attorney Barrante dated January 13, 2004, attached as **Exhibit A**.  Pursuant to the

discovery order approved by the Court, all discovery, including depositions of party

and fact witnesses is to be completed by March 1, 2004.  Accordingly, the defendants

requested that the plaintiffs comply on or before January 19, 2004, or they would be forced to file the appropriate motions with the Court.  See Id.

Notwithstanding said correspondence, the plaintiffs have failed to comply with the defendants' discovery requests.  Rather, on January 19, 2004, the plaintiff faxed the defendants the unverified interrogatory responses of plaintiff William Cunningham. See William Cunningham's Responses to Discovery Requests, attached as **Exhibit B**.

The information and materials requested by the defendants are directly relevant to the plaintiff's claims, injuries and damages, and are necessary in order to properly depose the plaintiffs in this matter.  The defendants have made good faith efforts to secure the plaintiffs' compliance, and attach an affidavit attesting to the same.  See Affidavit of Beatrice S. Jordan, attached as **Exhibit C**.

WHEREFORE, the defendants respectfully request that this Court issue an order compelling the plaintiffs to comply with the defendants' discovery requests, and

enter sanctions against the plaintiffs for the reasonable costs incurred by the

defendants in the filing of this motion.

> DEFENDANTS,
> WILLIAM PETIT, PATRICK RINGROSE
> and MARLISS PAVANO

> By _Beatrice Jordan_
> Beatrice S. Jordan
> ct22001
> Howd & Ludorf
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 20th day of January, 2004.

William T. Barrante
P.O. Box 273
Watertown, CT 06795

Charles E. Vermette, Jr., Esquire
Deborah E. Roser, Esquire
Melicent B. Thompson, Esquire
Litchfield Cavo
40 Tower Lane
Suite 200
Avon, CT 06001

Paul M. Clyons, Esquire
Law Offices, Heidi Zultowski
700 Stanley Drive
P.O. Box 9011
New Britain, CT 06050-9948

John A. Barbieri, Esquire
18 Cedar Street

P.O. Box 1445
New Britain, CT 06050

Kenneth J. Laska, Esquire
Segal & Laska, LLC
63 East Main Street
Plainville, CT 06062

Karen L. Karpie, Esquire
Murphy and Karpie
350 Fairfield Avenue
Bridgeport, CT 06604

Jane R. Rosenberg, Esquire
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Beatrice S. Jordan

Exhibit
A

Exhibit
B

# RENZULLO & ASSOCIATES
## 65 ELM STREET, P.O. BOX 718
## WINSTED, CT  06098
### TELEPHONE: 860-379-9885
### TELEFAX: 860-738-4906
## FACSIMILE TRANSMITTAL SHEET

| TO: Atty Beatrice S. Jordan | FROM: Atty Wm. Barrante |
|---|---|
| COMPANY: Howd & Ludorf | DATE: 1-19-04 |
| FAX NUMBER: 860-249-7665 | TOTAL NO. OF PAGES INCLUDING COVER: 14 |
| RE: Cassidy v. Lawson | |

NOTES/COMMENTS

Responses of William Cunningham, not yet signed.

## CONFIDENTIALITY NOTE

The document accompanying this telecopy transmission contains information which is confidential, and/or legally privileged and is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this telecopied information is strictly prohibited, and that the document should be returned to this office immediately. If you have received this telecopy in error, please telephone us immediately so that we can arrange for the return of the documents at no cost to you. If you have not received all pages or if there is a failure in transmission of any kind, please call 379-9885.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL.,

       plaintiffs

NO. 302CV1688(CFD)

v.

KATHRYN M. LAWSON, ET AL.,

       defendants

JANUARY 19, 2004

PLAINTIFF CUNNINGHAM'S RESPONSES
TO DEFENDANTS' FIRST SET OF INTERROGATORIES

The plaintiff William E. Cunningham hereby submits his responses to the First Set of Interrogatories directed to him by defendants William Petit, Patrick Ringrose and Marliss Pavano.

PLAINTIFF
WILLIAM E. CUNNINGHAM

By _____
William T. Barrante
P.O. Box 273
Watertown, CT 06795
(860) 379-9885
Fed. Bar No. CT10677

## INTERROGATORIES

1.    State: your name; your date of birth; your residence address; your business address; and your occupation.

**ANSWER:**    William E. Cunningham
                DOB:  8/5/60
                Res.:  37 Pearl Street, Plainville, CT 06062
                Business address:  None.
                Occupation:  unemployed because of work injury

2.    For each election from 1990 through the present in which your were a candidate for public office, provide the following:

    (a)    the date of the election;
    (b)    the office for which you were a candidate;
    (c)    the number of candidates for such office and the number of openings being sought; and
    (d)    whether you were elected.

**ANSWER:**    ~~See attached sheet.xx~~
    (a)    November 6, 2001
    (b)    town councilman, Plainville
    (c)    16
    (d)    not elected

3.    State whether you have now or ever had any association with the *Plainville's Hometown Connection*, and if so, state as to each such association the following:

    (a)    The nature of the association;
    (b)    The date(s) of said association;
    (c)    Whether any exchange of money was involved in said association (for example, were you paid to provide a service or did you pay for a service) and if so, state the date, amount of payment, how said payment was effectuated (whether by check, money order, cash, credit card, or some other form) and to whom said payment was physically made, and where.

4

**ANSWER:**      None.


4.      Did you consult with anyone, or refer to and/or rely upon any written documents before placing the advertisement(s) in the *Plainville's Hometown Connection* which is referred to in your complaint?

**ANSWER:**      Did not consult with any person; received packet of information ffrom the Town Clerk, but this did not give me any input as to placing my address in the ad.


5.      If the answer to the preceding interrogatory is in the affirmative, please state the following:

    (a)      the name, address, title, relationship to you of any such person;

    (b)      a description of each writing or written document you referred to and/or relied upon, and an explanation as to how your attention was directed to said document, including the names of any persons who directed your attention to said documents or written materials.

**ANSWER:**      Packet from State given to all petitioning xxxxxxxxx candidates by Town Clerk.


6.      Prior to November 1, 2001, have you ever had any contact with the State Elections Enforcement Commission, including but not limited to being the subject of a complaint or investigation, initiating a complaint or investigation, or consulting with the Commission for information?

5

**ANSWER:**    No.

7.    If the answer to the preceding interrogatory is in the affirmative, please state the following:

(a)    the nature of each such contact and the dates thereof; and
(b)    whether you submitted or received from the Commission any documentation, written material, applications, etc., and if so provide a description of each document.

**ANSWER:**    N/A

8.    With regard to the political advertisement you purchased in the November 2001 edition of *Plainville's Hometown Connection*, please state the following:

(a)    the date on which said advertisement was purchased;
(b)    the purchase price of said advertisement;
(c)    the manner in which payment was effectuated (e.g. check, money order, cash, credit, etc.);
(d)    to whom said payment was made; and
(e)    who provided you with the money to make the payment.

**ANSWER:**    Objected to.

6

9.    State all facts upon which you base your contention that the defendants'
complaint "was done in conjunction with the defendants' attempt to penalize the
[*Plainville's Hometown Connection*] for publishing the plaintiffs' political
advertisements" as alleged in Count One, paragraph 21 of your Amended Complaint,
and identify all persons who can or will testify regarding these facts.

**ANSWER:**    The defendants also brought bharges to the SEEC
against the corporation that owns the newspaper and its president,
arising out of other ads in the same issue of the paper.  After the
newspaper was absolved, defendant Petit said that he knew "she"
(i.e., Helen Bergenty) would get away with it.
   Witnesses: Helen Bergenty, 8 Stremlau Ave., Plainville, CT;
all the plaintiffs and all the defendants.

10.    Identify, list, and describe all evidence you have and/or intend to
introduce at trial to support your contention that the defendants' complaint "was done
in conjunction with the defendants' attempt to penalize the [*Plainville's Hometown
Connection*] for publishing the plaintiffs' political advertisements" as alleged in Count
One, paragraph 21 of your Amended Complaint, and identify all persons who can or
will testify regarding this evidence.

**ANSWER:**    (a)  The Complaint to the SEEC signed by all defendants;
           (b)  Letter from "Concerned Citizen" to Mrs. Bergenty
threatening to take her and the paper to the IRS for alleged
violations of the tax laws;
           (c) Witnesses:  Helen Bergenty, Jeannette Hinkson,
all the defendants.

11.    State all facts upon which you base your contention that the defendants
brought the complaint to the State Elections Enforcement Commission "both as a
political payback for the plaintiffs' opposition to the Linden Street School Project and
for the purpose of influencing the outcome of both the November, 2001 election and
the Linden Street School Referendum in Plainville" as alleged in Count One,
paragraph 23 of your Amended Complaint, and identify all persons who can or will
testify regarding these facts.

**ANSWER:**    Plaintiff opposed the xkxxxxxxhxtt school project,
and his ad was in the same issue of the newspaper in which other
ads opposing the project appeared.  The complaint was brought to
the SEEC on 11-2-01, several days before the election, and news
about it was published before the election.  All of the plaintiffs
and several of the defendants can testify about this.

7

12.     Identify, list, and describe all evidence you have and/or intend to introduce at trial to support your contention that the defendants brought the complaint to the State Elections Enforcement Commission "both as a political payback for the plaintiffs' opposition to the Linden Street School Project and for the purpose of influencing the outcome of both the November, 2001 election and the Linden Street School Referendum in Plainville" as alleged in Count One, paragraph 23 of your Amended Complaint, and identify all persons who can or will testify regarding this evidence.

**ANSWER:**     (a)  The SEEC Complaint signed by all the defendants;
                (b)  Witnesses:  William E. Cunningham, John J. Cassidy, Henry R. Syskowski, Jr., and all the defendants.


13.     State all facts upon which you base your contention that the defendants' filing of the complaint with the State Elections Enforcement Commission resulted in an abuse of process as alleged in Count One, paragraph 24 of your Amended Complaint, and identify all persons who can or will testify regarding these facts.

**ANSWER:**     See attached sheet.


14.     Identify, list, and describe all evidence you have and/or intend to introduce at trial to support your contention that the defendants' filing of the complaint with the State Elections Enforcement Commission resulted in an abuse of process as alleged in Count One, paragraph 24 of your Amended Complaint, and identify all persons who can or will testify regarding this evidence.

**ANSWER:**     See attached sheet.

8

15.    Separately state each injury you claim to have sustained in connection with the occurrence described in your Amended Complaint.

**ANSWER:**    (a)   Legal expense in defending against the Complaint before the SEEC;  ($325.00)
(b)   Adverse publicity in the Plainville and surrounding communities;
(c)   Abridgement of freedom of the press, as SEEC complaint acted as a penalty for exercising that freedom;
(d)   Loss of one day's work for SEEC hearing--$108.00.

16.    State all facts upon which you base your contention that the defendants' filing of the complaint resulted in an abuse of process, calculated to injure you and which in fact injured you by causing a loss of time and money to defend yourself as alleged in Count One, paragraph 25(c) of your Amended Complaint, and specify:

(a)    what periods of time you are claiming you lost; and
(b)    the amounts of money you are claiming were expended to defend yourself and the dates on which said money was paid, to whom said money was paid and by whom said money was paid; and
(c)    identify all persons who can or will testify regarding these facts.

**ANSWER:**    The SEEC complaint was a legal process, properly submitted to the SEEC on a form provided by the SEEC, but used by defendants as a political tool and a political weapon, a purpose for which it was not intended.
Legal expense to Atty. William Barrante for SEEC hearing April 17, 2002 and brief, $325.00; plus loss of one day's work for that hearing, $108.00; plus uncalculated time in this matter.
Witness:  William E. Cunningham.

17.    State all facts upon which you base your contention the defendants' actions caused damage to your reputation in the community as alleged in Count One, paragraph 25(d) of your Amended Complaint, and state the following:

(a)    the manner in which you learned that your reputation in the community was damaged;
(b)    the names and addresses of all persons you intend to call as witnesses regarding your claim that your reputation in the community was damages; and

9

    (c)    identify and describe all evidence you have and/or intend to introduce at trial in support of your claim that your reputation in the community was damaged, and identify all persons who can or will testify regarding this evidence.

**ANSWER:**    See attached sheet.

18.    State all facts upon which you base your contention that the defendants' actions adversely affected your standings in the November, 2001 election as alleged in Count One, paragraph 25(e) of your Amended Complaint, and state the following:

    (a)    the names and addresses of all persons you intend to call as witnesses regarding your claim that your standing in the November 2001 election was adversely affected; and

    (b)    identify and describe all evidence you have and/or intend to introduce at trial in support of your claim that your standing in the November 2001 election was adversely affected, and identify all persons who can or will testify regarding this evidence.

**ANSWER:**    The plaintiff lost ᴍꜰ the election.  Newspaper x̄ᴀꜱꜱx  accounts that plaintiff had violated the law certainly did not help his election campaign.  Witnesses:  William E. Cunningham and any of the plaintiffs or defendants.

19.    State all facts upon which you base your contention that the defendants' actions injured the you by "intimidating [you] with respect to the exercise of [your] rights to freedom of speech and freedom of the press as protected by the First and Fourteenth Amendments to the United States Constitution" as alleged in Count One, paragraph 25 (f) of your Amended Complaint, and state the following:

    (a)    the manner in which you claim you were intimidated;

    (b)    each act of alleged intimidation, including the dates, times, places, form of intimidation, and the names and addresses of all witnesses to the alleged intimidation.

**ANSWER:**    See attached sheet.

20.    State all facts upon which you base your contention that the defendants "acted willfully and maliciously" as alleged in Count One, paragraph 26 of your Amended Complaint, and state the following:

      (a)    the names and addresses of all persons you intend to call as witnesses regarding your claim that the defendants "acted willfully and maliciously"; and

      (b)    identify and describe all evidence you have and/or intend to introduce at trial in support of your claim that the defendants "acted willfully and maliciously," and identify all persons who can or will testify regarding this evidence.

**ANSWER:**    See attached sheet.

21.    State all facts upon which you base your contention that the "conduct of the defendants William Petit, Patrick Ringrose and Marliss Pavano was done in their capacities in the Town of Plainville" as alleged in Count Two, paragraph 26 of your Amended Complaint, and state the following:

      (a)    the names and addresses of all persons you intend to call as witnesses regarding your claim that the "conduct of the defendants William Petit, Patrick Ringrose and Marliss Pavano was done in their capacities in the Town of Plainville"; and

      (b)    identify and describe all evidence you have and/or intend to introduce at trial in support of your claim that the "conduct of the defendants William Petit, Patrick Ringrose and Marliss Pavano was done in their capacities in the Town of Plainville," and identify all persons who can or will testify regarding this evidence.

11

**ANSWER:**    Defendant William Petit signed the SEEC Complaint as a member of the Plainville Town Council. Defendants Patrick Ringrose and Marliss Pavano signed the Complaint as members of the Board of Education.

Witnesses:  all the ~~plaintix~~ plaintiffs and all the defendants, particularly defendantsn Petit, Ringrose and M. Pavano.

22.    If you claim that as a result of the incident alleged in your Complaint you were prevented from following your usual occupation, or otherwise lost time from work, please provide the following information:

(a)    the name and address of your employer on the date alleged in the Complaint;

(b)    the nature of your occupation and a precise description of your job responsibilities with said employer on the date of incident alleged in the Complaint;

(c)    your average, weekly earnings, salary, or income received from said employment for the year preceding the date of the incident alleged in the Complaint;

(d)    the date following the date of the incident alleged in the Complaint on which you resumed the duties of said employment;

(e)    what loss of income do you claim as a result of the incident alleged in your Complaint and how is said loss computed?

(f)    the dates on which you were unable to perform the duties of your occupation and lost time from work as a result of injuries or conditions claimed to have been sustained as a result of the incident alleged in your Complaint.

**ANSWER:**    Plaintiff lost only one day's work, for the day of the SEEC hearing on April 17, 2002, eight hours at $13.50/hour (total $108.00), for employment at Profitec, 1 Barnes Park Road South, Wallingford, CT 06109.  His loss of time was not due to any physical inability.

23.    State the name(s) and address(es) of all witnesses to the occurrence, and any person(s) who has any knowledge or information regarding the allegations made in your Amended Complaint, identify which of said persons witnessed the occurrence described in your complaint, and indicate which person(s) you expect to call as a witness at the trial of this case.

**ANSWER:**    See attached sheet.


24.    As to each individual named in answer to the preceding interrogatory, state whether to your knowledge, or to the knowledge of your attorney, such individual has given any statement or statements as defined in the Connecticut Practice Book concerning the subject matter of your Complaint or alleged injuries. If your answer to this interrogatory is affirmative, state also:

    (a)    the date on which statement or statements were taken;
    (b)    the names and addresses of the person or persons who took such statement or statements;
    (c)    the names and addresses of any persons present when such statement or statements were taken;
    (d)    whether such statement or statements were written, made by recording device, or taken by court reporter or stenographer;
    (e)    the name and address of each person having custody or a copy or copies of such statement or statements.

**ANSWER:**    N/A


25.    Have you made any statements to any person regarding any of the events or happenings alleged in your Complaint? For purposes of this interrogatory, the term "statement" shall have the same meaning as that adopted in Connecticut Practice Book, §13-1.

**ANSWER:**    No.

26.    State each item of special damages alleged to have been incurred by you as a result of the incident alleged in your Amended Complaint, specifying for each the name of the person or organization to whom each item of expense has been paid or is payable, and the date such expenses were incurred.

**ANSWER:**  (a)  Legal expenses, Atty. William T. Barrante, for SEEC hearing, 4/17/02 and ~~bxxif~~ brief--$325.00

       (b)  Loss~~sf~~ of one day's employment, 4/17/02--$108.00

27.    Identify each person whom the plaintiff expects to call as an expert witness at trial, the subject matter and the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each expert's opinion.

**ANSWER:**    None at this time.

       I have read the foregoing responses to defendants' Interrogatories and they are true to the best of my information and belief.

       Signed this _____ day of January, 2004.

                                    _____
                                    William E. Cunningham

       Subscribed and sworn to this _____ day of January, 2004, before me,

                                    _____
                                    William T. Barrante
                                    Commissioner of the Superior Court

14

**Cassidy v. Lawson**
**U. S. District Court, No. 302CV1688(CFD)**

Responses to Interrogatories (supplemental sheet)

13.  The defendants used a legal process, the SEEC Complaint dated 11-1-01 and the resulting citations of plaintiffs Cassidy, Cunningham, Hinkson and Syskowski to answer their charges before the SEEC, for a purpose not authorized by the statute—as a political tool or weapon.

Witnesses may be the aforesaid plaintiffs plus all the defendants, plus Jeffrey Garfield, executive director of the SEEC, 20 Trinity Street, Hartford, Conn. 06106; Gilberto Oyola, investigator for the SEEC, same address; and, with respect to the plaintiff Hinkson, Assistant Attorney General Susan Quinn Cobb, 55 Elm Street, Hartford, CT 06141-0120.

14.  (a) The SEEC Complaint, signed by the defendants.
  (b) Copy of Agreement Containing Consent Order for Violations of C.G.S. Section 9-333w with respect to plaintiff Henry R. Syskowski, Jr.
  (c) Copy of Certificate of Exemption From Forming Candidate Committee, with respect to plaintiff William E. Cunningham.
  (d) Witnesses: plaintiffs Cassidy, Cunningham, Hinkson and Syskowski, plus all the defendants.

17.  Newspaper accounts of the filing of the SEEC Complaint, in the Hartford Courant and The Herald of New Britain, indicated the plaintiffs Cassidy, Cunningham, Hinkson, and Syskowski, along with Plainville's Hometown Connection, had violated the law. This could have only an adverse impact on their reputations.  Witnesses: plaintiffs Cassidy, Cunningham, Hinkson and Syskowski.

Also, people speaking before the Plainville Town Council still refer to plaintiffs as the "rule breakers" and accuse them, falsely, of trying to have the Town pay any damages that may have to be paid to defendants Petit, Ringrose and Marliss Pavano.

Witnesses:  all the plaintiffs; Helen Bergenty, chairman, Plainville Town Council.

19. The act of intimidation was the filing of the SEEC Complaint dated November 1, 2001,  which resulted in plaintiff's having the defend against the defendants' charges before the SEEC for an activity that is protected by the First and Fourteenth Amendments to the U. S. Constitution (freedom of the press).

Cassidy v. Lawson (supplemental response sheet, page 2)


Witnesses: plaintiffs Cassidy, Cunningham, Hinkson and Syskowski, plus Helen Bergenty, president of Plainville's Hometown Connection, and, with respect to plaintiff Hinkson, Assistant Attorney General Susan Quinn Cobb, 55 Elm Street, Hartford, CT 06141-0120.


20.  The defendants' conduct in signing and filing the SEEC Complaint was deliberate and planned, and the purpose of the defendants, or the bulk of them, acting in concert, was to harm both the plaintiffs and the Hometown Connection newspaper, which stood as a threat to defendants' political success in the November 2001 election and referendum. The evidence is the SEEC Complaint and the fact that the plaintiffs had to answer before a state agency that had the power to exact monetary penalties against them.

Witnesses: plaintiffs Cassidy, Cunningham, Hinkson and Syskowski; Helen Bergenty, president of Plainville's Hometown Connection; Jeffrey Garfield, executive director of the SEEC, 20 Trinity Street, Hartford, CT 06106; and, with respect to plaintiff Hinkson, Assistant Attorney General Susan Quinn Cobb, 55 Elm Street, Hartford, CT 06141-0120.

23.    (a) All the plaintiffs;
       (b) All the defendants;
       (c) Helen Bergenty, president, Plainville's Hometown Connection;
       (d) Jeffrey Garfield, executive director, State Elections Enforcement Commission, 20 Trinity Street, Hartford, CT 06106;
       (e) Gilberto Oyola, investigator, SEEC, same address;
       (f) Susan Quinn Cobb, Assistant Attorney General, 55 Elm Street, Hartford, CT 06141-0120.

Exhibit
C

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN J. CASSIDY, ET AL | : | NO.: 302CV1688 (CFD) |
| | : | |
| v. | : | |
| | : | |
| KATHRYN M. LAWSON, ET AL | : | JANUARY 20, 2004 |

### <u>A F F I D A V I T</u>

I, Beatrice S. Jordan, being duly sworn, depose and say:

1.   I am over eighteen years of age;

2.   I believe in the obligation of an oath;

3.   I an the attorney for the defendants herein;

4.   That on December 10, 2003, the defendants served Interrogatories and Requests for production upon the plaintiffs, John J. Cassidy, William Cunningham, John Mastrianni, Jeannette Hinkson and Henry Syskowski;

5.   The plaintiffs' compliance was due on or before January 9, 2004;

6.   On January 7, 2003, the plaintiffs filed objections to two (2) interrogatories and two (2) requests for production;

7.   The plaintiffs failed to comply with the remainder of the defendants' discovery requests on January 9, 2004;

8.   On January 13, 2004, the undersigned advised counsel for the plaintiffs, by way of correspondence, that the defendants would be forced to file motions with the Court should the plaintiffs fail to comply with the discovery requests on or before January 19, 2004 (See **Exhibit A**);

9.   On January 19, 2004, counsel for the plaintiffs faxed the defendants the unverified responses of plaintiff William Cunnignham (See **Exhibit B**);

10.   To date, the plaintiffs have not provided the defendants with complete, verified responses to the defendants' discovery requests.

_____
Beatrice S. Jordan

STATE OF CONNECTICUT    )
                        )  ss:       Hartford
COUNTY OF HARTFORD      )


Subscribed and sworn to before me this 20th day of January, 2004.

_____
Commissioner of the Superior Court

2