UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL.,                    NO. 3:02cv1688(CFD)

        Plaintiffs

v.

KATHRYN M. LAWSON, ET AL.,

        Defendants                    AUGUST 26, 2004

**PLAINTIFFS' MEMORANDUM OF LAW
IN RESPONSE TO OBJECTION OF JEFFREY B. GARFIELD'S
OBJECTION TO BEING JOINED AS DEFENDANT**

The plaintiffs have moved to join Jeffrey B. Garfield, executive director of the Connecticut State Elections Enforcement Commission (SEEC), as a defendant in this case (in lieu of joining the SEEC itself) and adding a Ninth Count to their action. The plaintiffs have also move to amend certain items in the First to the Eighth Counts. Mr. Garfield, acting by the Attorney General, has filed an Objection dated July 16, 2004.

Inasmuch as the existing defendants have not objected to the proposed Substitute Third Amended Complaint, and the Attorney General has not objected to them, the various amendments to the other counts should be allowed. If the court sustains Mr. Garfield's Objection, then the plaintiffs should be allowed to file a Third Amended Complaint with respect to the other counts.

**I.    BACKGROUND**

In this action the plaintiffs Cassidy, Cunningham and Syskowski, who were petitioning candidates for the Plainville Town Council in the November 2001 election,

each placed a political ad in the November 2001 issue of Plainville's Hometown Connection, a monthly newspaper. Their ads had the notation "Paid for by [name of the candidate]" but did not include any address. Defendants brought a complaint to the SEEC alleging violation of C.G.S. Section 9-333w. The complaint extended to a "get out and vote" notice placed in the same edition of the newspaper by plaintiff Hinkson, an official of the newspaper. In a separate count (Third Count), plaintiff Mastrianni brings a libel action against defendant Ciesielski. The SEEC found that Messrs. Cassidy and Cunningham violated Section 9-333w. Plaintiff Syskowski alleges that the SEEC persuaded him to acknowledge that he violated Section 9-333w.

Plaintiffs Cassidy, Cunningham and Syskowski allege abuse of process against all the defendants. They allege violation of rights to freedom of the press in a Section 1983 claim against defendants Petit, Ringrose and Marliss Pavano, who signed the SEEC complaint in their capacities as public officials. Plaintiff Hinkson brings the same claims, but adds a claim for malicious prosecution because the SEEC absolved her of any wrongdoing.

A major issue in this case is interpretation of Section 9-333w(a), which states:

> "No **individual** shall make or incur any expenditure **with the cooperation or at the request or suggestion of, or in consultation with** any candidate, candidate committee or candidate's agent, and **no candidate** or committee shall make or incur an expenditure for any written, typed or other printed communication which promotes the success or defeat of any candidate's campaign for nomination at a primary or election or solicits funds to benefit any political party or committee unless such communication bears upon its face the words "paid for by" and the

2

following: (1) In the case of **such an individual**, the name and address of **such individual**; (2) in the case of a committee other than a party committee, the name of the committee and its campaign treasurer; or (3) in the case of a party committee, the name of the committee.

The plaintiffs contend that "such an individual" refers to the "individual" in the first sentence of the statute, i.e., a non-candidate who places a political ad on behalf of a candidate in conjunction with that candidate. Mr. Garfield contended that "such an individual" includes the candidate. In this case, the plaintiffs are asking the court to interpret the meaning of "such an individual" in light of the First Amendment and ordinary rules of statutory interpretation. Plaintiffs believe, therefore, that it would be proper to have, if not the SEEC itself (because of possible Eleventh Amendment immunity), an official of the SEEC as a party defendant who can present the SEEC's position.

**II.    ARGUMENT**

**A. No Money Damages Are Being Claimed Against Jeffrey Garfield.**

The Attorney General claims 11th Amendment immunity for Mr. Garfield on the mistaken belief that the plaintiffs seek damages against him. Paragraph 5 of the prayer for relief in the Substitute Third Amended Complaint seeks a declaratory judgment as to the proper interpretation of C.G.S., Section 9-333w(a) The Ninth Count does not allege any financial losses caused by Mr. Garfield or the SEEC. Plaintiffs make no Section 1983 claim against Mr. Garfield. Thus, any 11th Amendment immunity is immaterial to the Ninth Count, as is absolute or qualified immunity (see II.B of Mr. Garfield's

3

argument, at page 4) because plaintiffs do not seek monetary damages against him.

**B. Jeffrey Garfield Is A Proper Defendant.**

The Attorney General asserts (Memorandum, pp. 8 ff.) that Mr. Garfield, as executive director of the SEEC, is not a proper defendant because he is not a **member** of the SEEC. However, Mr. Garfield recommended, in the cases of Cassidy and Cunningham, that the SEEC accept the findings of the hearing officer. Therefore, his interpretation of C.G.S. Section 9-333w(a) was an essential element or component of the SEEC ruling against plaintiffs Cassidy and Cunningham.

The Attorney General claims incorrectly that "Mr. Garfield has no authority to enforce" Section 9-333w(a), but the SEEC relied on his recommendation that they adopt the hearing officers' respective findings, that Mr. Cassidy and Mr. Cunningham violated Section 9-333w(a) by failing to place an address in their respective political ads. He thus, within the meaning of *Ex Parte Young*, 209 U.S. 123, 157 (1908), had "some connection with the enforcement of" Section 9-333w(a). Mr. Garfield's job is enforcement of the election statutes.

There are cases in Connecticut where the Governor (the "executive director" of the State), who is not personally responsible for drawing school district lines, has been the principal defendant in constitutional challenges to school funding and the racial makeup of public schools. See, e.g., *Horton v. Meskill*, 172 Conn. 615 (1977).

In their original motion, plaintiffs sought to add the SEEC as a defendant. The SEEC, acting by the Attorney General, objected on Eleventh Amendment grounds, and

4

cited the case of *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1 (2d Cir. 1993), in which both Mr. Googins, as Connecticut's insurance commissioner, and the state insurance department were defendants. The district court granted summary judgment for both defendants on Eleventh Amendment grounds. The Court of Appeals affirmed with respect to the insurance department but reversed as to Mr. Googins, saying, at page 4:

> The Eleventh Amendment bars suits against state agencies, such as the Connecticut Department of Insurance, absent a waiver of immunity. *E.g., Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). This court therefore lacks jurisdiction over plaintiffs' claims against the Department of Insurance. However, under the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), we have jurisdiction over defendant Googins.

Mr. Garfield is therefore a proper defendant in this case, which seeks not to enjoin the SEEC from enforcing any statute but simply a declaratory ruling on the meaning of a statute, which it is Mr. Garfield's role to interpret for the SEEC.

### C. Plaintiffs' Motion To Add A Claim For Declaratory Relief Falls Within The Exception of *Ex Parte Young* And Is Not Barred By The *Rooker-Feldman* Doctrine.

The Attorney General's assertion that plaintiffs' declaratory judgment claim is barred because it is retrospective fails because that argument applies only when that retrospective declaratory relief is coupled with a claim for damages against the State. The Attorney General cites *Ward v. Thomas*, 207 F.3d 114 (2d Cir. 2000), but *Ward*, at page 119, makes it clear that the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), was

5

concerned about retrospective **damage** claims.

> The line between prospective and retrospective relief is drawn because "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law," whereas "compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." Accordingly, suits against states and their officials **seeking damages for past injuries** are firmly foreclosed by the Eleventh Amendment.

*Ward*, 207 F.3d at 119.

Thus, *Ex Parte Young* does not bar Mr. Garfield's being added as a defendant in this case solely for the purpose of interpreting a state statute.

The Attorney General also asserts (Memorandum, page 11) that the proposed Ninth Count is barred by the *Rooker-Feldman* doctrine because the Connecticut Supreme Court has upheld the constitutionality of Section 9-333w(a) in *Seymour v. Elections Enforcement Commission*, 255 Conn. 78, 762 A.2d 880 (2000), *cert. denied*, 533 U.S. 931 (2001) and a judgment for plaintiffs in the Ninth Count would amount to the reversal or modification of a state court judgment. *Rooker-Feldman*, however, does not apply in this case. The Connecticut Supreme Court in *Seymour* ruled that Section 9-333w(a), including the address requirement, was constitutional. It did not rule on the precise issue raised in this case—whether the word "individual" in Section 9-333w(a) means only an individual who purchases a political ad in conjunction with a candidate or whether "individual" includes the candidate himself or herself. In *Seymour* the plaintiff had placed no attribution whatsoever in her ad. The Supreme Court did not even have to

6

reach the address issue. In the instant case the court is being asked not whether a state may require a candidate to specify who paid for his political ad, but whether the statute in fact requires only one class of candidates to place addresses in their ads when the statute itself does not so specify. Because Section 9-333w(a) affects First Amendment rights, it must be construed as narrowly as possible to carry out its purpose. And because a petitioning candidate must file a certificate that has his address on it, the SEEC can do any investigation of a candidate, as was done here, without the necessity of an address appearing in any candidate's advertisement.

Under Title 28 U.S.C., Section 1331, this court has subject matter jurisdiction to render an opinion in a matter arising under the Constitution, including a question arising under the First Amendment. *Parker v. Merlino*, 646 F.2d 848, 852 (3d Cir. 1981).

## III. CONCLUSION

The court may add Jeffrey Garfield as a defendant for the purposes of interpreting Section 9-333w(a) of the Connecticut General Statutes. If, however, the court finds that Mr. Garfield should not be joined, then the court should allow the amendments sought by plaintiffs in the other counts of the complaint.

PLAINTIFFS

By /s/ William T. Barrante
William T. Barrante
P.O. Box 273
Watertown, CT 06795
(860) 379-9885
Fed. Bar No. CT10677

CERTIFICATION

I hereby certify that on August 30, 2004, a copy of the foregoing was mailed to the following:

Mr. Kenneth John Laska
Drawer A, 63 East Main Street
Plainville, CT 06062

Miss Karen L. Karpie
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604

Mr. Charles E. Vermette, Jr.
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, CT 06001

Miss Jane R. Rosenberg
Assistant Attorney General
P.O. Box 120
Hartford, CT 06141-0120

Miss Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Mr. John A. Barbieri
P.O. Box 1445
New Britain, CT 06050

Mr. Paul M. Clyons
P.O. Box 9011
New Britain, CT 06050-9948

William T. Barrante
Attorney for Plaintiffs
Fed. Bar No. CT10677

8