STATE OF CONNECTICUT

STATE ELECTIONS ENFORCEMENT COMMISSION

| | |
|---|---|
| In the Matter of a Complaint by<br>Kathryn Lawson, et al, Plainville | Final Decision |
| Respondent: John J. Cassidy | File No. 2001-222C<br>July 17, 2002 |

## FINAL DECISION

The above-captioned matter was heard as a contested case on June 20, 2002, pursuant to Chapter 54 of the Connecticut General Statutes, Section 9-7b of the Connecticut General Statutes, and Section 9-7b-35 of the Regulations of Connecticut State Agencies. The State, represented by Albert P. Lenge, Esq., and the Respondent, John J. Cassidy, appeared, stipulated to certain facts and exhibits, and presented further testimony, exhibits and argument on the complaint.

After consideration of the entire record, the following facts are found and conclusions of law are made:

1. It is stipulated that the Respondent, John J. Cassidy, was a petitioning candidate for the office of Town Council in the November 6, 2001 municipal election held in the Town of Plainville.

2. It is stipulated that the Respondent self-funded his campaign and took no contributions from other sources.

3. It is found that the Respondent placed an advertisement in support of his candidacy in the November 2001 edition of *Plainville's Hometown Connection*, a local community newspaper. The advertisement, which appeared on page 19, included his picture, an explanation of issues important to him and that the town needed change, as well as an exhortation to "Vote 2C," presumably the Respondent's ballot position in the November 6, 2001 municipal election.

4. It is further found that the Respondent paid $75 for the advertisement with his own personal check.

5. It is further found that the advertisement included an attribution indicating that it was "Paid for by Jack J. Cassidy."

6. Connecticut General Statutes §9-333w(a) provides:

    (a) No individual shall make or incur any expenditure with the cooperation of, at the request or suggestion of, or in consultation with any candidate, candidate committee or candidate's agent, and *no candidate* or committee *shall make or incur any expenditure for any written, typed or other printed*

**EXHIBIT I**

*communication which promotes the success or defeat of any candidate's campaign for nomination at a primary or election* or solicits funds to benefit any political party or committee *unless such communication bears upon its face the words "paid for by" and the following: (1) In the case of such an individual, the name and address of such individual*; (2) in the case of a committee other than a party committee, the name of the committee and its campaign treasurer; or (3) in the case of a party committee, the name of the committee. [Emphasis added.]

7. The State alleges that the Respondent violated Connecticut General Statutes §9-333w(a) by omitting his address from the attribution included with his advertisement.

8. The Respondent maintains that he never placed his address on any other advertisements he had placed in connection with any of his prior campaigns, that he never understood that the law required such an address, and that he reviewed the materials sent to him by the Secretary of the State's office and still believes that the address is unnecessary if the individual paying for the advertisement is also a candidate.

9. The Commission has always applied § 9-333w to require a candidate who self funds a campaign advertisement to include the words "Paid for by", the candidate's name *and* address.

10. In addition, the attribution requirement contained in Connecticut General Statutes §9-333w(a) was subjected to strict scrutiny under a First Amendment analysis in Seymour v. Elections Enforcement Commission, 255 Conn. 78 (2000), and found to be constitutional. In relevant part, the State Supreme Court concluded:

> ...[T]he plaintiffs' contention that the statute's address requirement is not sufficiently narrow and impedes one's right to anonymity is groundless. . . The address requirement adds a level of identification in order to increase accountability. Although public officials are not required to disclose their personal information, their office contact information is public knowledge. One of the foundations of our democratic society is that citizens have the opportunity to contact their public officials and representatives directly through telephone calls and letters to the appropriate office. The disclosure statute allows for the same opportunity. Section 9-333w(a) requires only that an address be listed. It does not require a personal or home address. By mandating that an address be listed on distributions falling within its ambit, §9-333w(a) increases accountability, provides for contact information, and augments the likelihood of gaining a proper identification of the payor. We therefore conclude that the address requirement contained in §9-333w(a) does not render the statute overbroad. . .[and] is narrowly tailored to serve compelling state interests, and is therefore valid and enforceable. . . . Id. at 101-102.

11. It is concluded that by failing to include his address in the attribution indicating who paid for the advertisement described in paragraph 3, above, the Respondent violated Connecticut General Statutes §9-333w(a).

12. Due to the fact that the Respondent has run for elected office in the past, he should have known of the requirements of § 9-333w (a), or should have contacted the Commission for advice.

13. A violation of Connecticut General Statutes §9-333w(a) is subject to a civil penalty of up to $2,000, or twice the amount of an improper expenditure, pursuant to Connecticut General Statutes §9-7b(a)(2). However, since there was an honest misinterpretation of the law by the Respondent, a civil penalty is not recommended.

The following order is hereby recommended on the basis of the record in the above-captioned complaint:

### ORDER

The Respondent shall henceforth strictly comply with the requirements of Connecticut General Statutes §9-333w(a) concerning attribution requirements on campaign literature.

Adopted by order of the State Elections Enforcement Commission on July 17, 2002

Lois E. Blackburn
Clerk of the Commission

I certify the proceeding notice and final decision were sent to Respondent John J. Cassidy, 7 Florence Lane, Plainville, CT 06062, certified and regular mail, on July 17, 2002.

Lois E. Blackburn
Clerk of the Commission