STATE OF CONNECTICUT

STATE ELECTIONS ENFORCEMENT COMMISSION

In the Matter of a Complaint by
Kathryn Lawson, et al, Plainville

Final Decision

Respondent: William Cunningham

File No. 2001-222B
May 15, 2002

## FINAL DECISION

The above-captioned matter was heard as a contested case on April 17, 2002, pursuant to Chapter 54 of the Connecticut General Statutes, Section 9-7b of the Connecticut General Statutes, and Section 9-7b-35 of the Regulations of Connecticut State Agencies. The State, represented by Albert P. Lenge, Esq., and the Respondent, William Cunningham, represented by William T. Barrante, Esq., appeared, stipulated to certain facts and exhibits, and presented further testimony, exhibits and argument on the complaint.

After consideration of the entire record, the following facts are found and conclusions of law are made:

1. It is found that the Respondent, William Cunningham, was a petitioning candidate for the office of Town Council in the November 6, 2001 municipal election held in the Town of Plainville.

2. It is found that the Respondent filed a certificate of exemption from forming a candidate committee (B-4 form) with the Plainville Town Clerk on September 4, 2001, indicating that he did not intend to receive or expend more than $500 from sources other than his own personal funds.

3. It is found that the Respondent placed an advertisement in support of his candidacy in the November 2001 edition of *Plainville's Hometown Connection*, a local community newspaper. The advertisement, which appeared on page 19, included his picture, an explanation of why he was running for Town Council and what he hoped to accomplish, as well as an exhortation to "Vote 5C," presumably the Respondent's ballot position in the November 6, 2001 municipal election.

4. It is further found that the Respondent paid $75 cash for the advertisement, which included an attribution indicating that it was "Paid for by William Cunningham."

5. Connecticut General Statutes §9-333w(a) provides:

# EXHIBIT J

(a) No individual shall make or incur any expenditure with the cooperation of, at the request or suggestion of, or in consultation with any candidate, candidate committee or candidate's agent, and *no candidate* or committee *shall make or incur any expenditure for any written, typed or other printed communication which promotes the success or defeat of any candidate's campaign for nomination at a primary or election* or solicits funds to benefit any political party or committee *unless such communication bears upon its face the words "paid for by" and the following: (1) In the case of such an individual, the name and address of such individual*; (2) in the case of a committee other than a party committee, the name of the committee and its campaign treasurer; or (3) in the case of a party committee, the name of the committee. [Emphasis added.]

6. The State alleges that the Respondent violated Connecticut General Statutes §9-333w(a) by omitting his address from the attribution included with his advertisement.

7. The Respondent maintains that applying the address requirement to the attribution of a petitioning candidate violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because the major party candidates whose advertisements were featured in another section of the paper did not include their address.

8. The Commission lacks the authority to make a constitutional determination. Nevertheless, the Respondent's argument misconstrues the statute: Connecticut General Statutes §9-333w(a) does not treat candidates differently based upon their party affiliation or endorsement, but rather based upon the sponsorship of the ad. An advertisement paid for by a candidate committee, political committee or party committee, which the Respondent chose not to form, simply has a different attribution requirement than a candidate acting alone. The choice of funding vehicle for a candidate's campaign is entirely up to the candidate, and the statute does not impose a different requirement based upon whether a candidate is endorsed by a major party or petitions to appear on the ballot.

9. In addition, the attribution requirement contained in Connecticut General Statutes §9-333w(a) was subjected to strict scrutiny under a First Amendment analysis in <u>Seymour v. Elections Enforcement Commission</u>, 255 Conn. 78 (2000), and found to be constitutional. In relevant part, the State Supreme Court concluded:

> ...[T]he plaintiffs' contention that the statute's address requirement is not sufficiently narrow and impedes one's right to anonymity is groundless... The address requirement adds a level of identification in order to increase accountability. Although public officials are not required to disclose their personal information, their office contact information is public knowledge. One of the foundations of our democratic society is that citizens have the opportunity to contact their public officials and representatives directly

through telephone calls and letters to the appropriate office. The disclosure statute allows for the same opportunity. Section 9-333w(a) requires only that an address be listed. It does not require a personal or home address. By mandating that an address be listed on distributions falling within its ambit, §9-333w(a) increases accountability, provides for contact information, and augments the likelihood of gaining a proper identification of the payor. We therefore conclude that the address requirement contained in §9-333w(a) does not render the statute overbroad. . .[and] is narrowly tailored to serve compelling state interests, and is therefore valid and enforceable. . . . Id. at 101-102.

10. It is concluded that by failing to include his address in the attribution indicating who paid for the advertisement described in paragraph 3, above, the Respondent violated Connecticut General Statutes §9-333w(a).

11. A violation of Connecticut General Statutes §9-333w(a) is subject to a civil penalty of up to $2,000, or twice the amount of an improper expenditure, pursuant to Connecticut General Statutes §9-7b(a)(2). However, since there was no deception or confusion concerning the sponsorship of the ad, which clearly indicated that the Respondent was the sponsor, a civil penalty is not recommended.

The following order is hereby recommended on the basis of the record in the above-captioned complaint:

## ORDER

The Respondent shall henceforth strictly comply with the requirements of Connecticut General Statutes §9-333w(a) concerning attribution requirements on campaign literature.

Adopted by order of the State Elections Enforcement Commission on May 15, 2002.

*Lois E. Blackburn*
Lois E. Blackburn
Clerk of the Commission

I certify the proceeding notice and final decision were sent to Respondent's Council Attorney William T. Barrante, Collins House, P.O. Box 273, Watertown, CT 06795, certified and regular mail, on May 15, 2002.

*Lois E. Blackburn*
Lois E. Blackburn
Clerk of the Commission