FROM : HENRY SYSKOWSKI          FAX NO. : 860-747-0851          Feb. 19 2002 03:09PM  P4

PAGE 02/04

## STATE OF CONNECTICUT
## STATE ELECTIONS ENFORCEMENT COMMISSION

In The Matter of a Complaint by
Kathryn M. Lawson, et. al., Plainville                    File No. 01-222

### AGREEMENT CONTAINING CONSENT ORDER FOR VIOLATIONS OF CONNECTICUT GENERAL STATUTES § 9-333w

This agreement, by and between Henry R. Syskowski, Jr., of 133 Pickney Avenue, Town of Plainville, County of Hartford, hereinafter referred to as Respondent, and the authorized representative of the State Elections Enforcement Commission, is entered into in accordance with Section 9-7b-54 of Regulations of Connecticut State Agencies and Section 4-177(c) of the General Statutes of Connecticut. In accordance herewith, the parties agree that:

1. Respondent was a petitioning candidate for Councilman for the City of Plainville for the November 6, 2001 municipal elections.

2. Respondent placed an advertisement (ad) promoting his candidacy for Town Council on the November 2001 edition, page 19, of a newspaper, which circulates in Plainville known as the "Hometown Connection".

3. The aforementioned ad, in addition to displaying the photograph of the candidate, included language such as: "Town Council Candidate: Henry (Hank) Syskowski", "I believe that honesty and integrity should be instilled once again to our town government. I believe I can bring all of this to the Town Council", and "Vote Line 1C".

4. The ad contained the words "paid for by" and the name of the candidate but failed to include his residence address.

5. Connecticut General Statutes §9-333w provides, in pertinent part:

    (a) No individual shall make or incur any expenditure with the cooperation of, at the request or suggestion of, or in consultation with any candidate, candidate committee or candidate's agent, and no **candidate** or committee shall make or incur **any expenditure for any written, typed or other printed communication which promotes the success or defeat of any candidate's campaign for nomination at a primary or election or solicits funds to benefit any political party or committee unless such communication bears upon its face the words "paid for by" and the following: (1) in the case of such an individual, the name and address of such individual;** (2) in the case of a committee other than a party committee, the name of the committee and its campaign treasurer; or (3) in the case of a party committee, the name of the committee.

# EXHIBIT M

FROM : HENRY SYSKOWSKI   FAX NO. : 860-447-0892   Feb. 19 2002 03:09PM P5
PAGE 03/04

6. Connecticut General Statutes §9-333a(10) defines "Candidate" as "an <u>individual</u> who seeks nomination for election or election to public office whether or not such <u>individual</u> is elected, and for the purposes of this chapter an <u>individual</u> shall be deemed to seek nomination for election or election if he has (A) been endorsed by a party or become eligible for a position on the ballot at an election or primary or (B) solicited or received contributions or made expenditures or given his consent to any other person to solicit or receive contributions or make expenditures with the intent to bring about his nomination for election or election to any such office.

7. Respondent filed a Certification of Exemption from Forming a Candidate Committee, Form B-4, and notified Town Clerk that he would be funding his campaign entirely from his own personal funds.

8. Respondent made the expenditure for the ad, and therefore was under a legal obligation to ensure that it included the words "paid for by" followed by his name and his residence address.

9. It is concluded that Respondent violated §9-333w, Connecticut General Statutes, by failing to include the proper attribution in the above-mentioned advertisement.

10. The Commission finds that Respondent's violation was unintentional.

11. Respondent admits all jurisdictional facts and agrees that this agreement and Order shall have the same force and effect as a final decision and Order entered after a full hearing and shall become final when adopted by the Commission. Respondent shall receive a copy hereof as provided in Section 9-7b-56 of the Regulations of Connecticut State Agencies.

12. It is understood and agreed that this agreement will be submitted to the Commission at its next meeting and, if the Commission does not accept it, it is withdrawn by the Respondent and may not be used as an admission in any subsequent hearing, if the same becomes necessary.

13. Respondent waives:

    (a) Any further procedural steps;
    (b) The requirement that the Commission's decision contain a statement of findings of fact and conclusions of law, separately stated; and
    (c) All rights to seek judicial review or otherwise to challenge or contest the validity of the Order entered into pursuant to this agreement.

14. Upon the Respondent's compliance with the Order hereinafter stated, the Commission shall not initiate any further proceedings against him pertaining to this matter.

## ORDER

The following IS HEREBY ORDERED on the basis of the aforementioned violation:

That Respondent shall henceforth strictly comply with the requirements of Connecticut General Statutes, §9-333w.

For the State Elections Enforcement Commission:

Dated: February 20, 2002     BY: _____
Albert P. Lenge, Esq.
Deputy Director and Assistant General Counsel
and Authorized Representative of the State
Elections Enforcement Commission
20 Trinity Street
Hartford, Connecticut

The Respondent:

Dated: February 19, 2002     BY: _____
Henry R. Syskowski, Jr.
133 Pickney Avenue
Plainville, Connecticut

Adopted this 20th day of February, 2002 at Hartford, Connecticut.

_____
Alice W. Lynch
Chairman
By Order of the Commission