STATE OF CONNECTICUT
STATE ELECTIONS ENFORCEMENT COMMISSION

In the Matter of a Complaint by
Kathryn M. Lawson et al, Plainville

File No. 01-222

**FINDINGS AND CONCLUSIONS**

Complainants brought this complaint on November 2, 2001 pursuant to §9-7b, General Statutes alleging potential violations of §§9-333w and 9-333d in connection with the municipal elections to be held in Plainville on November 6, 2001. Specifically, the alleged violation involved a political advertisement that was published regarding that election in the November 2001 edition of the Hometown Connection.

After the investigation of the Complainant's complaint, the Commission makes the following findings and conclusions:

1. The complaint referred to a newspaper advertisement, which was published in the November 2001 edition of the Hometown Connection, a monthly newspaper covering the town of Plainville. The complainants indicated that the advertisement failed to include the proper attribution and that the committee claiming responsibility ("Someone Who Cares") for the ad failed to file registration papers with the Town Clerk. The ad was attributed to an individual named Jeanette Hinkson who is the Vice-president/Editor of the Hometown Connection newspaper.

2. Connecticut General Statutes §9-333w, provides in pertinent part:

   (a) No individual shall make or incur any expenditure with the cooperation of, at the request or suggestion of, or in consultation with any candidate, candidate committee or candidate's agent, and no candidate or committee shall make or incur any expenditure for any written, typed or other printed communication which promotes the success or defeat of any candidate's campaign for nomination at a primary or election or solicits funds to benefit any political party or committee unless such communication bears upon its face the words "paid for by" and the following: (1) In the case of such an individual, the name and address of such individual; (2) in the case of a committee other than a party committee, the name of the committee and its campaign treasurer; or (3) in the case of a party committee, the name of the committee.

3. Connecticut General Statutes §9-333d, provides in pertinent part:

   (d) Except with respect to an individual acting on his own, no contributions may be made, solicited or received and no expenditures may be made, directly or indirectly, in aid of or in opposition to the candidacy for nomination or election of any individual or any party or referendum question, unless (1) the candidate or chairman of the committee has filed a designation of a campaign treasurer and a depository institution situated in this state as the depository for the committee's funds or (2) the candidate or, in the event of a

**EXHIBIT Q**

    referendum question, a group of individuals has filed a certification in accordance with the provisions of section 9-333f or 9-333g, as the case may be. In the case of a political committee, the filing of the statement of organization by the chairman of such committee, in accordance with the provisions of section 9-333g shall constitute compliance with the provisions of this subsection.

4.     The ad did not advocate in favor of or against any candidate or political party, but rather urged electors to go and vote "for the person you feel will represent you."

5.     It is therefore concluded that there were no violations of §§9-333w and 9-333d with respect to the purchase of the subject advertisement by Ms. Hinkson.

## ORDER

The following Order is recommended on the basis of the aforementioned finding:

That the complaint be dismissed.

Adopted this 20th day of Feb., 2002 at Hartford, Connecticut.

                                                    Alice W. Lynch
                                                    Chairman
                                                    By Order of the Commission