UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CASSIDY, WILLIAM CUNNINGHAM, JOHN MASTRIANNI, JEANNETTE HINKSON<br><br>    Plaintiffs,<br><br>                    v.<br><br>KATHRYN M. LAWSON, DEAN A. RUSTIC, DAVID UNDERWOOD, DANIEL CIESIELSKI, WILLIAM PETIT, PATRICK RINGROSE, MARLISS PAVANO, RONALD PAVANO, SR., BARBARA WILLARD and GARY WILLARD<br><br>    Defendants. | CIVIL ACTION NO. 3:02CV1688(CFD)<br><br><br>SEPTEMBER 7, 2004 |

## **LOCAL RULE 56(a)1 STATEMENT**

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendant, Kathryn Lawson, respectfully submits the following statement of undisputed material facts in support of her Motion for Summary Judgment:

1.   Plaintiffs John J. Cassidy, William Cunningham and Henry Syskowski, were petitioning candidates in the Plainville November 2001 municipal election.  (See Second Amended Complaint, Count One, ¶14; Count Seven, ¶14.)

2.   In support of their campaigns, the plaintiffs, John Cassidy, William Cunningham and Henry Syskowski purchased separate political advertisements, which appeared in the November 2001 edition of Plainville's Hometown Connection. (See Second Amended Complaint, Count One, ¶16; Count Seven, ¶16.)

3.   The political advertisements purchased by plaintiffs John Cassidy, William Cunningham and Henry Syskowski contained the attribution, "Paid for by" with their respective

names, but did not include their addresses. (See Second Amended Complaint, Count One, ¶17; Count Seven, ¶17.)

4. On November 2, 2001, the defendants filed a complaint with the Connecticut State Elections Enforcement Committee (hereinafter referred to as "SEEC"), alleging violations of the election laws, including the failure of petitioning candidates to include their addresses in their political advertisements. (See SEEC Complaint dated November 1, 2001, attached as **Exhibit A**.).[1]

5. Prior to filing the complaint, the SEEC advised the defendants to file a complaint attaching everything they believed may be a violation of the election laws. (See Deposition Transcript of Kathryn Lawson, dated June 29, 2004, attached as **Exhibit B**, at p.18.)

6. The SEEC further advised the defendants to file a single group complaint rather than several individual complaints if there were multiple citizens with similar concerns. (See Deposition Transcript of Kathryn Lawson, **Exhibit B**, at pp.53-54.)

7. The defendants filed the complaint with the SEEC solely because they believed that there were violations of the election laws. (See Affidavit of William Petit, attached as **Exhibit C**; Affidavit of Patrick Ringrose, attached as **Exhibit D;** Affidavit of Marliss Pavano, attached as **Exhibit E;** Deposition Transcript of William Petit dated June 23, 2004, attached as **Exhibit F,** at pp.16-I 7, 24, 45; Deposition Transcript of Patrick Ringrose dated June 23**,** 2004, attached as **Exhibit G,** at pp.12, 15-17, 26-27, 30; Deposition Transcript of Marliss Pavano dated June 23, 2004, attached as **Exhibit H,** at pp.10-11, 35; Affidavit of Kathryn Lawson, attached as **Exhibit U**.)

---

[1] Exhibits A through T are attached to the Motion for Summary Judgment of the defendants, Petit, Pavano and Ringrose. To the extent additional pages of deposition transcripts are referenced, those pages are included within supplements to the specific Exhibits.

8.  Plaintiffs John J. Cassidy, William Cunningham and Henry Syskowski were each ultimately cited by the SEEC for violations of Connecticut General Statutes §9-333w for the failure to include their addresses in their political advertisements. (See Second Amended Complaint, Count One, ¶22; Count Seven ¶22.)

9.  Following a hearing before the SEEC, plaintiffs John Cassidy and William Cunningham were found to be in violation of Conn. Gen. Stat. §9-333w for the failure to include their addresses in their political advertisements appearing in the November 2001 edition of Plainville's Hometown Connection. (See Second Amended Complaint, Count One, ¶22; SEEC Final Decision re John Cassidy dated July 17, 2002, attached as **Exhibit I**; SEEC Final Decision re William Cunningham dated May 15, 2002, attached as **Exhibit J**.)

10. Defendant, Kathryn Lawson did not appear as a witness, or offer any evidence against the plaintiffs, John Cassidy and William Cunningham, at any of the proceedings before the SEEC. (See Second Amended Complaint, Count One, ¶22; Deposition Transcript of John Cassidy dated June 29, 2004, attached as **Exhibit K**, at pp. 47-48; Deposition Transcript of William Cunningham dated June 30, 2004, attached as **Exhibit L**, at p.75; Affidavit of Kathryn Lawson, attached as **Exhibit U**.)

11. In lieu of a hearing before the SEEC, plaintiff Henry Syskowski signed a Stipulated Consent Agreement on February 19, 2002, acknowledging that he was in violation of Conn. Gen. Stat. §9-333w by failing to include his address in the political advertisement. (See Second Amended Complaint, Count Seven, ¶23; Agreement Containing Consent Order for Violations of Conn. Gen. Stat. §9-333w, attached as **Exhibit M**.)

12.     Plaintiff John Cassidy's contention that the defendant, Kathryn Lawson, filed the SEEC complaint to influence the outcome of the election and referendum is based solely upon his assumption that that was the reason for filing the same. (See Deposition Transcript of John Cassidy, **Exhibit K, at** p.44.)

13.     Plaintiff John Cassidy cannot specifically identify any basis for his claim that the defendant, Kathryn Lawson, filed the SEEC complaint as political payback for his opposition to the referendum.  (See Deposition Transcript of John Cassidy, **Exhibit K, at** pp.34-35.)

14.     Plaintiff John Cassidy's contention that the filing of the SEEC complaint constituted an abuse of process is based solely upon his belief that the defendant, Kathryn Lawson, had an ulterior motive in filing the complaint.   (See Deposition Transcript of John Cassidy, **Exhibit K**, at pp.45-47.)

15.     Plaintiff John Cassidy's only reason for bringing this action against the defendant, Kathryn Lawson, is the fact that she signed the SEEC Complaint. (See Deposition Transcript of John Cassidy, Supplement to **Exhibit K**, at p. 95.)

16.     Plaintiff John Cassidy does not believe that the defendant, Kathryn Lawson, filed the SEEC complaint because of any malicious intent towards him personally.  (See Deposition Transcript of John Cassidy, Supplement to **Exhibit K**, at pp.95-96.)

17.     Plaintiff John Cassidy's contention that the defendants, William Petit, Patrick Ringrose and Marliss Pavano, filed the SEEC complaint in their capacities as public officials of the Town of Plainville is based solely upon the fact that they signed the SEEC complaint with their titles.  (See Deposition Transcript of John Cassidy, **Exhibit K, at** p.53.)

18.     Plaintiff John Cassidy has continued to speak on political issues, and has published a column in Plainville's Hometown Connection. (See Deposition Transcript of John Cassidy, **Exhibit K**, at pp.60-61, 165.)

19.     Plaintiff William Cunningham's contention that the defendants filed the SEEC complaint against him as political payback is based solely upon his assumption that that was the basis for filing the complaint. (See Deposition Transcript of William Cunningham, **Exhibit L**, at pp.58-60.)

20.     Plaintiff William Cunningham's contention that the defendants filed the SEEC complaint to influence the outcome of the election and referendum is based solely upon his belief that that was the basis for the filing of the complaint. (See Deposition Transcript of William Cunningham, **Exhibit L**, at pp.69-70.)

21.     Plaintiff William Cunningham does not have any specific information as to why the defendant, Kathryn Lawson, signed the SEEC complaint, and has no facts leading him to believe that Kathryn Lawson had any malice or ill will towards him. (See Deposition Transcript of William Cunningham, supplement to **Exhibit L**, at pp. 134-136.)

22.     Plaintiff William Cunningham's contention that the defendants filed the SEEC complaint in their capacities as public officials of the Town of Plainville is based solely upon the fact that they signed the SEEC complaint with their titles. (See Deposition Transcript of William Cunningham, **Exhibit L**, at pp.81-82.)

23.     Plaintiff William Cunningham has continued to speak on political issues and would continue to submit editorials on issues he wishes to speak on. (See Deposition Transcript of William Cunningham, **Exhibit L**, at pp.93-95.)

24. Plaintiff Henry Syskowski does not believe that the defendant, Kathryn Lawson, filed the SEEC complaint as political payback against him, and had no malice or ill will toward him. (See Deposition Transcript of Henry Syskowski, Supplement to **Exhibit N**, at pp.135, 137.)

25. Plaintiff Henry Syskowski's contention that the defendants filed the SEEC complaint to influence the outcome of the election is based solely upon his belief that that was the basis of filing the same. (See Deposition Transcript of Henry Syskowski, **Exhibit N**, at pp.55-56.)

26. Plaintiff Henry Syskowski does not believe that the defendants' filing of the SEEC complaint would have influenced the referendum. (See Deposition Transcript of Henry Syskowski, **Exhibit N**, at p.56.)

27. Defendant, Kathryn Lawson, did not appear as a witness, or offer any evidence against the plaintiff, Henry Syskowski, at any of the proceedings before the SEEC. (See Deposition Transcript of Henry Syskowski, **Exhibit N**, at pp.57-58.)

28. Plaintiff Henry Syskowski's contention that the defendants, William Petit, Patrick Ringrose and Marliss Pavano, filed the SEEC complaint in their capacities as public officials of the Town of Plainville is based solely upon the fact that they signed the SEEC complaint with their titles. (See Deposition Transcript of Henry Syskowski, **Exhibit N**, at pp.65-66.)

29. Plaintiff Henry Syskowski has continued to speak on political issues and would continue to place political ads and letters to the editor if he wished. (See Deposition Transcript of Henry Syskowski, **Exhibit N**, at pp.68-69.)

30. Plaintiff Jeanette Hinkson was a principal of the local newspaper, Plainville's Hometown Connection. (See Second Amended Complaint, Count Four, ¶2.)

31. Plaintiff Jeanette Hinkson placed a 'notice' in the November 2001 edition of Plainville's Hometown Connection urging voters to vote in the November 2001 municipal election. (See Second Amended Complaint, Count Four, ¶15.)

32. The defendants' complaint to the SEEC did not name, reference, cite or allege that the 'notice' placed in the November 2001 edition of Plainville's Hometown Connection by plaintiff Jeanette Hinkson was in violation of the election laws. (See SEEC Complaint, **Exhibit A**; Deposition Transcript of Jeanette Hinkson dated June 29, 2004, attached as **Exhibit 0**, at pp.124-25, 143; Affidavit of William Petit, attached as **Exhibit C**; Affidavit of Patrick Ringrose, attached as **Exhibit D**; Affidavit of Marliss Pavano, attached as **Exhibit E**; Affidavit of Kathryn Lawson, attached as **Exhibit U**.)

33. The defendants did not know who authored the 'notice' placed by plaintiff Jeanette Hinkson in the November 2001 edition of Plainville's Hometown Connection as the information regarding the author and payor of the 'notice' did not become known until she notified the SEEC as to the same. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0**, at pp.136-37, 147; Letter to the SEEC dated November 7, 2001, attached as **Exhibit P**; Affidavit of William Petit, attached as **Exhibit C**; Affidavit of Patrick Ringrose, attached as **Exhibit D**; Affidavit of Marliss Pavano, attached as **Exhibit E**, Affidavit of Kathryn Lawson, attached as **Exhibit U**.)

34. Plaintiff Jeanette Hinkson was cited by the SEEC for violation of the election laws with regard to the 'notice' she placed in the November 2001 edition of Plainville's Hometown Connection. (See Second Amended Complaint, Count Four, ¶18.)

35. The SEEC ultimately concluded that plaintiff Jeanette Hinkson had not violated the election laws in placing the 'notice' in the November 2001 edition of' Plainville's Hometown Connection. (See Second Amended Complaint, Count Four, ¶20; SEEC Findings and Conclusions re Jeanette Hinkson dated February 20, 2002, attached as **Exhibit Q**.)

36. Defendant, Kathryn Lawson, did not offer any statements or evidence against plaintiff Jeanette Hinkson at any of the proceedings before the SEEC. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0**, at pp.65-66; Affidavit of William Petit, attached as **Exhibit C;** Affidavit of Patrick Ringrose, attached as **Exhibit D**; Affidavit of Marliss Pavano, attached as **Exhibit E;** Affidavit of Kathryn Lawson, attached as **Exhibit U**.)

37. Plaintiff Jeanette Hinkson does not know what defendant William Petit's intent was in filing the SEEC complaint, nor does she believe he did so to penalize her personally. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0**, at pp.61-62.)

38. Plaintiff Jeanette Hinkson does not believe that defendant, Kathryn Lawson, filed the SEEC complaint to penalize her personally, or had any ill will against Plaintiff Hinkson. (See Deposition Transcript of Jeanette Hinkson, Supplement to **Exhibit 0**, at pp. 151-152.)

39. Plaintiff Jeanette Hinkson does to believe that defendant Marliss Pavano filed the SEEC complaint to penalize her personally. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0**, at p.64.)

40. Plaintiff Jeanette Hinkson did not know or have any association with plaintiffs John J. Cassidy, William Cunningham or Henry Syskowski until some time after the SEEC complaint had been filed. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0,** at p.48.)

41.     Plaintiff Jeanette Hinkson's contention that the defendants' filing of the SEEC complaint constituted an abuse of process is based upon the fact that more than one person signed the complaint, and the fact that the SEEC complaint was not withdrawn. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0, at p.66.)**

42.     Plaintiff Jeanette Hinkson's contention that defendants William Petit, Patrick Ringrose and Marliss Pavano acted in their capacities as public officials of the Town of Plainville in filing the SEEC complaint is based solely upon the fact that they signed the SEEC complaint with their titles.  (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0,** at p.81.)

43.     Plaintiff Jeanette Hinkson has continued to publish Plainville's Hometown Connection, to publish columns in the same, and to remain vocal as to her positions on issues, including the Linden Street School referendum which was the subject of the  November 2001 election. (See Deposition Transcript of Jeanette Hinkson, **Exhibit 0, at pp.93-94, 33-34.)**

                                DEFENDANT, KATHRYN LAWSON


                                _____
                        By:     Charles E. Vermette (ct07434)
                                LITCHFIELD CAVO
                                40 Tower Lane, Suite 200
                                Avon, CT  06001
                                (860) 255-5577
                                Her Attorneys

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 7th day of September, 2004.

William T. Barrante, Esquire  
P.O. Box 273  
Watertown, CT 06795  

Beatrice S. Jordan, Esquire  
Howd & Ludorf  
65 Wethersfield Avenue  
Hartford, CT 06114  

Paul M. Clyons, Esq.  
Law Offices of Heidi Zultowski  
700 Stanley Drive  
P.O. Box 9011  
New Britain, CT 06050-9948  

Jane R. Rosenberg, Esquire  
Assistant Attorney General  
55 Elm Street  
P.O. Box 120  
Hartford, CT 06141-0120  

John A. Barbieri, Esquire  
18 Cedar Street  
P.O. Box 1445  
New Britain, CT 06050  

Kenneth J. Laska, Esquire  
Segal & Laska, LLC  
63 East Main Street  
Plainville, CT 06062  

Karen L. Karpie, Esquire  
Murphy and Karpie  
350 Fairfield Avenue  
Bridgeport, CT 06604  

 

_____  
Charles E. Vermette, Jr.