## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | |
|---|---|
| John J. Cassidy, William Cunningham, John Mastrianni, Jeannette Hinkson,       Plaintiffs, | )   Case No.: No. 302cv1688(CFD) <br> ) <br> ) <br> ) |
| vs. | ) <br> ) |
| Kathryn M. Lawson, Dean Rustic, David Underwood, Daniel Ciesielski, William Petit, Patrick Ringrose, Marliss Pavano, Ronald Pavano, Sr., Barbara Willard, and Gary Willard,       Defendant | ) <br> ) <br> ) <br> )   DEFENDANT, RONALD PAVANO, SR., <br> )   MEMORANDUM OF LAW IN SUPPORT OF <br> )   DEFENDANT RONALD PAVANO, Sr.'s <br> )   MOTION FOR SUMMARY JUDGMENT |

I.     BACKGROUND........................................................................................................................... 2

  A.    CLAIMS OF PLAINTIFFS CASSIDY, CUNNINGHAM AND SYSKOWSKI ...................................... 3

  B.    CLAIMS OF PLAINTIFF HINKSON ........................................................................................... 4

  C.    REMAINING CLAIMS .............................................................................................................. 5

II.    STANDARD OF REVIEW ON SUMMARY JUDGMENT ............................................................... 6

III.   LAW AND ARGUMENT............................................................................................................. 8

  A.    PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS

UPON WHICH RELIEF MAY BE GRANTED.................................................................................... 8

    1.    The Mere Filing Of A Complaint With The State Elections Enforcement Committee Is Insufficient To Form

The Basis Of An Abuse Of Process Claim ..................................................................................... 9

-1-

2.    The Plaintiffs' Claims Of Abuse Of Process Are Barred As The Defendant Is Afforded Absolute Immunity In Filing A Complaint With The State Elections Enforcement Committee ............................................................. 15

B.    THE PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION UPON WHICH RELIEF MAY BE GRANTED............................................................................................. 22

2.    The Plaintiffs' Claims Of Malicious Prosecution Are Barred As The Defendant Is Afforded Absolute Immunity In Filing A Complaint With The State Elections Enforcement Committee .............................................. 26

IV.    CONCLUSION................................................................................................................................................ 26

## I.     BACKGROUND

The following memorandum is in large part copied from the memorandum filed by the defendants Petit, Ringrose and Pavano. In certain instances changes have been made by the undersigned. Finally is so far as applicable the undersigned adopts the arguments by the amicus.

The plaintiffs, John J. Cassidy, William Cunningham, Jeanette Hinkson and Henry R. Syskowski, have brought this action against the defendant, Ronald Pavano, Sr., by way of an eight count Second Amended Complaint, dated November 18, 2002. The Second Amended Complaint alleges abuse of process, violations of the plaintiffs' rights as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution brought pursuant to 42 U.S.C. §1983, and malicious prosecution.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

## A.     CLAIMS OF PLAINTIFFS CASSIDY, CUNNINGHAM AND SYSKOWSKI

Specifically, the plaintiffs, John J. Cassidy, William Cunningham and Henry Syskowski, each allege that they were petitioning candidates in the Plainville November 2001 municipal election. (See Second Amended Complaint, Count One, 14; Count Seven, 14). In support of their campaigns, the plaintiffs purchased separate political advertisements, which appeared in the November 2001 edition of the Plainville Hometown Connection. (See id., at 16). The political advertisements contained the attribution, "Paid for by" with their respective names, but did not include their addresses. (See id., at 17).

On November 2, 2001, the defendant filed a complaint with the Connecticut State Elections Enforcement Committee (hereinafter referred to as "SEEC"), alleging violations of the election laws, including the failure of petitioning candidates to include their addresses in their political advertisements. The plaintiffs were each ultimately cited by the SEEC for violations of Connecticut General Statutes §9-333w for the failure to include their addresses in their political advertisements. (See Count One, 22; Count Seven 22). Following a hearing before the SEEC, plaintiffs Cassidy and Cunningham were found to be in violation of Conn. Gen. Stat. §9-333w. (See id., Count One, 22). None of the defendant appeared as witnesses against the plaintiffs at any of the proceedings before the SEEC. (See Count One, 22). In lieu of a hearing, Plaintiff Syskowski signed a Stipulated Consent Agreement on February 19, 2002, acknowledging that he was in violation of Conn. Gen. Stat. §9-333w by failing to include his address in the political advertisement. (See id., Count Seven, 23).

-3-

In the First and Seventh Counts of the Second Amended Complaint, plaintiffs Cassidy, Cunningham and Syskowski allege that the defendant Ronald Pavano, committed an abuse of process in filing complaints against each of them with the SEEC for violations of Conn. Gen. Stat. §9-333w by failing to include their addresses in their political advertisements. (See Count One, 19, 24; Count Seven, 19, 26). Plaintiffs Cassidy, Cunningham and Syskowski further allege that the defendant filed the complaint as political payback for the plaintiffs' opposition to a referendum question appearing on the election ballot, and to influence the outcome of both the election and referendum question, thereby resulting in the claimed abuse of process. (See id., Count One, 23; Count Seven, 25).

## B.     CLAIMS OF PLAINTIFF HINKSON

The plaintiff, Jeanette Hinkson, alleges that she was a principal of the local newspaper, Plainville's Hometown Connection. (See Count Four, 2). The plaintiff placed a 'notice' in the November 2001 edition of the paper urging voters to vote in the election. (See id., at 15). The plaintiff was cited by the SEEC for violation of the election laws with regard to the 'notice' she placed in the paper. (See id., at 18). The plaintiff alleges that, following a hearing, the SEEC ultimately concluded that she had not violated the election laws in placing the 'notice' in the paper. (See id., at 20).

In the Fourth Count of the Second Amended Complaint, plaintiff Hinkson alleges that the defendant Ronald Pavano, Sr., filed a complaint against her with the SEEC, charging her with

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

violations of Conn. Gen. Stat. §§ 9-333d, 9-333f and 9-333w for her placement of the 'notice' in the November 2001 edition of the paper. (See Count Four, 17). The plaintiff further alleges that the defendant filed the complaint with the SEEC to penalize the paper for publishing Cassidy and Cunningham's political advertisements, and to penalize her for associating herself with the other plaintiffs and the paper. (See id., at  22, 24). The plaintiff alleges that based upon these motives, the defendant's alleged filing of the SEEC complaint constituted an abuse of process. (See id., at  25).

In the Fifth Count, plaintiff Hinkson re-alleges the specific allegations of the fourth count, alleging that the defendant's filing of the SEEC complaint constituted a malicious prosecution. (See Count Five, 25).

## C.   *REMAINING CLAIMS*

The Third Count of the Second Amended Complaint is brought by plaintiff John Mastrianni, and sounds in libel, and is not directed to the defendant.

The defendant hereby incorporate by reference the Statement of Facts contained in the attached Local Rule 56(a)1 Statement, which provides a more detailed background of the incident.

The defendant now move for summary judgment as to Counts One, Four, Five, and Seven of the Second Amended Complaint for the reasons more fully set forth herein.

-5-

II.    STANDARD OF REVIEW ON SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) requires the entry of Summary Judgment". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A factual dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A "material fact" is one whose resolution will affect the ultimate determination of the case.  Id.  In determining whether a material issue of fact exists, the Court must resolve all ambiguities and draw all inferences against the moving party.  See *Anderson v. Liberty Lobby*, Inc., 477 U.S. at 255, 106 S.Ct. at 2513; *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir. 1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Samuels v. Smith*, 839 F. Supp. 959, 962 (D. Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine

-6-

issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256, 106 S.Ct. at 2510; see also, *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 763 (1987); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). Thus, once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986). "Neither courts nor defendant should be subjected to trials which can be little more than harassment." *Applegate v. Top Associates, Inc.*, 425 F.2d 92, 96 (2d Cir. 1970).

When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to the case, which it bears the burden of proving at trial. See *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987). Where evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. See *First National Bank of Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760 (7th Cir. 1979) (in ruling on summary judgment motion, the District Court properly relied on documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to litigants from third persons, and hearsay, which does not fall under one or more of the exceptions listed in Rules 803-805 of the Federal Rules

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

of Evidence, may not properly be considered.  See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Beyene v. Coleman Security Servies, Inc.*, 854 F.2d 1179 (9th Cir. 1988); *Edward B. Marks Music Corp. v. Stasny Music Corp.*, 1 F.R.D. 720 (S.D.N.Y. 1941).

III.    LAW AND ARGUMENT

## A.    PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS UPON WHICH RELIEF MAY BE GRANTED

In the First and Seventh Counts of the Second Amended Complaint, plaintiffs Cassidy, Cunningham and Syskowski allege that the defendant, Ronald Pavano, Sr., committed an abuse of process in filing complaints against each of them with the SEEC for violations of Conn. Gen. Stat. §9-333w by failing to include their addresses in their political advertisements.  (See Second Amended Complaint, Count One, 19, 24; Count Seven, 19, 26).  Plaintiffs Cassidy, Cunningham and Syskowski allege that the defendant's filing of the SEEC complaint was done in an attempt to penalize the newspaper for publishing the plaintiffs' political advertisements. (See Count One, 21; Count Seven, 21).  The plaintiffs further allege that the defendant filed the complaint as political payback for the plaintiffs' opposition to a referendum question appearing on the election ballot, and to influence the outcome of both the election and referendum question, thereby resulting in the claimed abuse of process.  (See id., Count One, 23; Count Seven, 25).

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

Plaintiff Hinkson, principal of the subject paper, alleges that the defendant filed the complaint with the SEEC as part of a campaign or movement to discredit and penalize plaintiffs Cassidy and Cunningham for supporting a defeat of the referendum and to penalize the paper for publishing Cassidy and Cunningham's political advertisements in the paper. (See Count Four, at 22). Plaintiff Hinkson further alleges that the defendant filed the SEEC Complaint to penalize her for associating herself with the other plaintiffs and the paper. (See Count Four, at 24). The plaintiff alleges that based upon these motives, the defendant's alleged filing of the SEEC complaint constituted an abuse of process. (See id., at 25).

**1.     The Mere Filing Of A Complaint With The State Elections Enforcement Committee Is Insufficient To Form The Basis Of An Abuse Of Process Claim**

"An action for abuse of process lies against any person using 'a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" _Mozzochi v. Beck_, 204 Conn. 490, 492, 529 A.2d 171 (1987), citing _Varga v. Pareles_, 137 Conn. 663, 81 A.2d 112 (1951). Thus, in _Mozzochi_, the Court reasoned as follows: "Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a 'legal process . . . against another primarily to accomplish a purpose for which it is not designed . . . .' Comment b to § 682 explains that the addition of 'primarily' is meant to exclude liability 'when the process is used for

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. *Mozzochi*, 204 Conn. at 494 (emphasis added).

In *Doctor's Associates, Inc. v. Weible*, 92 F.3d 108 (2d Cir. 1996), the Court, in evaluating an abuse of process claim pursuant to Connecticut law, held as follows: "a party does not abuse the legal process merely by filing suit. This is true regardless of the [motive] . . . .; *Vargas v. Pareles*, 81 A.2d 112, 115 (Conn. 1951) ('while an ulterior motive often is present, it is not an essential element of the action for abuse of process"). Rather, liability for abuse of process lies only when the offending party overtly misuses the process once the proceeding has begun. [citing *Mozzochi*, 529 A.2d at 174] (abuse of process claimant must 'point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation'); *Shaeffer v. O.K. Tool Co.*, 148 A. 330, 332 (Conn. 1930) (abuse of process occurs 'not in the issue of process, but in its abuse'); *Lewis Truck & Trailer, Inc. v. Jandreau*, 526 A.2d 532, 534 (Conn. App. Ct. 1987) ('the gist of the tort of abuse of process is not commencing an action or causing process to issue without justification, but misusing, or misapplying that process' (citation omitted)); see also *Lodges 743 & 1746 v. United Aircraft Corp.*, 534 F.2d 422, 465 (2d Cir. 1975) ('Abuse of process requires more than simply improper motive. There must also be some action taken to utilize the court's processes for collateral purposes not related to the suit in question . . . .') In short, no matter what misconduct by the tortfeasor occurs before the commencement of suit, it is not, in itself, an abuse of process because there is not yet process to abuse. *Doctor's Assoc.*, supra (emphasis added).

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

In the instant matter, the plaintiff's do not allege that the defendant's complaint to the SEEC in and of itself was improperly filed. Rather, plaintiffs Cassidy, Cunningham and Syskowski allege that the defendant filed the SEEC complaint as political payback for the plaintiffs' opposition to a referendum question appearing on the election ballot, and to influence the outcome of both the election and referendum question, thereby resulting in the claimed abuse of process. (See id., Count One, 23; Count Seven, 25). Plaintiff Hinkson, likewise, alleges that the defendant filed the SEEC complaint to penalize the paper for publishing Cassidy and Cunningham's political advertisements in the paper and to penalize her for associating herself with the other plaintiffs and the paper. (See Count Four, at 22, 24). Based upon the above motives, the plaintiffs contend that the defendant filed the SEEC complaint as a political tool or weapon, a purpose not authorized by the statute.

The plaintiffs cannot, however, proffer any evidence supporting their claim that the defendant utilized the SEEC complaint process in a manner for which it was not intended. Moreover, the plaintiffs' allegations that the defendant filed the SEEC complaint pursuant to the above motives is based solely upon their conjecture as to the same. (See Deposition Transcript of John Cassidy, dated June 29, 2004, attached as Exhibit K, at pp. 34-35, 44-47; Deposition Transcript of William Cunningham, dated June 30, 3004, attached as Exhibit L, at pp. 58-60, 69-70; Deposition Transcript of Henry Syskowski, dated June 30, 2004, attached as Exhibit N, at pp. 55-56; Deposition Transcript of Jeanette Hinkson, dated June 29, 2004, attached as Exhibit O, at pp. 61-62, 64, 66, [All attached to the Motion for Summary Judgment of the Defendants

Petit, Pavano and Ringrose] See Affidavit of Ronald Pavano, Sr., attached as Exhibit R.).  Such general allegations do not satisfy the requirement of showing that the defendant used the SEEC process primarily to accomplish a purpose for which it was to intended.  See Mozzochi, 204 Conn. at 497.

In fact, the defendant's complaint to the SEEC directly comports with the purpose for which it was intended.  The purpose of the SEEC complaint process is to enable the SEEC to investigation alleged violations of the election laws in order to maintain the integrity of the election process.  See Conn. Gen. Stat. §9-7b(a)(1).  To that end, the SEEC is empowered to investigate alleged violations of any election law made by way of a sworn complaint by an individual such as the complaint by the defendant in the instant matter.  See id. The defendant complaint to the SEEC reported ads, which the defendant believed, were in violation of the election laws. (See SEEC Complaint, Exhibit A; Affidavit of William Petit, attached as Exhibit C; Affidavit of Patrick Ringrose, attached as Exhibit D; Affidavit of Marliss Pavano, attached as Exhibit E; Deposition Transcript of William Petit, dated June 23, 2004, attached as Exhibit F, at pp. 16-17, 24, 45; Deposition Transcript of Patrick Ringrose, dated June 23, 2004, attached as Exhibit G, at pp. 12, 15-17, 26-27, 30; Deposition Transcript of Marliss Pavano, dated June 23, 2004, attached as Exhibit H, at pp. 10-11, 35; [All attached to the Motion for Summary Judgment of the Defendants Petit, Pavano and Ringrose] See Affidavit of Ronald Pavano, Sr., attached as Exhibit R.).  This is the very purpose of the SEEC complaint process.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

Moreover, the defendant's complaints regarding the omission of addresses in the individual political advertisements of plaintiffs Cassidy, Cunningham and Syskowski, likewise, comport with the purpose of the election laws as to the same. Specifically, the address requirement set forth in Conn. Gen. Stat. §9-333w serves to add a level of identification in order to increase accountability. See *Seymour v. Elections Enforcement Comm.*, 255 Conn. 78, 101, 762 A.2d 880 (2000). Moreover, the address requirement contained in §9-333w provides for contact information of the individual candidate, thereby serving the basic tenet of our society enabling citizens to contact public officials directly, and promotes the likelihood of gaining a proper identification of the payor. See id. Accordingly, the defendant's SEEC complaint in this regard falls squarely within the intended purpose of the statute.

As indicated above, the mere filing of a complaint, even with an improper motive, is not sufficient to create liability for an abuse of process. Liability lies only when the offending party overtly misuses the process once the proceeding has begun. See *Mozzochi*, supra; *Vargas*, supra; *Doctor's Assoc.*, supra. For example, an overt misuse of the process would include such things as: (1) using the pleadings or the process in the underlying action as leverage to coerce the payment of a debt or surrendering property unrelated to the litigation; (2) using unreasonable force, excessive attachment or extortionate methods to enforce a right of action; and (3) using the process to gain any collateral advantage extraneous to the merits, such as improper use of a subpoena. See *Doctor's Assoc.*, supra, citing *Mozzochi*, 204 Conn. at 493-94.

-13-

In the instant action, the plaintiffs cannot establish that the defendant overtly misused the process once it had begun. As in Mozzochi, the plaintiffs do not claim that the defendant used the SEEC complaint or the SEEC investigation/hearing process as leverage to coerce the plaintiffs into paying a debt or surrendering property. Additionally, the plaintiffs do not claim that the defendant used unreasonable force, excessive attachment or extortionate methods to enforce a right of action. Finally, the plaintiffs do not claim that the defendant used the SEEC investigation/hearing process, by was of improper use of a subpoena or otherwise, to gain a collateral advantage extraneous to the merits of the SEEC complaint.

Additionally, the plaintiff's do not allege that the defendant participated in or improperly utilized the SEEC investigation and hearing proceedings once they had begun. In fact, the plaintiffs concede the contrary. Specifically, the plaintiffs concede that the defendant did not appear in any of the proceedings before the SEEC, nor did the defendant offer any evidence against them. (See Second Amended Complaint, Count One, 22; Deposition Transcript of John Cassidy, Exhibit K, at pp. 47-48; Deposition Transcript of William Cunningham, Exhibit L, at p. 75; Deposition Transcript of Henry Syskowski, Exhibit N, at pp. 57-58; Deposition Transcript of Jeanette Hinkson, Exhibit O, at pp. 65-66, [All attached to the Motion for Summary Judgment of the Defendants Petit, Pavano and Ringrose]).

Connecticut case law is clear that the offending party must in some way overtly utilize the process once it has begun in order to attach liability for a claim of abuse of process.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

Accordingly, the plaintiffs' complaint fails to state a cause of action for abuse of process in that it is premised solely upon an alleged improper ulterior motive and purpose in filing the complaints. Such general allegations do not satisfy the requirement of showing that the defendant used the SEEC process primarily to accomplish a purpose for which it was to intended.  See Mozzochi, 204 Conn. at 497.  The defendant is, therefore, entitled to judgment as a matter of law as to counts One, Four and Seven of the Second Amended Complaint.

**2.    The Plaintiffs' Claims Of Abuse Of Process Are Barred As The Defendant Is Afforded Absolute Immunity In Filing A Complaint With The State Elections Enforcement Committee**

Notwithstanding the fact that the plaintiffs have failed to state a cause of action for abuse of process, the conduct of the defendant in filing the complaint with the SEEC is protected pursuant to the doctrine of absolute immunity.  "The judicial proceeding to which [absolute] immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, *and an election contest*. It extends also to the proceedings of many administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or quasijudicial, in character." (Internal quotation marks omitted.) Id.; W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 114, pp. 818-19."  *Kelley v. Bonney* 221 Conn. 549; 566 (emphasis added)

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

In *Field v. Kearns*, 43 Conn. App. 265, 682 A.2d 148 (1996), the Connecticut Appellate Court considered whether an attorney could maintain claims for abuse of process and vexatious litigation against another attorney who had filed a complaint with the Statewide Grievance Committee.  The trial court had ruled for the defendant bar grievant, holding that bar grievants are entitled to absolute immunity from claims of abuse of process and vexatious litigation based on the act of filing and pursuing a complaint with the Committee.

In evaluating whether a grievant was afforded immunity in filing a complaint with the Statewide Grievance Committee, the stated: "In Connecticut, parties to or witnesses before judicial or quasi-judicial proceedings are entitled to absolute immunity for the content of statements mad therein . . . . The judicial proceeding to which absolute immunity attaches . . . includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not . . . . It extends also to the proceedings of many administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or quasi-judicial, in character." Id. at 271, citing *Petyan v. Ellis*, 200 Conn. 243, 510 A.2d 1337 (1986).

The Court then analyzed whether the Statewide Grievance Committee's proceedings could be classified as "quasi judicial", using the factors established by the Connecticut Supreme Court in *Kelley v. Bonney*, 221 Conn. 549, 606 A.2d 693 (1992).  The principal factors which are to be considered "are whether the body has the power to:  (1) exercise judgment and discretion;

-16-

(2) hear and determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or impose penalties." *Field*, 43 Conn. App. at 272.

The Field Court next examined the Statewide Grievance Committee's procedures, which include the initiation of proceedings upon the filing of a complaint against an attorney with the statewide bar counsel, followed by the complaint being referred to a local panel. The panel must investigate the complaint to determine whether probable cause exists that the attorney is guilty of misconduct, and, within ninety days, file its written findings and a recommendation with the committee. Following the receipt of the panel's recommendation, the committee has the power to assign the case to a reviewing committee, compel testimony and the production of evidence, hold hearings, and ultimately to recommend dismissal of the complaint, impose sanctions, or order the presentment of the respondent to the Superior Court. The Field Court concluded that these rules governing Committee proceedings "clearly demonstrate that the committee has significant authority to conduct proceedings of a quasi judicial nature . . . . Therefore, we conclude that bar grievance proceedings are quasi judicial." *Field*, 43 Conn. App. at 273. Accordingly, the Field Court held that absolute immunity for statements made during quasi-judicial proceedings applies to bar grievance proceedings.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

The Court then considered whether that absolute immunity should be extended to encompass the actual filing of the grievance complaint, and concluded that it should. First, the Court noted that an important public policy was at issue: the protection of the integrity of the court, which must be preserved through a "comprehensive disciplinary scheme. . . established to safeguard the administration of justice, and designed to preserve public confidence in the system and to protect the public and the court from unfit practitioners." Id. at 274, citing *In re Durant*, 80 Conn. 140 (1907). The Court reasoned "if unsuccessful bar grievants were subject to retaliatory lawsuits it would have a 'chilling effect' on the public." *Field*, 43 Conn. App. at 275. The Court found persuasive the reasoning that "one who felt aggrieved by his lawyer would hesitate to complain for fear that he might face a damage suit if he failed to prove his complaint. Such a fear, whether it was groundless or not, would reduce the bar's effectiveness in policing its own ranks." *Field*, 43 Conn. App. at 275, citing *R.L. Netterville v. Lear Sieger, Inc.*, 397 So. 2d 1113 (Miss. 1981). The *Field* Court concluded that "a rule establishing absolute immunity for bar grievants protects the public confidence and the integrity of our judicial system." Id., citing *Hearing on Immunity for Ethics Complainants*, 477 A.2d 339 (N.J. 1984).

The Court also held that any concerns regarding the damage to an attorney's reputation from groundless complaints made to the Statewide Grievance Committee were "outweighed by the importance of public confidence in the supervision of attorney conduct." *Field*, 43 Conn. App. at 276. The Court further reasoned that, "[w]hile [their] decision in this case may place a burden on the legal profession, 'the proper administration of justice requires that there by a

forum where a layman may have his complaint heard, investigated, and, if necessary, judicially determined.'" Id., citing R.L. *Netterville*, supra.    Finally, the Court reasoned that sufficient safeguards existed in the rules of practice governing grievance proceedings to protect lawyers from undue harm to their reputation. Id. at 277.

Given these important public policy considerations, and the procedural safeguards in place to protect attorneys involved in grievance proceedings, the Court upheld that the trial court's ruling "that the public policy of protecting the courts and the public from unethical and unprofessional attorneys is so strong that there is absolute immunity for the complainant in filing or otherwise causing the institution of attorney disciplinary proceedings." Id. at 277.

The instant case parallels *Field* in several respects.   First, the State Elections Enforcement Commission is as much a "quasi-judicial" body as the Statewide Grievance Committee in that it conducts investigations as to complaints filed, conducts hearings with regard to the same, admit and evaluate evidence, issue final decisions, and impose civil penalties. See Regulations of the State Elections Enforcement Commission, §9-7b-1, et seq. Thus, the *Field* Court's analysis in finding that absolute immunity applies to the filing of a complaint with the Statewide Grievance Committee is a useful "template" for considering whether absolute immunity applies to the act of filing a complaint with the State Elections Commission.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

Second, and most importantly, the same public policy concerns that shaped the Field Court's decision also exist in the instant case. Here, the concern is preserving the integrity of elections, campaigns, elected officials and their offices. Just as the Statewide Grievance Committee must preserve the integrity of the legal profession with the public's involvement, in the form of a grievance procedure, the Elections Commission cannot possibly police every possible violation of elections law, and therefore, must rely on the general public to do so. If individuals who file complaints regarding possible elections law violations are subjected to civil liability for their policing efforts, there will be a chilling effect on such complaints. As a result, the important public policy goal of ensuring the integrity of political candidates and the political offices they hold, will be vitiated.

Finally "[the policy of affording absolute immunity] reflects the unspoken reality that, if there were no absolute immunity, good faith criticism of governmental misconduct might be deterred by concerns about unwarranted litigation." *Craig v. Stafford Construction, Inc.*, supra, 78 Conn. App. 557; see also *Lewis v. Benson*, 101 Nev. 300, 301, 701 P.2d 751 (1985) ("the application of an absolute privilege to civilians filing complaints with an internal affairs bureau sufficiently promotes the interests of the public to warrant the availability of an absolute privilege"). Moreover, although we recognize the debilitating affect that a false allegation of racial discrimination can have on a police officer, we conclude that the policy of encouraging citizen complaints against those people who wield extraordinary power within the community outweighs the need to protect the reputation of the police officer against whom the complaint is

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

made." *Craig v. Stafford Construction, Inc.*, SC 17073 (Released September 14, 2004). Absolute immunity granted to private citizens who file a complaint regarding the environment. Commissioner of *Environmental Protection v. Connecticut Building Wrecking Co., Inc.*, 227 Conn. 175, 198-99, 629 A.2d 1116 (1993). Statements in pleadings or in court, cannot be made the basis for an action for intentional infliction of emotional distress. *DeLaurentis v. City of New Haven*, 220 Conn. 225, 264, 597 A.2d 807, 826 - 827 (1991). Employers have absolute immunity (privilege) when they supply information "fact-finding supplement" form of the employment security division of the state labor department. *Petyan v. Ellis*, 200 Conn. 243; 247-249.

In sum, the important public policy considerations that led the Appellate Court in *Field* to hold that a claim of vexatious litigation or abuse of process cannot be based on the act of filing a bar grievance complaint are present in the instant case. Thus, the defendant should be equally immune from such claims based on their filing a complaint with the State Elections Committee. Thus absolute immunity should attach to any complaint filed by any citizen to the SEEC. The interest of society in a free uncorrupted electoral process must outweigh the hurt feelings of a few sensitive politicians. Accordingly, the defendant is entitled to judgment as a matter of law as to counts One, Four and Seven of plaintiffs' Second Amended Complaint.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

**B.    THE PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION UPON WHICH RELIEF MAY BE GRANTED**

Plaintiff Jeanette Hinkson alleges an additional cause of action for malicious prosecution.  (See Second Amended Complaint, Fifth Count).  An action for malicious prosecution exists where a civil or criminal action has been instituted with malice, without probable cause, and has terminated in favor of the plaintiff.  See *Schaefer v. O.K. Took Co., Inc.*, 110 Conn. 528, 532, 148 A. 330 (1930).  Thus, in order to sustain a claim for malicious prosecution, the plaintiff must allege and prove:  (1) that the original action was instituted without probable cause, (2) that the action was instituted with malice, and (3) that the action terminated in the plaintiff's favor.  See Id.

Connecticut precedent has repeatedly acknowledged the distinction between a vexatious suit and malicious prosecution.  The Connecticut Courts have consistently noted that a vexatious suit is premised upon a prior civil action, whereas a malicious prosecution suit is ordinarily premised upon a prior criminal complaint.  See *Ancona v. Manafort Bros., Inc.*, 56 Conn. App. 701, 708, 746 A.2d 184 (2000); *Norse Systems, Inc. v. Tingley Systems, Inc.*, 49 Conn. App. 582, 593-94, 715 A.2d 807 (1998).  There is no allegation that the instant matter involves a prior criminal action.  Rather, the plaintiff concedes that the underlying action is civil in nature.  Accordingly, it is not properly an action for malicious prosecution.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

Moreover, the plaintiff is unable to establish that the defendant "instituted" an action against her.  Plaintiff Jeanette Hinkson concedes that she placed a 'notice' in the November 2001 edition of Plainville's Hometown Connection urging voters to vote in the November 2001 municipal election.   (See Second Amended Complaint, Count Four, 15).   However, the defendant's complaint to the SEEC did not name, reference, cite or allege that the 'notice' placed in the November 2001 edition of Plainville's Hometown Connection by plaintiff Jeanette Hinkson was in violation of the election laws.  (See SEEC Complaint, Exhibit A; Deposition Transcript of Jeanette Hinkson, Exhibit O, at pp. 124-25, 143; Affidavit of William Petit, Exhibit C; Affidavit of Patrick Ringrose, Exhibit D; Affidavit of Marliss Pavano, Exhibit E, [All attached to the Motion for Summary Judgment of the Defendants Petit, Pavano and Ringrose] Affidavit of Ronald Pavano, Sr., attached as Exhibit R.).  In fact, the defendant did not know who authored the 'notice' placed by plaintiff Jeanette Hinkson in the November 2001 edition of Plainville's Hometown Connection as the information regarding the author and payor of the 'notice' did not become known until she notified the SEEC as to the same.  (See Deposition Transcript of Jeanette Hinkson, Exhibit O, at pp. 136-37, 147; Letter to the SEEC dated November 7, 2001, Exhibit P; Affidavit of William Petit, Exhibit C; Affidavit of Patrick Ringrose, Exhibit D; Affidavit of Marliss Pavano, Exhibit E, [All attached to the Motion for Summary Judgment of the Defendants Petit, Pavano and Ringrose] Affidavit of Ronald Pavano, Sr., attached as Exhibit R.).  Thus, the defendant cannot be held to have instituted an action against the plaintiff in this matter.

-23-

In addition, in order to state a cause of action for malicious prosecution, a plaintiff must establish the absence of probable cause to prosecute the action, specifically, the knowledge of facts sufficient to justify a reasonable belief that there are grounds for prosecuting the action. See Ancona, id. Similarly, in order to state a cause of action for vexatious suit, a plaintiff must establish knowledge of facts sufficient to justify a reasonable belief that lawful grounds exist for prosecuting the party in the manner complained of. See Norse, id.

A basic element of each claim is the prosecution of the action without probable cause to do so. In the instant matter, the plaintiff does not allege that the defendant prosecuted an action against her. Rather, her claim of malicious prosecution is premised solely upon the act of filing the complaint with the SEEC. (See Second Amended Complaint, Fifth Count, 25). The mere act of filing a complaint is insufficient to attach liability for a claim of malicious prosecution. See Ancona, supra; Norse, supra. As indicated above, a claim for malicious prosecution is premised upon the prosecution of the action without probable cause. See id. The determination as to whether probable cause exists to pursue an action for violations of the election laws is within the discretion of the SEEC. See Conn. Gen. Stat. §§ 9-7a, 9-7b. It is the SEEC who is afforded the statutory authority to pursue actions against an individual for violations of the election laws where they determine that probable cause exists to do so. See id. Here, the defendant merely filed a complaint alleging violations of the election laws with the SEEC.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

In fact, the plaintiff does not dispute that the "prosecution" was pursued by the SEEC. Moreover, the plaintiff's Second Amended Complaint acknowledges that it was the SEEC who ultimately cited her for violations of the election laws. (See Second Amended Complaint, Fourth Count, 18). Likewise, the plaintiff acknowledges that the SEEC conducted the proceedings, and determined whether a violation of the election laws in fact occurred. (See id, at 19-20). The plaintiff has not alleged that the SEEC maliciously prosecuted her for violations of the election laws. In fact, the plaintiff does not contend that the defendant filed the SEEC complaint with any malice or intent to penalize her personally. (See Deposition Transcript of Jeanette Hinkson, Exhibit O, at pp. 61-64 [All attached to the Motion for Summary Judgment of the Defendants Petit, Pavano and Ringrose]). Accordingly, the plaintiff has failed to state a cause of action for malicious prosecution against the defendant.

As the SEEC action against the plaintiff was not instituted by the defendant, did not involve a malicious intent, and does not involve a prior criminal action, it is not properly a claim for malicious prosecution. The defendant is, therefore, entitled to judgment as a matter of law as to count Five of the Second Amended Complaint.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

**2.     The Plaintiffs' Claims Of Malicious Prosecution Are Barred As The Defendant Is Afforded Absolute Immunity In Filing A Complaint With The State Elections Enforcement Committee**

The Arguments made by the Defendant regarding absolute immunity relation to the abuse of process claims made by the Plaintiffs Cunningham, Cassidy and Syskowski equally apply to the Plaintiff Hinkson and are incorporated herein.

IV.     CONCLUSION

For the foregoing reasons, the defendant respectfully request that summary judgment enter in their favor as to the plaintiffs' Second Amended Complaint, dated November 18, 2002.

Dated on September 5, 2004

By _____

Kenneth John Laska
Segal & Laska, LLC
Drawer A
Plainville, Connecticut 06062
Office       (860) 747-2792
Fax          (860) 747-8609
E-Mail       kenneth.laska@snet.net
Federal Bar Number ct00042

g:\wpfiles\litigation\pavanomarliss\pleadings\motiontodismiss.doc

-26-

# CERTIFICATION

I hereby certify that a copy of the foregoing Appearance was mailed postage prepaid to all parties listed below on the above date.

Ms. Beatrice S. Jordan
Attorney At Law
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

Paul M. Clyons, Esq.
Law Office of Heidi Zultowsky
70 Stanley Drive
New Britain, Connecticut 06050

John A. Barbieri, Esq.
P.O. Box 1445
New Britain, Connecticut 06050

Karen L. Karpie
Attorney at Law
Murphy & Karpie
350 Fairfield Avenue
Bridgeport, Connecticut 06604

Charles E. Vermette, Jr.
Litchfield Cavo, Attorneys at Law
40 Tower Lane, Suite 200
Avon, Connecticut 06001

William T. Barrante, Esq.
Attorney At Law
P.O. Box 273
Watertown, Connecticut 06795

By _____
Kenneth John Laska
Segal & Laska, LLC
Drawer A
Plainville, Connecticut 06062
Office        (860) 747-2792
Fax           (860) 747-8609
E-Mail        kenneth.laska@snet.net
Federal Bar Number ct00042

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062