UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 SEP -8 P 12: 05
U.S. DISTRICT C...

| | |
|---|---|
| John J. Cassidy, William Cunningham, John Mastrianni, Jeannette Hinkson,<br>    Plaintiffs,<br><br>vs.<br><br>Kathryn M. Lawson, Dean Rustic, David Underwood, Daniel Ciesielski, William Petit, Patrick Ringrose, Marliss Pavano, Ronald Pavano, Sr., Barbara Willard, and Gary Willard,<br>    Defendants | Case No.: No. 302cv1688(CFD)<br><br><br><br><br><br>DEFENDANT, RONALD PAVANO, SR.,<br>LOCAL RULE 56(a) 1 STATEMENT |

Pursuant to Rule 56(a) 1 of the Local Rules of Civil Procedure, the defendant, Ronald Pavano, Sr. respectfully submits the following statement of undisputed material facts in support of his Motion for Summary Judgment by adopting the Local Rule 56(A)1 Statement and Exhibits of the defendants William Petit, Patrick Ringrose, and Marliss Pavano, with the modifications listed below:

    1. No Change.

    2. No Change.

    3. No Change.

    4. No Change.

-1-

5. No Change.

6. No Change.

7. The defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the complaint with the SEEC solely because they believed that there were violations of the election laws. (See Affidavit of William Petit, attached as Exhibit C; Affidavit of Patrick Ringrose, attached as Exhibit D; Affidavit of Marliss Pavano, attached as Exhibit E; Affidavit of Ronald Pavano, Sr., attached as Exhibit R. Pavano; Deposition Transcript of William Petit, dated June 23, 2004, attached as Exhibit F, at pp. 16-17, 24, 45; Deposition Transcript of Patrick Ringrose, dated June 23, 2004, attached as Exhibit G, at pp. 12, 15-17, 26-27, 30; Deposition Transcript of Marliss Pavano, dated June 23, 2004, attached as Exhibit H, at pp. 10-11, 35).

8. No Change.

9. No Change. .

10. Defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., did not appear as witnesses, or offer any evidence against the plaintiffs, John Cassidy and William Cunningham, at any of the proceedings before the SEEC. (See Second Amended Complaint, Count One, 22; Deposition Transcript of John Cassidy dated June 29, 2004, attached as Exhibit K, at pp. 47-48; Deposition Transcript of William Cunningham dated June 30, 2004, attached as Exhibit L, at

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

p. 75; Affidavit of William Petit, attached as Exhibit C; Affidavit of Patrick Ringrose, attached as Exhibit D; Affidavit of Marliss Pavano, attached as Exhibit E; Affidavit of Ronald Pavano, Sr., attached as Exhibit R. Pavano.

11. No Change. .

12. Plaintiff John Cassidy's contention that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint to influence the outcome of the election and referendum is based solely upon his assumption that that was the reason for filing the same. (See Deposition Transcript of John Cassidy, Exhibit K, at p. 44).

13. Plaintiff John Cassidy cannot specifically identify any basis for his claim that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint as political payback for his opposition to the referendum. (See Deposition Transcript of John Cassidy, Exhibit K, at pp. 34-35).

14. Plaintiff John Cassidy's contention that the filing of the SEEC complaint constituted an abuse of process is based solely upon his belief that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., had an ulterior motive in filing the complaint. (See Deposition Transcript of John Cassidy, Exhibit K, at pp. 45-47).

15. No Change.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

16. Plaintiff John Cassidy does not believe that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint because of any malicious intent towards him personally. (See Deposition Transcript of John Cassidy, Exhibit K, at pp. 159-161; and at pp 133). Nor does he know of any derogatory statements made by any of the defendants against him. (See Deposition Transcript of John Cassidy, Exhibit K, at pp. 166-167)

17. No Change. .

18. No Change. .

19. Plaintiff William Cunningham's contention that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint against him as political payback is based solely upon his assumption that that was the basis for filing the complaint. (See Deposition Transcript of William Cunningham, Exhibit L, at pp. 58-60). Furthermore the Plaintiff William Cunningham has no evidence that the Defendant Ronald Pavano, Sr. filed the SEEC complaint against him as political payback. (See Deposition Transcript of William Cunningham, Exhibit L, at p. 76)

20. Plaintiff William Cunningham's contention that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint to influence the outcome of the election and referendum is based solely upon his belief that that was the basis for the filing of the complaint. (See

Deposition Transcript of William Cunningham, Exhibit L, at pp. 69-70;). Furthermore the Plaintiff William Cunningham has no evidence that the Defendant Ronald Pavano, Sr. filed the SEEC complaint against him to influence the outcome of the election and referendum. (See Deposition Transcript of William Cunningham, Exhibit L, at [76:20] - [77:2], and [77:3] - [77:10])

21. Plaintiff William Cunningham's contention that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint against him because of a malicious intent directed to him personally is based solely upon his conclusions that that is the case. (See Deposition Transcript of William Cunningham, Exhibit L, at pp. 75-77). Furthermore the Plaintiff William Cunningham has no evidence that the Defendant Ronald Pavano, Sr. filed the SEEC complaint against him with a malicious intent. (See Deposition Transcript of William Cunningham, Exhibit L, at [75:6] - [75:13], and [75:19] - [76:2])

22. No Change. .

23. No Change. .

24. Plaintiff Henry Syskowski's contention that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint as political payback against him is based upon his belief that he received "a lot of

static" in voting against the referendum. (See Deposition Transcript of Henry Syskowski, Exhibit N, at pp. 50-51).

25. Plaintiff Henry Syskowski's contention that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filed the SEEC complaint to influence the outcome of the election is based solely upon his belief that that was the basis of filing the same. (See Deposition Transcript of Henry Syskowski, Exhibit N, at pp. 55-56).

26. Plaintiff Henry Syskowski does not believe that the defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., filing of the SEEC complaint would have influenced the referendum. (See Deposition Transcript of Henry Syskowski, Exhibit N, at p. 56).

27. Defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., did not appear as witnesses, or offer any evidence against the plaintiff, Henry Syskowski, at any of the proceedings before the SEEC. (See Deposition Transcript of Henry Syskowski, Exhibit N, at pp. 57-58).

28. No Change.

29. No Change.

30. No Change.

31. No Change.

32. The defendants' complaint to the SEEC did not name, reference, cite or allege that the 'notice' placed in the November 2001 edition of Plainville's Hometown Connection by plaintiff Jeanette Hinkson was in violation of the election laws. (See SEEC Complaint, Exhibit A; Deposition Transcript of Jeanette Hinkson dated June 29, 2004, attached as Exhibit O, at pp. 124-25, 143; Affidavit of William Petit, attached as Exhibit C; Affidavit of Patrick Ringrose, attached as Exhibit D; Affidavit of Marliss Pavano, attached as Exhibit E; Affidavit of Ronald Pavano, Sr., attached as Exhibit R. Pavano).

33. The defendants did not know who authored the 'notice' placed by plaintiff Jeanette Hinkson in the November 2001 edition of Plainville's Hometown Connection as the information regarding the author and payor of the 'notice' did not become known until she notified the SEEC as to the same. (See Deposition Transcript of Jeanette Hinkson, Exhibit O, at pp. 136-37, 147; Letter to the SEEC dated November 7, 2001, attached as Exhibit P; Affidavit of William Petit, attached as Exhibit C; Affidavit of Patrick Ringrose, attached as Exhibit D; Affidavit of Marliss Pavano, attached as Exhibit E; Affidavit of Ronald Pavano, Sr., attached as Exhibit R. Pavano).

34. No Change.

35. No Change.

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

36. Defendants, William Petit, Patrick Ringrose, Marliss Pavano and Ronald Pavano, Sr., did not offer any statements or evidence against plaintiff Jeanette Hinkson at any of the proceedings before the SEEC. (See Deposition Transcript of Jeanette Hinkson, Exhibit O, at pp. 65-66; Affidavit of William Petit, attached as Exhibit C; Affidavit of Patrick Ringrose, attached as Exhibit D; Affidavit of Marliss Pavano, attached as Exhibit E; Affidavit of Ronald Pavano, Sr., attached as Exhibit R. Pavano;).

37. No Change. .

38. No Change. .

39. No Change.

40. No Change.

41. No Change.

42. No Change. .

43. No Change.

44. Plaintiff Jeanette Hinkson's only fact that the defendant Ronald Pavano Sr. actions constituted an abuse of process was the filing of the SEEC complaint against persons other than herself. (See Deposition Transcript of Jeanette Hinkson, Exhibit O, at p. [189:19] - [190:1])

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

45. Plaintiff Jeannette Hinkson voluntarily told the SEEC that she wrote an illegal advertisement which lead to her being cited by the SEEC and not by any action of the Defendants. (See Deposition Transcript of Jeanette Hinkson, Exhibit O, at p. [124:24] - [125:24]; p. [200:4] - [200:24] p. [204:14] - [205:1])



DEFENDANT,
RONALD PAVANO, Sr.

By _____
Kenneth John Laska
Segal & Laska LLC
Drawer A
Plainville, Connecticut 06062
Office      (860) 747-2792
Fax         (860) 747-8609
E-Mail      kenneth.laska@snet.net
Federal Bar Number ct00042

g:\wpfiles\litigation\pavanomelissa\pleadings\pavano08-xx-04 rule 56(a) stmnt re msj (kjl).doc

Segal & Laska LLC / Attorneys at Law / 63 East Main Street / Plainville, Connecticut 06062

## CERTIFICATION

I hereby certify that a copy of the foregoing Appearance was mailed postage prepaid to all parties listed below on the above date.

Ms. Beatrice S. Jordan
Attorney At Law
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

Paul M. Clyons, Esq.
Law Office of Heidi Zultowsky
70 Stanley Drive
New Britain, Connecticut 06050

John A. Barbieri, Esq.
P.O. Box 1445
New Britain, Connecticut 06050

Karen L. Karpie
Attorney at Law
Murphy & Karpie
350 Fairfield Avenue
Bridgeport, Connecticut 06604

Charles E. Vermette, Jr.
Litchfield Cavo, Attorneys at Law
40 Tower Lane, Suite 200
Avon, Connecticut 06001

William T. Barrante, Esq.
Attorney At Law
P.O. Box 273
Watertown, Connecticut 06795

By _____
Kenneth John Laska
Segal & Laska, LLC
Drawer A
Plainville, Connecticut 06062
Office        (860) 747-2792
Fax           (860) 747-8609
E-Mail        kenneth.laska@snet.net
Federal Bar Number ct00042