UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN J. CASSIDY, ET AL | : | NO.: 302CV1688 (CFD) |
| | : | |
| v. | : | |
| | : | |
| KATHRYN M. LAWSON, ET AL | : | OCTOBER 8, 2004 |

**REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

In their Memorandum of Law in Opposition to Motion for Summary Judgment of Defendants Petit, Ringrose and M. Pavano. dated September 22, 2004, the plaintiffs argue the following: (1) that they have properly stated a claim for abuse of process, (2) that the defendants should not be afforded absolute immunity and have not demonstrated whether said immunity applies to federal claims, (3) that the defendants were acting in their official capacity, (4) that the plaintiffs have established a violation of their First Amendment rights, (5) that the defendants should not be afforded qualified immunity, and (6) that plaintiff Hinkson has properly stated a claim for malicious prosecution. The defendants will address each argument in turn.

As a preliminary matter, it bears note that a court must grant summary judgment where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue as to any material fact. See Miner v. City of Glenn Falls, 999 F.2d 655, 661 (2d Cir. 1993). Following discovery, if the nonmoving party fails to make a sufficient showing on any essential element of its case with respect to which it has the burden of proof, summary judgment is warranted. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Moreover, when a motion for summary judgment has been properly supported by documentary evidence, and sworn testimony and affidavits, the nonmoving party "must present significant probative evidence to create a genuine issue of material fact." Ortiz v. Brymer, Civ. No. 3:02-cv-1369 (JCH)(HBF) (D. Conn. Aug. 17, 2004), citing Soto v. Meachum, Civ. No. B-90-270 (WWE) (D. Conn. Aug. 28, 1991). The nonmoving party may not rely "on mere speculation or conjecture as to the nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986). Thus, the nonmoving party may not establish a genuine issue of material fact by offering contradictory or unsupported statements. See Sec. & Exch. Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Likewise, the nonmoving party cannot rest upon mere allegations, denials, conclusory statements, or arguments that the documents submitted in support of a motion are not credible. See Goenaga v. March of Dimes, 52 F.3d 14, 18 (2d Cir. 1995).

As is more particularly set forth below, the plaintiffs have not established a genuine issue of material fact sufficient to defeat the defendants' Motion for Summary Judgment. Rather, the plaintiffs simply rely upon mere speculation, conclusory and unsupported statements in opposition to the defendants' motion.

**I.      THE PLAINTIFFS' CLAIMS OF ABUSE OF PROCESS FAIL AS A MATTER OF LAW**

In their Memorandum in Opposition, the plaintiffs first argue that their claim of abuse of process is not based on the mere filing of the SEEC complaint, and that they can establish that the defendants used the SEEC process for an improper purpose, namely as a political weapon and to penalize the paper to for publishing articles the defendants did not like. (See Plaintiffs' Memorandum in Opposition, hereinafter referred to as "Opp. Mem.", at p. 7). However, the plaintiffs do not provide or cite to any supporting evidence establishing their

2

contention. Rather, the plaintiffs simply rely upon the conclusory statement as a basis for defeating the defendants' motion. The plaintiffs set forth no evidence to substantiate their claim that the defendants utilized the SEEC complaint process as a political weapon or to penalize the newspaper. In fact, the plaintiffs wholly fail to substantiate how the defendants' filing of the SEEC complaint process constituted a political weapon or a penalization of the newspaper other than their unsupported assertions as to the same. As indicated previously, the plaintiffs cannot rest upon mere allegations, denials, conclusory statements, or arguments that the defendants' testimony submitted in support of their motion are not credible. See Goenaga, supra.

Moreover, the defendants' motive or purpose in filing the SEEC complaint is irrelevant. Liability for an abuse of process does not attach where the process is used for the purpose for which it is intended, even when there is an ***ulterior motive or purpose*** which may benefit the defendant. See Mozzochi v. Beck, 204 Conn. 490, 492, 529 A.2d 171 (1987); Doctor's Associates, Inc. v. Weible, 92 F.3d 108 (2d Cir. 1996).

The plaintiffs further allege that the defendants' purpose for filing the SEEC complaint is other than stated. (See Opp. Mem., at p. 8). In support of this contention, the plaintiffs argue that portions of the defendants' depositions which they submit in support of their motion demonstrates the defendants' real purpose in filing the complaint, namely because they did not like the ads published or the appearance of support of certain candidates. (See id). The plaintiffs go on to cite to the deposition transcripts of defendants Lawson, Petit, Pavano and Ringrose in support of their contention. However, the portions of the deposition transcripts referenced in the plaintiffs' memorandum and Rule 56(a)2 Statement do not support the plaintiffs' contentions. Rather, the plaintiffs have wholly misstated the content of said

3

testimony. A fair reading of the testimony relied upon by the plaintiffs demonstrates that the defendants were concerned about the anonymity of the ads rather than the content of the same.

Finally, the plaintiffs argue that an inference can be drawn that the defendants overtly misused the process once it had begun based upon subsequent newspaper coverage regarding the filing of the complaint. (See Opp. Mem., at p. 9). However, the plaintiffs offer not evidence which establishes that the defendants did, in fact, overtly misuse the SEEC process once it had begun.

Connecticut law is clear that liability for abuse of process attaches only when the offending party overtly misuses the process once the proceeding has begun. See Mozzochi v. Beck, 529 A.2d 171, 174 (1987), citing Varga v. Pareles, 81 A.2d 112, 115 (1951); Doctor's Associates, Inc. v. Weible, 92 F.3d 108 (2d Cir. 1996). The plaintiffs, however, do not allege that the defendants participated in or acted improperly during the SEEC proceedings. In fact, as set forth in the defendants' Memorandum of Law in support of their motion, the plaintiffs concede the contrary. An overt misuse of the proceedings is an essential element of the plaintiffs' abuse of process claim for which they bear the burden of proof. The plaintiffs cannot rely upon mere speculation regarding inferences which may be made as to the same in order to defeat the defendants' Motion for Summary Judgment. As previously stated, following discovery, if the nonmoving party fails to make a sufficient showing on any essential element of its case with respect to which it has the burden of proof, summary judgment is warranted. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

II.    **THE DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY**

The plaintiffs argue that the defendants should not be afforded absolute immunity as they are political individuals who used the SEEC process for political reasons. (See Opp.

4

Case 3:02-cv-01688-CFD    Document 95    Filed 10/12/2004    Page 5 of 12

Mem. at p. 9). The plaintiffs offer no support or legal authority for their claim that the doctrine of absolute immunity is not applicable in this matter.

In addition, the plaintiffs erroneously argue that the Connecticut Appellate Court's ruling in Field v. Kearns, stands solely for the proposition that absolute immunity attaches only to the content of statements made in the course of a quasi-judicial proceeding. (See id.). The plaintiffs, thus, appear to argue that absolute immunity should not apply in this instance as they are not complaining about the content of the defendants' statements to the SEEC. Contrary to the plaintiffs' assertions, the Field ruling explicitly held that the doctrine of absolute immunity extended to the very act of filing the grievance. See Field v. Kearns, 43 Conn. App. 265, 273 (1996).

The Connecticut Supreme Court recently reaffirmed this position. In Craig v. Stafford Construction Inc., ___ Conn. ___ (2004), the Connecticut Supreme Court upheld a ruling that the doctrine of absolute immunity attaches to civilian complaints regarding the conduct of police officers which result in the institution of internal affairs proceedings. In so holding, the Court noted that the doctrine of absolute immunity attaches to a variety of judicial and quasi-judicial proceedings, including election contests. See id., attached as **Exhibit A**, citing Kelly v. Bonney, 221 Conn. 549, 566 (1992). The Court further held that "the policy of affording absolute immunity reflects the unspoken reality that, if there were no absolute immunity, good faith criticism of governmental misconduct might be deterred by concerns about unwarranted litigation." See id. Thus, the court held that absolute immunity applied to the civilian complaint even where the complaint was false, or where it adversely affected the officer's reputation. See id.

5

The above precedent clearly establishes that our public policy mandates the application of absolute immunity to the very filing of complaints with the SEEC. The plaintiffs have offered not support or legal authority for their contention that the defendants are not entitled to absolute immunity in this matter. Accordingly, there exists no genuine issue of material fact that the defendants are afforded absolute immunity in filing the complaint with the SEEC.

### III.  APPLICABILITY OF ABSOLUTE IMMUNITY TO THE FEDERAL CLAIMS

The plaintiffs argue that the defendants have not addressed the applicability of the doctrine of absolute immunity to their federal constitutional claims. (See Opp. Mem., at p. 10). First, the defendants have argued in their Memorandum of Law in Support of Summary Judgment that the plaintiffs' fail to state viable claims pursuant to 42 U.S.C. §1983 as the defendants were not acting in their official capacity. Additionally, the defendants have argued that the plaintiffs have failed to establish a violation of their First Amendment rights and, thus, do not have a viable claim pursuant to 42 U.S.C. §1983. Accordingly, the applicability of the doctrine of absolute immunity to those federal claims would be irrelevant.

Notwithstanding the above, the defendants hereby adopt the arguments set forth in Subsection II of the Amicus Curiae Brief of the State Elections Enforcement Commission filed in support of the defendants' Motion for Summary Judgment, dated, September 1, 2004, which addresses the applicability of absolute immunity to the plaintiffs' federal claims.

### IV.  NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE DEFENDANTS WERE NOT ACTING IN THEIR OFFICIAL CAPACITIES IN FILING THE COMPLAINT WITH THE SEEC

The plaintiffs argue that the defendants acted in their official capacities and under color of state law based solely on the very fact that their signatures on the SEEC complaint included their titles. (See Opp. Mem., at pp. 10-11). The plaintiffs do not, however, offer any support

6

that the defendants were, in fact, acting in their official capacities, or that they were acting under color of state law.

In order to prevail on their claim brought pursuant to 42 U.S.C. §1983, the plaintiffs must establish that the defendants deprived them of their constitutional rights ***under the color of law, and that their actions are properly attributable to the Town of Plainville***. See Adickes v. Kress & Co., 398 U.S. 144, 150 (1970); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). The plaintiffs have not, and cannot make such a showing. In fact, the plaintiffs concede that the sole basis for their claim that the defendants were acting in their official capacities and under color of state law is the manner in which the SEEC complaint was signed. (See Plaintiffs' Rule 56(a)2 Statement, at ¶¶ 17, 22, 28, and 42).

The defendants have each affirmed in affidavits submitted in support of their motion that the were not acting in their official capacities, or in the furtherance of their official duties, in filing the SEEC complaint. (See Exhibits C-E, attached to Memorandum of Law in Support of Motion for Summary Judgment). The plaintiffs are unable to proffer any evidence to the contrary. Accordingly, no genuine issue of material facts exist that the defendants were not acting in their official capacities or under color of state law in filing the SEEC complaint.

**V.    THE PLAINTIFFS CANNOT ESTABLISH A VIOLATION OF THEIR FIRST AMENDMENT RIGHTS**

In their Memorandum in Opposition, the plaintiffs argue that they have established a violation of their First Amendment rights. (See Opp. Mem., at p. 11). In support of this contention, the plaintiffs argue that the have suffered a *past* violation of their First Amendment rights, and that the allegation that they have sustained said past injury is sufficient to establish the elements of their First Amendment violations claim. (See id., at p. 12). Contrary to the plaintiffs' assertions, however, speculative and conclusory statements that they were chilled in

7

their First Amendment rights is insufficient to establish a claim for a First Amendment deprivation.

The plaintiffs have offered no legal authority for their claim that an allegation of a past harm is sufficient to state a claim for a First Amendment violation. The plaintiffs' reliance upon the decision in Laird v Tatum, 408 U.S. 1 (1972) in support of this proposition is unavailing. The plaintiffs contend that the decision in Laird stands for the proposition that they have properly established a violation of their First Amendment rights as they have alleged to have sustained a direct injury as a result of the defendants' conduct. (See Opp. Mem., at p. 12). However, the Laird decision evaluated regulatory, preemptive or compulsory governmental restriction of speech. See Laird, 408 U.S. at 11. The instant action does not involve any such restriction of speech which is regulatory, preemptive or compulsory in nature. Additionally, unlike Laird, the instant matter does not involve the validity of executive or legislative action which is the very action discussed by the Laird court in the quotation relied upon by the plaintiffs. Notwithstanding the above, the Laird court went on to explicitly note that, "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of a specific future harm." Laird, 408 U.S. at 13-14.

In order to sustain a claim for chilling of the First Amendment right to freedom of expression, the plaintiffs must "show that the defendant's actions ***had some actual, non-speculative chilling effect***." Colombo v. O'Connell, 310 F.3d 115, 117 (2d Cir. 2002) (emphasis added). Thus, the plaintiffs must "demonstrate a . . . specific present objective harm or a threat of specific future harm . . . Absent such harm, no justiciable case or controversy exists . . . A plaintiff who does not show he or she has been or will be deterred from speaking alleges a harm too remote to satisfy the injury in fact requirement of standing." Larkin v. West

Hartford, 891 F. Supp. 719, 727 (D. Conn. 1995), citing Laird v. Tatum, 408 U.S. 1, 11, 92 S.Ct. 2318, 2324, 33 L.Ed.2d 154 (1972), Meese v. Keene, 481 U.S. 465, 472, 107 S.Ct. 1862, 1866, 95 L.Ed.2d 415 (1987).  Allegations which are merely broad, simple and conclusory statements are insufficient to state a cause of action pursuant to §1983 for First Amendment rights violations.  See Spear v. West Hartford, 771 F. Supp. 521, 527 (D. Conn. 1991), affirmed, 954 F.2d 63 (2d Cir. 1992).

The plaintiffs each concede that they have and/or would continue to speak and/or publish materials regarding political issues, and have not been prevented from doing the same. (See Plaintiffs' Rule 56(a)2 Statement, at ¶¶ 18, 23, 29; Hinkson Deposition Transcript, Exhibit O to Defendants' Memorandum of Law in Support of Motion for Summary Judgment, at pp. 93-94, 33-34).  The plaintiffs' speculative, indirect and conclusory allegations are insufficient to allege a cause of action pursuant to §1983 for deprivation of the plaintiffs' First and Fourteenth Amendment rights for an alleged deprivation of their freedom of speech.  The defendants are, therefore, entitled to judgment as a matter of law.

## VI.    NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

The plaintiffs have offered no opposing evidence or legal authority demonstrating that the defendants' filing of the SEEC complaint was not objectively reasonable.  Rather, the plaintiffs argue that the defendants were not engaged in discretionary functions.  (See Opp. Mem., at p. 14).  Contrary to the plaintiffs' assertions, the discretionary nature of the defendants' actions is not an element of the qualified immunity doctrine.  Rather, the defendants' actions must have been objectively reasonable.  The plaintiffs may not establish a genuine issue of material fact as to the applicability of the doctrine of qualified immunity by offering contradictory or unsupported statements.  The defendants are, therefore, entitled to

summary judgment with regard to the Second, Sixth and Eighth Counts of the Second Amended Complaint.

### VII.   PLAINTIFF HINKSON'S MALICIOUS PROSECUTION CLAIM FAILS AS A MATTER OF LAW

There exists no genuine issue of material fact that the defendants did not institute an action against the plaintiff. Plaintiff Jeanette Hinkson concedes that she placed the subject 'notice' in the November 2001 edition of Plainville's Hometown Connection. (See Plaintiff's Rule 56(a)2 Statement, ¶31). The plaintiff further concedes that the defendants' complaint to the SEEC did not name, reference, cite or allege that the 'notice' placed by her in the November 2001 edition of Plainville's Hometown Connection was in violation of the election laws. (See id., at ¶32). Finally, the plaintiff concedes that the defendants did not know who authored the 'notice' placed by her in the paper as the information regarding the author and payor of the 'notice' did not become known until she notified the SEEC as to the same. (See id., at ¶33). Thus, the defendants cannot be held to have instituted an action against the plaintiff in this matter.

Moreover, the plaintiff does not contend that the defendants filed the SEEC complaint with any malice or intent to penalize her personally. (See Hinkson Deposition Transcript, Exhibit O to Defendants' Memorandum of Law in Support of Motion for Summary Judgment, at pp. 61-64). Accordingly, the plaintiff has failed to state a cause of action for malicious prosecution against the defendants.

Notwithstanding the above, the defendants are immune from the plaintiff's claims of malicious prosecution pursuant to the doctrine of absolute immunity. See Field v. Kearns, supra. The defendants are, therefore, entitled to judgment as a matter of law.

10

DEFENDANTS,
WILLIAM PETIT, PATRICK RINGROSE and
MARLISS PAVANO


By  /s/ Beatrice S. Jordan
   Beatrice S. Jordan
   ct22001
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 8th day of October, 2004.

| | |
|---|---|
| William T. Barrante<br>P.O. Box 273<br>Watertown, CT 06795 | John A. Barbieri, Esquire<br>18 Cedar Street<br>P.O. Box 1445<br>New Britain, CT 06050 |
| Charles E. Vermette, Jr., Esquire<br>Deborah E. Roser, Esquire<br>Melicent B. Thompson, Esquire<br>Litchfield Cavo<br>40 Tower Lane<br>Suite 200<br>Avon, CT 06001 | Kenneth J. Laska, Esquire<br>Segal & Laska, LLC<br>63 East Main Street<br>Plainville, CT 06062<br><br>Karen L. Karpie, Esquire<br>Murphy and Karpie<br>350 Fairfield Avenue<br>Bridgeport, CT 06604 |
| Paul M. Clyons, Esquire<br>Law Offices, Heidi Zultowski<br>700 Stanley Drive<br>P.O. Box 9011<br>New Britain, CT 06050-9948 | Jane R. Rosenberg, Esquire<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120 |

                                                                                                                   /s/ Beatrice S. Jordan
                                                                                                                   Beatrice S. Jordan