UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL.,                                    NO. 3:02CV1688(CFD)

        Plaintiffs

v.

KATHRYN M. LAWSON, ET AL.,

        Defendants                                    OCTOBER 13, 2004

**LOCAL RULE 56(a)2 STATEMENT**
**RE: DANIEL CIESIELSKI**

Pursuant to Rule 56(a)2 of the Local Rules of Civil Procedure, the plaintiffs adopt

the Rule 56(a)2 Statement of their memorandum in opposition to the motion for summary

judgment of defendants Petit, Ringrose and M. Pavano (hereafter, the Principal

Memorandum or Prin. Mem.).  The plaintiffs also adopt the Exhibits attached to their

Principal Memorandum.

As to the Third Count of the Second Amended Complaint, the plaintiff John

Mastrianni hereby responds to the defendant Daniel Ciesielski's statement of undisputed

material facts (dated September 10, 2004), as follows:

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Denied.  Both statements are defamatory.

The plaintiffs also set forth the following disputed material facts:

1.   One of defendant Ciesielski's major concerns in filing the SEEC Complaint (Exhibit 1 to Prin. Mem.) was the content of the advertisement on page 5 of the November 2001 edition of the Hometown Connection. (Witness Statement by Daniel Ciesielski, SEEC Complaint, Exhibit 1 to Prin. Mem.).

2.   The statements admittedly made by defendant Ciesielski about plaintiff Mastrianni's opposition to the Linden Street School project, which defendant Ciesielski strongly supported, that plaintiff Mastrianni put out false information intentionally, were an attack on the character and integrity of Mr. Mastrianni. (Second Amended Complaint, Third Count, par. 12).

3.   Although defendant Ciesielski had the opportunity to retract or clarify the statements he made against Mr. Mastrianni, he refused and failed to do so. (Second Amended Complaint, Third Count, par. 15; letter from counsel to defendant, July 11, 2002, attached to the Memorandum of Law as plaintiffs' **Exhibit 18**).

4.   Because the school referendum was defeated, defendant Ciesielski harbored malice and/or ill will against plaintiff Mastrianni, blaming him in part for defeat of the referendum. (Second Amended Complaint, Third Count, par. 13; Ciesielski Dep., Def. Exhibit 4, at 24, "infamous red flyer").

5.   The statements that defendant Ciesielski acknowledges that he made against Mr. Mastrianni were intended to injure the reputation of Mr. Mastrianni and his standing

2