02cv1688-56

FILED

2004 OCT 27 A 10: 33

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL.,                    NO. 3:02CV1688(CFD)

    Plaintiffs

v.

KATHRYN M. LAWSON, ET AL.,

    Defendants                    OCTOBER 19, 2004

**PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT
RE: RONALD PAVANO, SR.**

The plaintiffs, pursuant to Rule 56(a)2 of the Local Rules of Civil Procedure, submit this response to defendant Ronald Pavano, Sr.'s Local Rule 56(a)1 Statement, as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied.
8. Admitted.
9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied. There was anger against him about the school referendum. (See Transcript of John Cassidy, Exhibit K to Petit/Ringrose/Pavano memorandum, at 159-161.) Defendant Ringrose made derogatory remarks about plaintiff Cassidy. (Id., at 166-167).

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Denied..

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied.

38. Denied.

39. Statement not clear.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

The plaintiffs hereby present the following material issues of fact with respect to

the summary judgment motion of defendant Ronald Pavano, Sr.:

1. The alleged violations of state election laws by plaintiffs were only a pretext for defendants' filing of the SEEC Complaint. They were actually concerned about the content of certain of the published advertisements and their effect on both the election and the Linden Street School referendum. (See Witness Statement of Daniel Ciesielski in certified copy of SEEC Complaint, dated November 1, 2001, attached as **Exhibit 1** to plaintiffs' memorandum of law in opposition to summary judgment motion of defendants Petit/Ringrose/Pavano, dated September 22, 2004 [hereafter plaintiffs' Prin. Mem.]; Deposition Transcript of Kathryn Lawson, dated June 29, 2004, attached as **Exhibit 2** to Prin. Mem., at 30-32, 36. 41. 49; Deposition Transcript of William Petit, dated June 23, 2004, attached as **Exhibit 2** to Prin. Mem., at 16-17, 23-24).

2. Defendants' SEEC Complaint (**Exhibit 1** to Prin. Mem.) was also filed to penalize the Hometown Connection newspaper for publishing the political advertisements of plaintiffs Cassidy, Cunningham and Syskowski in its November 2001 edition. (See Deposition Transcript of Marliss Pavano, June 23, 2004, **Exhibit 4** to Prin. Mem., at 46-48).

3. The principal target of the SEEC Complaint was the Hometown Connection newspaper and the people associated with it, including plaintiff Hinkson. (See Marliss Pavano Dep., **Exhibit 4** to Prin. Mem., at 46-48; Petit Dep., **Exhibit 3** to Prin. Mem., at 33, 45).

4

4. Defendant Ronald Pavano, Sr., had political reasons for taking action against the Hometown Connection, a newspaper associated with a political rival, Helen Bergenty. (See Marliss Pavano Dep., **Exhibit 4** to Prin. Mem., at 39-41; Deposition transcript of Jeannette Hinkson, June 29, 2004, **Exhibit 5** to Prin. Mem., at 35-36).

5. A common political bond of all the defendants, including Ronald Pavano, Sr., was their support of the Linden Street School referendum. (See Lawson Dep., **Exhibit 2** to Prin. Mem., at 26-28).

6. The SEEC Complaint signed by defendants encompassed not only the November 2001 edition of the Hometown Connection but also anyone who placed a political ad or notice in it, including Helen Bergenty and plaintiff Jeannette Hinkson. (See letter from SEEC to Jeannette Hinkson, November 13, 2001, **Exhibit 6** to Prin. Mem.; letter from Assistant Attorney General Susan Cobb to William T. Barrante, November 6, 2003, **Exhibit 7** to Prin. Mem.; SEEC Final Decision regarding Helen Bergenty, **Exhibit 8** to Prin. Mem.; SEEC Findings and Conclusions re Jeannette Hinkson, **Exhibit 9** to Prin. Mem.).

7. The defendants, including Ronald Pavano, Sr., were upset that, shortly before the November 2001 election, the Hometown Connection published advertisements opposed to passage of the Linden Street School referendum and also an ad urging the election of petitioning candidates along with some Republicans, and a page of ads by the

5

petitioning candidates, who were opposed to the referendum. (See Lawson Dep., **Exhibit 2** to Prin. Mem., at 56-57; Ringrose Dep., **Exhibit 10** to Prin. Mem., at 17, 24-27).

8. By filing the SEEC Complaint on November 2, 2001, the defendants knew there would be publicity about the Complaint before election day and that this might lessen the newspaper's effect on the election or the referendum. (See Deposition Transcript of David Underwood, December 9, 2003, **Exhibit 11** to Prin. Mem., at 34).

PLAINTIFFS

By _____
William T. Barrante
Fed. Bar No. CT10677
P.O. Box 273
Watertown, CT 06795
(860) 379-9885
Telefax (860) 738-4906
E-mail: william.barrante@snet.net

## CERTIFICATION

I certify that on October 22, 2004 a copy of the foregoing was mailed to counsel of record and to the Assistant Attorney General, as per the Certification that appears at the end of plaintiffs' Memorandum of Law.

_____
William T. Barrante