UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, WILLIAM CUNNINGHAM,
JOHN MASTRIANNI, JEANNETTE HINKSON,
and HENRY R. SYSKOWSKI, JR.,

                Plaintiffs

v.

KATHRYN M. LAWSON, DEAN A. RUSTIC,
DAVID UNDERWOOD, DANIEL CIESIELSKI,
WILLIAM PETIT, PATRICK RINGROSE,
MARISS PAVANO, RONALD PAVANO, SR.,
BARBARA WILLARD and GARY WILLARD,

                Defendants

NO. 3:02CV1688(CFD)

NOVEMBER 12, 2004

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT MOTION OF KATHRYN M. LAWSON

The plaintiffs submit this Memorandum of Law in opposition to the summary judgment motion of defendant Kathryn M. Lawson. Plaintiffs hereby adopt all the facts and arguments presented in their Memorandum of Law (dated September 22, 2004) in opposition to the summary judgment motion of defendants Petit, Ringrose and Marliss Pavano (hereafter referred to as Principal Memorandum or Prin. Mem.). Plaintiffs also adopt all the exhibits attached to their Principal Memorandum, in particular the Deposition of Kathryn M. Lawson, June 29, 2004, **Exhibit 2** to the Prin. Mem. (hereafter, Lawson Dep.). Also, plaintiffs adopt the facts and arguments set forth in their memorandum of law in opposition to the amicus curiae brief submitted by the State

Elections Enforcement Commission (SEEC).

The alleged violation of campaign finance laws was only a pretext for defendant Lawson's filing of the SEEC Complaint (Exhibit 1 to Prin. Mem.). The following facts should make that clear:

(1) In late October and early November 2001, defendant Lawson was not concerned about compliance with state election laws. (Lawson Dep., 30-32). It was only after she saw the November 2001 edition of the Hometown Connection newspaper (hereafter, the Newspaper) that she became concerned, and that's when she did some research and contacted the SEEC. (Lawson Dep., 12-13, 15).

(2) Defendant Lawson did not like the content of certain political ads that appeared in the Newspaper. She thought the ad on page 5 was "vicious." She was offended and upset about certain ads. (Lawson Dep., at 30-32, 41). It was the content of the ads, not the alleged legal improprieties, that upset her. Id. This was the first time she became concerned enough to do anything about political ads. Id., 49.

(3) Like the other defendants, defendant Lawson was in favor of passage of the Linden Street School referendum, which was on the ballot in the November 2001 municipal election. (Lawson Dep., 26-28).

(4) She was especially concerned about the page 17 ad, which urged people to vote "No" in the referendum. This was a concern of all the defendants. (Lawson Dep., at 36).

2

(5) Defendant Lawson believed the page 17 ad might affect the outcome of the referendum. (Lawson Dep., at 56-57).

There was thus a political purpose for bringing the SEEC Complaint. Publicity about the charges would put the Newspaper and the petitioning candidates in a bad light. And because "content" was an overriding concern, freedom of the press was infringed. As set forth in the Principal Memorandum, if there was a political purpose for bringing the SEEC Complaint, affecting freedom of the press, then defendants abused the SEEC Complaint process, which was not designed to be a political weapon. As set forth on page 3 of the Principal Memorandum, all the plaintiffs opposed passage of the referendum, and thus were natural targets of the defendant Lawson's upset and concern about the content of the Newspaper. Plaintiffs may complain about the improper attack against the Newspaper as they were also cited by the SEEC as a result of the Complaint. The alleged election law violations were only a pretext for taking political action.

Defendant Lawson's motion for summary judgment should be denied.

PLAINTIFFS

By /s/ William T. Barrante
William T. Barrante
Fed. Bar No. CT10677
P.O. Box 273
Watertown, CT 06795
(860) 379-9885
Telefax (860) 738-4906
E-mail: william.barrante @snet.net

3

## CERTIFICATION

I certify that on November 15, 2004 a copy of the above was mailed to:

Atty. Beatrice S. Jordan
65 Wethersfield Avenue
Hartford, CT 06114

Atty. Charles E. Vermette, Jr.
40 Tower Lane, Ste 200
Avon, CT 06001

Atty. John Barbieri
P.O.Box 1445
New Britain, CT 06050

AAG Jane Rosenberg
P.O. Box 120
Hartford, CT 06141-0120

Atty. Kenneth John Laska
Drawer A, 63 East Main Street
Plainville, CT 06062

Atty. Paul M. Clyons
P.O. Box 9011
New Britain, CT 06050

Atty. Karen L. Karpie
350 Fairfield Avenue
Bridgeport, CT 06604

_____
William T. Barrante

4