UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CASSIDY                          NO. 302cv1688(CFD)
WILLIAM CUNNINGHAM
JOHN MASTRIANNI
JEANNETTE HINKSON
HENRY R. SYSKOWSKI, JR.

v.

KATHRYN M. LAWSON, DEAN A.
RUSTIC, DAVID UNDERWOOD,
DANIEL CIESIELSKI, WILLIAM PETIT,
PATRICK RINGROSE, MARLISS
PAVANO, RONALD PAVANO, SR.,
BARBARA WILLARD and
GARY WILLARD                             MARCH 15, 2005


**SUBSTITUTE THIRD AMENDED COMPLAINT**

**FIRST COUNT**

### I. JURISDICTION

1.   This court has jurisdiction of this count in that this case was removed to this

court pursuant to Title 28, United States Code, Sections 1441, 1443, and 1446.

### II. PARTIES

2.   The plaintiffs John J. Cassidy and William E. Cunningham are residents of

the Town of Plainville, Connecticut.

3.   The defendant Kathryn M. Lawson in November 2001 was a resident of Plainville, Connecticut.

4.   The defendant Dean A. Rustic in November 2001 was a resident of Plainville, Connecticut, and was vice chairman of Citizens for New Linden Street School.

5.   The defendant David Underwood in November 2001 was a resident of Plainville, Connecticut, and was chairman of the Plainville Republican Town Committee.

6.   The defendant Daniel Ciesielski in November 2001 was a resident of Plainville, Connecticut, and was chairman of the Plainville Democratic Town Committee.

7.   The defendant William Petit in November 2001 was a resident of Plainville, Connecticut, and was a Republican member of the Plainville Town Council.

8.   The defendant Patrick Ringrose in November 2001 was a resident of Plainville, Connecticut, and was a Democratic member of the Plainville Board of Education.

9.   The defendant Marliss Pavano in November 2001 was a resident of Plainville, Connecticut, and was a Republican member of the Plainville Board of Education.

10.  The defendant Barbara Willard in November 2001 was a resident of Plainville, Connecticut, and was president of the Linden Street School PTO.

2

11.  The defendant Ronald Pavano, Sr. in November 2001 was a resident of Plainville, Connecticut, and was a member of the Plainville Republican Town Committee.

12.  The defendant Gary Willard in November 2001 was a resident of Plainville, Connecticut.

13.  The aforesaid defendants will hereafter be referred to in this Count as "the defendants."

### III. OPERATIVE FACTS

14.  In the November 2001 municipal election, the plaintiffs Cassidy and Cunningham were petitioning candidates for seats on the Plainville Town Council.

15.  Also on the ballot in that election was a referendum question regarding a new Linden Street School building, which project the plaintiffs opposed.

16.  As part of their respective campaigns for that office, the plaintiffs Cassidy and Cunningham each purchased a separate political advertisement in the November 2001 edition of *Plainville's Hometown Connection*, a monthly newspaper circulated in the Town of Plainville.

17.  The advertisement for each of the aforesaid plaintiffs contained the notation "Paid for by" with the respective candidate's name, as required by Section 9-333w of the Connecticut General Statutes.  None of these advertisements, however, set forth the address of either plaintiff.

3

18. The defendants supported a "yes" vote in the Linden Street School referendum mentioned in Paragraph 15 above, and opposed the election to the Town Council of the plaintiffs Cassidy and Cunningham, who opposed the Linden Street School project.

19. On or about November 1, 2001, the defendants filed a complaint with the State Elections Enforcement Commission, charging each of the plaintiffs with violating Section 9-333w of the Connecticut General Statutes for failure to include any addresses in their respective advertisements in the November 2001 edition of *Plainville's Hometown Connection*.

20. Section 9-333w of the Connecticut General Statutes does not specifically require any "candidate" to place an address after his name in a political advertisement.

21. The defendants' aforesaid complaint was part of a campaign by defendants to penalize the aforesaid newspaper for publishing plaintiffs' political advertisements and for publishing other political advertisements that defendants opposed.

22. In response to the defendants' complaint, the State Elections Enforcement Commission (hereafter also referred to as "the Commission") cited each of the plaintiffs for a purported violation of Section 9-333w, and summoned each of them to a hearing before the Commission, at which each of them was found to be in violation of the statute. None of the defendants appeared as a witness in any of the proceedings of the Commission.

4

23. The defendants brought the aforesaid complaint to the Commission to penalize the plaintiffs for their opposition to the Linden Street School project, to influence the outcome of both the November 2001 election and the Linden Street School referendum, and to penalize the newspaper.

24. Because of the purposes set forth in Paragraphs 21 and 23 above, the defendants' filing of the aforesaid complaint with the State Elections Enforcement Commission resulted in an abuse of process.

## IV. INJURIES AND DAMAGES

25. As a result of the aforesaid abuse of process, the defendants injured and damaged the plaintiffs in the following respects:

(a) By causing the plaintiffs to appear before the Commission to defend themselves;

(b) By causing the plaintiffs to be threatened by the Commission with a possible fine;

(c) By causing the plaintiffs a loss of time and money to defend themselves;

(d) By causing damage to the plaintiffs' reputations in the community;

(e) By adversely affecting the plaintiffs' standings in the November 2001 election even though the plaintiffs followed the letter of the statute in putting their respective advertisements in the newspaper;

(f) By intimidating the plaintiffs with respect to the exercise of their rights to

5

freedom of speech and freedom of the press, as protected by the First and Fourteenth

Amendments to the United States Constitution.

26. In bringing the aforesaid complaint to the State Elections Enforcement

Commission, the defendants acted willfully and maliciously.

## SECOND COUNT

### I. JURISDICTION

1. The court has jurisdiction over this count under Title 42, United States Code,

Section 1983 and pursuant to Title 28, United States Code, Sections 1331, 1343(3), 1441,

1442 and 1446.

### II. PARTIES

2. Paragraphs 2 through 12 of the First Count are made Paragraphs 2 through 12

of the Second Count.

### III. OPERATIVE FACTS

13. The defendants William Petit, Patrick Ringrose, and Marliss Pavano were, in

November 2001, public officials in the Town of Plainville.

14. Paragraphs 14 through 23 of the First Count are made Paragraphs 14 through

23 of the Second Count.

24. The plaintiffs had the right, as protected by the First and Fourteenth

Amendments to the United States Constitution, to purchase political advertisements in

support of their respective candidacies to the Plainville Town Council without publishing

6

any addresses, in that

(a)  no Connecticut statute specifically required the plaintiffs to publish any addresses in their respective political advertisements;

(b)  any such statute would constitute an unlawful regulation of political speech; and

(c)  the fact that candidates for the same office were not required to publish any addresses in political advertisements if they ran on a party ticket or were backed by a political committee constituted a denial of equal protection to plaintiffs, who ran as petitioning candidates without having formed any committees.

25.  The plaintiffs also had the right to run for political office without being harassed by defendants William Petit, Patrick Ringrose and Marliss Pavano for a relatively minor violation of what was purported to be state election law, a right also protected by the First and Fourteenth Amendments to the United States Constitution.

26.  The aforesaid conduct of the defendants William Petit, Patrick Ringrose, and Marliss Pavano was done in their capacities as public officials in the Town of Plainville and constituted an infringement of plaintiffs' aforesaid rights, in violation of Title 42, United States Code, Section 1983.

### IV.     INJURIES AND DAMAGES

27. As a result of the aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano in violating plaintiffs' civil rights, the plaintiffs were

injured as set forth in Paragraph 25 of the First Count.

28. The aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano was willful and malicious.

**THIRD COUNT**

### I. JURISDICTION

1. The court has jurisdiction over this count in that this case was removed to this court pursuant to Title 28, United States Code, Sections 1441, 1443 and 1446.

### II. PARTIES

2. The plaintiff John Mastrianni is a resident of Plainville, Connecticut, and operates a communications business known as Information Communications Design, LLC.

3. At all times  mentioned in this amended complaint, the defendant Daniel Ciesielski was chairman of the Plainville Democratic Town Committee.

### IV. OPERATIVE FACTS

4. In November 2001, the Town of Plainville conducted a referendum regarding the construction of a new Linden Street School.

5. The plaintiff John Mastrianni, as a private citizen,  opposed construction of such a new school, and urged voters in Plainville to vote "no" in that referendum.

8

6.   As part of his campaign in opposition to approval of the school construction project, the plaintiff Mastrianni distributed a flier urging defeat of the project.

7.   The defendant Daniel Ciesielski supported a "yes" vote that that referendum.

8.   The school project was defeated in the referendum.

9.   In an interview published in the February 23, 2002 issue of *The Herald*, a daily newspaper published in New Britain and distributed in Plainville and surrounding towns, the defendant Ciesielski  said that plaintiff Mastrianni had spread incorrect information about the school project, which he said plaintiff Mastrianni knew was incorrect, and  he said, "I think he put the information out intentionally."

10.  The aforesaid statements by defendant Ciesieski about the plaintiff Mastrianni were false, and constituted a libel against the plaintiff.

11.  Defendant Ciesielski's aforesaid statements were unfounded charges made by the leader of a political party against a private citizen.

12.  The aforesaid statements by defendant Ciesielski impugned the character and integrity of the plaintiff Mastrianni.

13.  The defendant Ciesielski made the aforesaid false statements with malice and/or ill will against the plaintiff Mastrianni.

9

## IV. INJURIES AND DAMAGES

14. As a result of the aforesaid libelous conduct by defendant Ciesielski, the plaintiff and his reputation in the community have been damaged.

15. The plaintiff, through counsel, gave the defendant Ciesielski an opportunity to retract the aforesaid statements, in accordance with Section 52-237 of the Connecticut General Statutes, but the defendant Ciesielski refused to do so.

## FOURTH COUNT

### I. JURISDICTION

1. The court has jurisdiction over this count in that this case was removed to this court pursuant to Title 28, United States Code, Sections 1441, 1443 and 1446.

### II. PARTIES

2. The plaintiff Jeannette Hinkson was, in and before November 2001, a resident of Plainville, Connecticut, and a principal of *Plainville's Hometown Connection*, a monthly newspaper distributed in the Town of Plainville (hereafter referred to as "the newspaper").

3. Paragraphs 3 through 13 of the First Count are made Paragraphs 3 through 13 of the Fourth Count.

### III. OPERATIVE FACTS

14. In November 2001, the Town of Plainville conducted a municipal election.

15. In the November 2001 edition of the newspaper, the plaintiff Hinkson

placed a notice, which urged Plainville voters to go to the polls to vote in the municipal election.

16. The aforesaid notice did not endorse any candidate or political party, but urged voters to vote "for the person you feel will represent you."

17. On or about November 1, 2001, the defendants filed a complaint with the State Elections Enforcement Commission (hereafter, "the Commission"), charging the plaintiff Hinkson with violating Sections 9-333d, 9-333f and 9-333w of the General Statutes for placing the aforesaid notice in the newspaper.

18. On or about November 13, 2001, the Commission cited the plaintiff Hinkson to answer the aforesaid charges.

19. The plaintiff Hinkson appeared before the Commission to defend herself.

20. On February 20, 2002, the Commission found that the plaintiff Hinkson did not violate any law in placing the aforesaid notice in the newspaper.

21. At the time the defendants brought the aforesaid complaint to the Commission, the defendants had also brought similar complaints to the Commission against the plaintiffs John J. Cassidy and William Cunningham, as set forth in the First Count.

22. The defendants' aforesaid complaint against the plaintiff Hinkson was part of a campaign or movement by the defendants to penalize the plaintiffs Cassidy and Cunningham for supporting defeat of a referendum question on building a new Linden

11

Street School and to penalize the newspaper for publishing plaintiffs Cassidy and Cunningham's political advertisements and for publishing other political advertisements that defendants opposed.

23. The defendants' aforesaid complaint against plaintiff Hinkson was completely unfounded.

24. The purpose of the defendants' aforesaid complaint against plaintiff Hinkson was to penalize plaintiff Hinkson for associating herself with the other plaintiffs in this action and with the newspaper.

25. Because of the purposes set forth in Paragraphs 22 and 24 above, the defendants' filing of the aforesaid complaint with the Commission resulted in an abuse of process.

### IV. INJURIES AND DAMAGES

26. As a result of the aforesaid abuse of process, the defendants injured and damaged the plaintiff Hinkson in the following respects:

(a) By causing her to appear before the Commission to defend herself;

(b) By causing her to be threatened by the Commission with a possible fine;

(c) By causing her a loss of time and money to defend herself;

(d) By causing damage to her reputation in the community;

(e) By threatening her freedom to publish items in the newspaper; and

(f) By causing her anxiety, possibly affecting her health.

12

27. In bringing the aforesaid complaint to the Commission, the defendants acted willfully and maliciously.

**FIFTH COUNT**

### I. JURISDICTION

1.  Paragraph 1 of the Fourth Count is made Paragraph 1 of the Fifth Count.

### II. PARTIES

2.  Paragraphs 2 through 13 of the Fourth Count are made Paragraphs 2 through 13 the Fifth Count.

### III. OPERATIVE FACTS

14. Paragraphs 14 through 24 of the Fourth Count are made Paragraph 14 through 24 of the Fifth Count.

25. The defendants' filing of the aforesaid complaint with the Commission constituted a malicious prosecution.

### IV. INJURIES AND DAMAGES

26. As a result of the aforesaid malicious prosecution, the defendants injured and damaged the plaintiff Hinkson as set forth in Paragraph 26 of the Fourth Count.

27. The aforesaid conduct of the defendants was willful and malicious.

13

**SIXTH COUNT**

### I. JURISDICTION

1. Paragraph 1 of the Second Count is made Paragraph 1 of the Sixth Count.

### II. PARTIES

2. Paragraphs 2 through 12 of the Fourth Count are made Paragraphs 2 through 12 of the Sixth Count.

### III. OPERATIVE FACTS

13. The defendants William Petit, Patrick Ringrose, and Marliss Pavone were, in November 2001, public officials in the Town of Plainville.

14. Paragraphs 14 through 24 of the Fourth Count are made Paragraphs 14 through 24 of the Sixth Count.

25. The plaintiff Hinkson had a right, under the First and Fourteenth Amendments to the United States Constitution, to publish the notice set forth in Paragraph 15 above.

26. The aforesaid conduct of the defendants William Petit, Patrick Ringrose and Marliss Pavano was done in their capacities as public officials in the Town of Plainville and constituted an infringement of plaintiff Hinkson's aforesaid right to freedom of the press, in violation of Title 42, United States Code, Section 1983.

## IV. INJURIES AND DAMAGES

27.  As a result of the aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano in violating plaintiff Hinkson's civil rights, those defendants injured and damaged the plaintiff Hinkson as set forth in Paragraph 26 of the Fourth Count.

28.  The aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano was willful and malicious.

**SEVENTH COUNT**

### I. JURISDICTION

1.  Paragraph 1 of the First Count is made Paragraph 1 of the Seventh Count.

### II. PARTIES

2.  The plaintiff Henry R. Syskowski, Jr. is a resident of Plainville, Connecticut.

3.  Paragraphs 3 through 13 of the First Count are made Paragraphs 3 through 13 of the Seventh Count.

### III. OPERATIVE FACTS

14. In the November 2001 municipal election the plaintiff Syskowski was a petitioning candidate for a seat on the Plainville Town Council.

15. Also on the ballot in that election was a referendum question regarding a new Linden Street School building.

16. As part of his campaign for that office, plaintiff Syskowski purchased a political advertisement in the November 2001 edition of *Plainville's Hometown*

*Connection*, a monthly newspaper circulated in the Town of Plainville.

17. Plaintiff's advertisement contained the notation "Paid for by" with his name, as required by Section 9-333w of the Connecticut General Statutes, but did not contain his address.

18. The defendants supported a "yes" vote in the Linden Street School referendum mentioned in Paragraph 15 above, and opposed plaintiff Syskowski's election to the Town Council

19. On or about November 1, 2001, the defendants filed a complaint with the State Elections Enforcement Commission, charging plaintiff with violating Section 9-333w of the Connecticut General Statutes for failure to include any address in his aforesaid political advertisement.

20. Section 9-333w of the Connecticut General Statutes does not specifically require any "candidate" to place any address after his name in a political advertisement.

21. The defendants' aforesaid complaint was part of a campaign by defendants to penalize the aforesaid newspaper for publishing plaintiff's political advertisement and for publishing other political advertisements that defendants opposed.

22. In response to the defendants' complaint, the State Elections Enforcement Commission (hereafter also referred to as "the Commission") cited plaintiff Syskowski for a purported violation of Section 9-333w, and threatened him with a fine.

16

23. At some time before February 19, 2002, the Commission persuaded plaintiff Syskowski to sign an Agreement, in which plaintiff acknowledged that he unintentionally violated Section 9-333w by failing to include an address after his name in the aforesaid political advertisement. Plaintiff signed this Agreement on February 19, 2002.

24. The Commission thereupon issued an Order, dated February 19, 2002, that the plaintiff shall henceforth "strictly comply" with the requirement of Section 9-333w.

25. The defendants brought the aforesaid complaint to the Commission to penalize plaintiff for his opposition to the school project and for other political statements, to influence the outcome of the election and referendum, and to penalize the aforesaid newspaper.

26. Because of the purposes set forth in Paragraphs 21 and 25 above, the defendants' filing of the aforesaid complaint with the State Elections Enforcement Commission resulted in an abuse of process.

## IV. INJURIES AND DAMAGES

27. As a result of the aforesaid abuse of process, the defendants injured and damaged the plaintiff in the following respects:

(a) By causing him to appear before the Commission to defend himself;

(b) By causing him to be threatened by the Commission with a possible fine;

(c) By causing him a loss of time and money to defend himself;

(d) By causing damage to his reputation in the community;

17

(e) By adversely affecting his standing in the November 2001 election even though he followed the letter of the statute in putting his advertisement in the newspaper;

(f) By intimidating him with respect to the exercise of his rights to freedom of speech and freedom of the press, as protected by the First and Fourteenth Amendments of the United States Constitution; and

(g) By causing him anxiety, possibly affecting his health.

28. In bringing the aforesaid complaint to the Commission, the defendants acted willfully and maliciously.

**EIGHTH COUNT**

### I. JURISDICTION

1. Paragraph 1 of the Second Count is made Paragraph 1 of the Eighth Count.

### II. PARTIES

2. Paragraphs 2 through 12 of the Seventh Count are made Paragraphs 2 through 12 of the Eighth Count.

### III. OPERATIVE FACTS

13. The defendants William Petit, Patrick Ringrose and Marliss Pavano were, in November 2001, public officials of the Town of Plainville.

14. Paragraphs 14 through 25 of the Seventh Count are made Paragraphs 14 through 25 of the Eighth Count.

26. The plaintiff had a right, as protected by the First and Fourteenth Amendments to the United States Constitution, to purchase a political advertisement in support of his election to the Plainville Town Council without publishing any address, in that

(a) no Connecticut statute specifically required him to publish any address in his political advertisement;

(b) any such statute would constitute an unlawful regulation of political speech; and

(c) the fact that candidates for the same office were not required to publish any addresses in political advertisements if they ran on a party ticket or were backed by a political committee constituted a denial of equal protection to plaintiff, who ran as a petitioning candidate without having formed any committee.

27. The plaintiff also had the right to run for political office without being harassed by defendants William Petit, Patrick Ringrose and Marliss Pavano for a relatively minor violation of what was purported to be state election law, a right also protected by the First and Fourteenth Amendments to the United States Constitution.

28. The aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano was done in their capacities as public officials of the Town of Plainville

and constituted an infringement of plaintiff's aforesaid rights, in violation of Title 42, United States Code, Section 1983.

IV. INJURIES AND DAMAGES

29. As a result of the aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano in violating plaintiff's civil rights, plaintiff was injured as set forth in Paragraph 27 of the Seventh Count.

30. The aforesaid conduct of defendants William Petit, Patrick Ringrose and Marliss Pavano was willful and malicious.

Wherefore, the plaintiffs claim:

1. Compensatory damages in the amount of $100,000.00

2. Punitive damages in the amount of $1,000,000.00;

3. With respect to the Second, Sixth and Eighth Counts, attorney's fees under Title 42, United States Code, Section 1988.

4. Jury trial with respect to the damage claims.

5. A declaratory judgment that Section 9-333w(a) of the Connecticut General Statutes does not require any petitioning candidate for public office who does not form a campaign committee to place an address in any political advertisement and/or that if the statute does make such requirement, it is unenforceable under the First and Fourteenth Amendments to the United States Constitution.

20

PLAINTIFFS

By _W. T. Barrante_

William T. Barrante
P.O. Box 273
Watertown, CT 06795
(860) 379-9885
Federal Bar No. CT10677

email: william.barrante@snet.net

CERTIFICATION

*16*

I hereby certify that on March 16, 2005, a copy of the foregoing was telefaxed to *or mailed* the following:

Mr. Kenneth John Laska
Drawer A, 63 East Main Street
Plainville, CT 06062

Miss Karen L. Karpie
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604

Mr. Charles E. Vermette, Jr.
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, CT 06001

Miss Jane R. Rosenberg
Assistant Attorney General
P.O. Box 120
Hartford, CT 06141-0120

Miss Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Mr. John A. Barbieri
P.O. Box 1445
New Britain, CT 06050

Mr. Paul M. Clyons
P.O. Box 9011
New Britain, CT 06050-9948

William T. Barrante
Attorney for Plaintiffs
Fed. Bar No. CT10677

22