UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CASSIDY, ET AL.,     :<br>    Plaintiffs                    : | |
| v.                                       : | Civil Action No.<br>3:02 CV 1688 (CFD) |
| KATHRYN M. LAWSON, ET AL., :<br>    Defendants                  : | |

**RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs John Cassidy, William Cunningham, John Mastrianni, Jeannette Hinkson, and Henry Syskowski, Jr. are residents or former residents of Plainville, Connecticut. They allege that the defendants committed abuse of process, malicious prosecution, libel, and violations of 42 U.S.C. § 1983 in filing complaints against the plaintiffs with the State Elections Enforcement Commission ("SEEC") during the November 2001 Plainville town election cycle and engaging in other election-related unlawful conduct.[1] The plaintiffs seek compensatory and punitive damages, attorneys' fees, and declaratory relief. Defendants Kathryn Lawson, Ronald Pavano, Sr., Daniel Ciesielski, William Petit, Patrick Ringrose, Marliss Pavano, David Underwood, Barbara Willard, Gary Willard, and Dean Rustic have filed separate motions for summary judgment.[2] See Docs. # 78, 80, 83, 87, and 111. The Court heard oral argument on all pending

---

[1] The plaintiffs' initial complaint was filed in the Connecticut Superior Court but was removed by the defendants on September 20, 2002. The Court exercises subject matter jurisdiction over the now-operative Substitute Third Amended Complaint pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1367.

[2] The defendants' motions were filed against the plaintiffs' Second Amended Complaint. The plaintiffs subsequently filed a Substitute Third Amended Complaint (hereafter, "complaint") on March 15, 2005. Since the defendants' arguments apply equally to the most recent complaint, the Court will consider them in regard to that document.

summary judgment motions on July 1, 2005.[3]  For the reasons stated below, those motions now are granted.

I.      **Background**[4]

In the November 6, 2001 Plainville municipal elections, plaintiffs John Cassidy, William Cunningham, and Henry Syskowski were petitioning candidates for the Plainville Town Council. Also on the November 2001 Plainville ballot was a school construction project referendum ("Linden Street School project"), which the plaintiff candidates opposed as part of their campaign platform.

Cassidy, Cunningham, and Syskowski each purchased political advertisements in support of their candidacy in the November 2001 Plainville's Hometown Connection monthly newspaper ("Hometown Connection" or "newspaper"), published by plaintiff Jeannette Hinkson.  While those advertisements contained a "paid for by" notation of their sponsoring individuals, none listed those individuals' addresses.  The same issue of Hometown Connection contained an anonymous advertisement that contained no explicit endorsements but exhorted Plainville voters to vote "for the person you feel will represent you."  The latter advertisement's attribution simply read "Paid For By Someone Who Cares."

On or about November 1, 2001, the defendants filed complaints against Cassidy, Cunningham, and Syskowski with the Connecticut SEEC, alleging that the plaintiffs' failure to

---

[3] At that time, the Court also heard argument from the Connecticut State Elections Enforcement Commission, which has filed an amicus curiae brief in support of the defendants' motions for summary judgment.  See Doc. # 79.

[4] The following facts are taken from the Third Amended Complaint, the parties' summary judgment papers, Local Rule 56 statements, and other evidence submitted by the parties.  They are undisputed unless otherwise noted.

include addresses in their advertisements violated Conn. Gen. Stat. § 9-333w.  That statute provides, in part, that "No individual shall make or incur any expenditure . . . and no candidate or committee shall make or incur any expenditure for any written, typed or other printed [campaign-related] communication . . . unless such communication bears upon its face the words 'paid for by' and the following: (1) In the case of such an individual, the name and address of such individual. . . ."  Conn. Gen. Stat. § 9-333w(a).

At the same time, the defendants also filed an SEEC complaint against the anonymous "Someone Who Cares" advertisement, claiming that it was published without proper attribution and that there was no committee called "Someone Who Cares" properly registered with the Plainville Town Clerk.  That complaint alleged that the purchaser of the "Someone Who Cares" notice violated both the attribution requirements of Conn. Gen. Stat. § 9-333w and also the dictates of § 9-333d, which prohibits certain direct and indirect expenditures on behalf of candidates for elective office or referendum questions.

Following hearings before the SEEC in April 2002, Cassidy and Cunningham were found to have violated § 9-333w(a) in placing their ads in <u>Hometown Connection</u>.  Neither candidate was fined.  In lieu of a hearing, Syskowski signed a consent agreement in February 2002 admitting that he had violated the statute; the consent agreement provided that, in return for Syskowski's admission and pledge of future compliance with the law, the SEEC would not initiate any further proceedings against him.

In regard to the "Someone Who Cares" advertisement, the SEEC inquired of <u>Hometown Connection</u> publisher Jeannette Hinkson who had paid for the notice.  In a confidential letter to the SEEC, Hinkson replied that the advertisement "was my creation and paid for by me and me

3

alone and was a statement urging all to go out and vote no matter what party or candidate they chose. I was not asked or forced to place this ad by anyone . . . ." See Doc. # 78 at Exh. P. After an agency investigation, the SEEC dismissed the defendants' complaint against the "Someone Who Cares" advertisement, concluding that as the notice did not advocate for any specific candidate or political party, Hinkson did not violate any election regulations.

Finally, in the only count of the complaint not concerning the Hometown Connection, plaintiff Mastrianni claims that he was libeled by defendant Daniel Ciesielski regarding his conduct during the November 2001 elections. Mastrianni, who was opposed to the Linden Street School project, distributed a flier urging a "no" vote on the referendum. In a February 23, 2002 article in the New Britain Herald discussing the project's defeat, Ciesielski (a supporter of the project) was quoted as saying "I think [Mastrianni] put out [incorrect] information intentionally." Mastrianni contends that this statement was false, was motivated by Ciesielski's malice and ill will toward him for opposing the project, and impugned Mastrianni's character and integrity so as to damage his reputation in the community.

**II.     Standard of Review**

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," then summary judgment is appropriate. Celotex, 477 U.S. at 323.

The Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

### III. Discussion

Each count of the complaint, and the various motions' arguments against it, will be examined in turn.

#### A. Count One: Abuse of Process Against Plaintiffs Cassidy and Cunningham

In Count One, plaintiffs Cassidy and Cunningham allege that the defendants' filing of complaints against them was an attempt to penalize the plaintiffs for opposing the Linden Street School Project and resulted in an abuse of process that damaged their reputations in the community, adversely affected their standings in the November 2001 election, and cost them time and money to defend themselves before the SEEC. The defendants argue that this claim fails as a matter of law.

In Connecticut, "an action for abuse of process lies against any person using 'a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987) (quoting Varga v.

Pareles, 137 Conn. 663, 667, 81 A.2d 112 (1951)).  The person committing the alleged abuse, however, must have some involvement in the process after it is commenced: "[A] party does not abuse the legal process merely by filing suit. This is true regardless of the plaintiff's motive. Rather, liability for abuse of process lies only when the offending party overtly misuses the process once the proceeding has begun."  Doctor's Assocs. v. Weible, 92 F.3d 108, 114 (2d Cir. 1996) (internal citations omitted).

While Cassidy and Cunningham aver that the defendants filed SEEC complaints against them willfully and maliciously, they have introduced no evidence to support that assertion. Moreover, the plaintiffs concede that the defendants did not participate in the SEEC hearings and that their involvement extended only to the filing of the initial complaints.  See Complaint at ¶ 22.  Such conduct is explicitly protected by Doctor's Associates and, under that case law, the plaintiffs have failed to make a cognizable claim for abuse of process.[5]  Therefore, the Court grants summary judgment for the defendants on Count One of the complaint.[6]

---

[5] At argument, the Court reminded plaintiffs that they had alleged only abuse of process in Counts One, Four, and Seven, not vexatious litigation (plaintiff Hinkson had pled a separate claim of vexatious litigation in Count Five).  Nor did the plaintiffs move to amend their complaint after argument to state additional claims for vexatious litigation.  The Court assumes this is because plaintiffs Cassidy, Cunningham, and Syskowski could not demonstrate the element of favorable termination required for such claims.  Regardless, the Court construes Counts One, Four, and Seven strictly as alleging abuse of process.

[6] Because it reaches its decision on alternative legal grounds, the Court expresses no opinion on the defendants' alternative argument that the act of filing an SEEC complaint enjoys absolute immunity under the reasoning of Field v. Kearns, 43 Conn. App. 265, 682 A.2d 148 (1996).

**B.    Count Two: Violation of 42 U.S.C. § 1983 by Defendants Petit, Ringrose, and Marliss Pavano**

In Count Two, plaintiffs Cassidy and Cunningham allege that the complained-of conduct in Count One of the complaint also constituted a violation of 42 U.S.C. § 1983 by defendants William Petit, Patrick Ringrose, and Marliss Pavano, who were Plainville public officials at the time. Cassidy and Cunningham allege that they were entitled under the First and Fourteenth Amendments of the Constitution to "purchase political advertisements . . . without publishing any addresses" and "to run for political office without being harassed . . . for a relatively minor violation of what was purported to be state election law." See Complaint at ¶¶ 24-25. Defendants Petit, Ringrose, and Marliss Pavano argue in response that these claims fail as a matter of law.

Section 1983 provides a remedy when any person

> under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . .

42 U.S.C. § 1983. Plaintiffs "must make specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient." Spear v. Town of West Hartford, 771 F. Supp. 521, 527 (D. Conn. 1991), aff'd, 954 F.2d 63 (2d Cir. 1992).

Cassidy and Cunningham claim that they were deprived of their First Amendment rights because no Connecticut statute specifically required the plaintiffs to publish their addresses in the contested advertisements. Despite the plaintiffs' insistence, this interpretation of Conn. Gen.

Stat. § 9-333w(a) is incredible.  That statute clearly states that "<u>No individual</u> shall make or incur any expenditure . . . <u>and no candidate</u> or committee shall make or incur any expenditure for any written, typed or other printed [campaign-related] communication . . . unless such communication bears upon its face the words 'paid for by' and the following: (1) In the case of such an individual, <u>the name and address of such individual</u>. . . ."  Conn. Gen. Stat. § 9-333w(a) (emphases added).

Furthermore, although Cassidy and Cunningham claim that any statute requiring them to publish addresses in their political advertisements "would constitute an unlawful regulation of political speech," ¶ 24(b), the Connecticut Supreme Court explicitly has held otherwise.  In <u>Seymour v. Elections Enforcement Commission</u>, 255 Conn. 78, 762 A.2d 880 (2000), <u>cert. denied</u>, 533 U.S. 931 (2001), the Supreme Court examined § 9-333w(a) and found that it did not infringe upon the First Amendment: "[W]e conclude that § 9-333w(a) is narrowly tailored to serve compelling state interests, and therefore is valid and enforceable."  <u>Id</u>. at 102.  The requirement that Cassidy and Cunningham abide by Connecticut's guidelines for election-related speech is not a violation of their First Amendment rights.

Cassidy and Cunningham's second argument, that they should be allowed to run for office without being "harassed" for violating "purported" state election law, is similarly unavailing.  "Section 1983 provides a remedy only for the deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 283 (2002).  As previously discussed, Conn. Gen. Stat. § 9-333w(a) has been examined by the Connecticut Supreme Court and found constitutional.  As the law has been determined not to abridge any freedoms protected by the First Amendment, <u>a fortiori</u>, being

required to abide by the provisions of § 9-333w(a) does not cause the plaintiffs any constitutional deprivation.

The plaintiffs have failed to allege a cognizable claim under 42 U.S.C. § 1983.[7] Therefore, the Court grants summary judgment for defendants Petit, Ringrose, and Marliss Pavano on Count Two of the complaint.

### C.    Count Three: Libel Against Plaintiff Mastrianni

In Count Three, plaintiff Mastrianni alleges that defendant Ciesielski committed the common law tort of libel when Ciesielski told the New Britain Herald that he thought Mastrianni intentionally disseminated a flyer containing false information on the Linden Street School project.

Connecticut recognizes two actionable forms of defamation: libel, which is written defamation; and slander, which is oral defamation.  See Charles Parker Co. v. Silver City Crystal Co., 142 Conn. 605, 610-11, 116 A.2d 440 (1955).  According to the Connecticut Supreme Court, "[a] defamation action is based on the unprivileged communication of a false statement that tends either to harm the reputation of another by lowering him or her in the estimation of the community or to deter others from dealing or associating with him or her."  Woodcock v. Journal Publishing Co., 230 Conn. 525, 554, 646 A.2d 92 (1990) (quoting 1 D. Pope, Connecticut Actions and Remedies: Tort Law (1993) § 10:03, 10-10); see also Chance v. Cundy, 2004 U.S. Dist. LEXIS 12191, *31-32 (D. Conn. Jun. 25, 2004).  The plaintiff must also prove the necessary element of publication of the defamatory statement.

---

[7] The Court notes in passing that, even were the plaintiffs to allege a valid constitutional deprivation, the defendants would be entitled to qualified immunity for acting reasonably in accordance with the Connecticut Supreme Court's Seymour decision.

Ciesielski does not deny that he thought that Mastrianni had spread false information about the Linden Street School project and that his statement "I think he put the information out intentionally" was published in the Herald. Ciesielski argues, however, that his statement was not libelous both because it was a statement of opinion and because it was conditionally privileged as a statement on a matter of public concern.

Ciesielski's statement expresses his opinion about Mastrianni's motivations in distributing a flyer regarding the Linden Street School project. "It is well settled that expressions of pure opinion, as opposed to factual assertions, may not be the basis of a defamation action." Colon v. Town of West Hartford, 2001 U.S. Dist. LEXIS 484, *12 (D. Conn. Jan. 5, 2001); see also Daley v. Aetna Life & Cas. Co., 249 Conn. 766, 795, 734 A.2d 112 (1999) ("To be actionable, the statement in question must convey an objective fact, as generally, a defendant cannot be held liable for expressing a mere opinion.") As Mastrianni's intention is not an objectively provable fact, Ciesielski's statement may be a protected expression of pure opinion.

More compellingly, though, Ciesielski's statement is protected as a matter of public concern. "The First Amendment prohibits states from imposing liability for defamatory statements about matters of public concern under a theory of strict liability." Chaiken v. VV Publ. Corp., 199 F.3d 1018 (2d Cir. 1997). Where a statement of opinion on a matter of public concern "involves a private figure . . . , a plaintiff must show that the false connotations were made with some level of fault" in order to prevail. Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990). If the statement involves a public figure, the plaintiff must show by clear and convincing evidence that it was published with actual malice. Id.

The determination of whether an individual is a public or private figure is for the Court to

10

decide. Jensen v. Times Mirror Co., 634 F. Supp. 304, 310 n.3 (D. Conn. 1986). "Parties who are not public figures for all purposes may still be public figures with respect to a particular controversy." Contemporary Mission v. New York Times Co., 842 F.2d 612, 617 (2d Cir. 1988) (citing Gertz v. Robert Welch, Inc., 418 U.S. 323, 352 (1974)). The relevant indicia of a public figure include whether the individual has "thrust himself into the vortex of [a] public issue" or engaged "the public's attention in an attempt to influence [an issue's] outcome." Gertz, 418 U.S. at 352. As Mastrianni's flyer indicates, he was the registered secretary of a campaign committee called the "Silent Majority Team" actively campaigning for defeat of the Linden Street School referendum. See Doc. #88 at Exh. 2. Under the Gertz criteria, the Court finds that Mastrianni may be considered a public figure in regard to the controversial Plainville municipal elections. Therefore, he must prove that Ciesielski's statements were published with "actual malice" to prevail on his libel claim. Gertz, 418 U.S. at 352. A showing of actual malice "must be made with 'convincing clarity,' or, in a later formulation, by 'clear and convincing proof.'" Karedes v. Ackerley Group, Inc., 2005 U.S. App. LEXIS 19476, *15 (2d Cir. Sept. 9, 2005) (quoting Phila. Newspapers v. Hepps, 475 U.S. 767, 773 (1986)).

      In his response to Ciesielski's motion for summary judgment, Mastrianni has provided no such evidence, other than the fact that Ciesielski also called the Mastrianni flyer "infamous." This in itself is an expression of opinion; it is insufficient evidence to conclude that Ciesielski's statement to the Herald was made with actual malice. Mastrianni has provided no other evidence of Ciesielski's malice other than the unsupported assertions in his complaint. "[B]are assertions of ill will are not sufficient to establish a triable issue of actual malice." Contemporary Mission, 842 F.2d at 622-23.

For the above reasons, the Court grants summary judgment to defendant Ciesielski on Count Three of the plaintiffs' complaint.

### D. Count Four: Abuse of Process Against Plaintiff Hinkson

In Count Four, plaintiff Hinkson alleges that the defendants' filing of a complaint with the SEEC over the "Someone Who Cares" advertisement in the <u>Hometown Connection</u> constituted an abuse of process, as their real motive was to penalize her for associating with plaintiffs Cassidy and Cunningham. The defendants argue that Hinkson's claim fails as a matter of law, for the same reasons as did plaintiffs Cassidy and Cunningham's abuse of process claim.

As stated previously, "a party does not abuse the legal process merely by filing suit. This is true regardless of the plaintiff's motive. Rather, liability for abuse of process lies only when the offending party overtly misuses the process once the proceeding has begun." <u>Doctor's Assocs. v. Weible</u>, 92 F.3d 108, 114 (2d Cir. 1996) (internal citations omitted). Hinkson does not allege that the defendants had any involvement with the SEEC proceedings other than filing the initial complaint. Indeed, she testified at deposition that she has no knowledge or evidence of any such subsequent involvement. <u>See</u> Doc. # 78 at Exh. O, pgs.65-67. Therefore, the Court grants summary judgment for the defendants on Count Four of the complaint.

### E. Count Five: Malicious Prosecution of Plaintiff Hinkson

In Count Five, plaintiff Hinkson alleges that the defendants' filing of an SEEC complaint against the "Someone Who Cares" advertisement resulted in her malicious prosecution.

Under Connecticut law, malicious prosecution is a cause of action providing remedy to a plaintiff who can show that a criminal proceeding was instituted against her without probable cause, primarily for a purpose other than bringing her to justice, and that the criminal proceeding

terminated in her favor.  See Holman v. Cascio, 2005 U.S. Dist. LEXIS 18574, *5 (D. Conn. Aug. 29, 2005).  As an SEEC proceeding is not criminal in nature, the Court presumes that plaintiff Hinkson meant to allege the tort of vexatious litigation, Connecticut's counterpart to malicious prosecution when the underlying proceeding is a civil one, and evaluates her claim within that framework.

To establish a cause of action for vexatious litigation, "it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978).  Probable cause is considered "the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action" and "malice may be inferred from lack of probable cause." Id.  The Connecticut Supreme Court later refined the necessary third element of the cause of action:

> Notwithstanding our recitation of the term "favorable termination" in Vandersluis and a few other cases . . . we have never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration.

DeLaurentis v. City of New Haven, 220 Conn. 225, 251, 597 A.2d 807 (1991).

As the SEEC investigation against Hinkson was terminated with a finding of her nonliability, Hinkson has shown the necessary element of favorable termination.  However, she has failed to establish either that the defendants filed the complaint without probable cause or with malice against her.  The only evidence that Hinkson cites in support of her claim consists of statements taken from the various defendants' depositions.  See generally Docs. # 94, 100.  Those deposition transcripts, however, do not establish a lack of "belief that there [were]

13

reasonable grounds to prosecute [the] action." Indeed, the defendants uniformly state that they thought a large number of advertisements in the Hometown Connection were unusual and potentially improper, that they wanted to know to whom the advertisements should be attributed, and that they felt the best course of action was to allow the SEEC to draw its own conclusions. See, e.g., Doc. # 94, Exh. 2 at 18 ("Actually, it was the SEEC that had said when I spoke with them that—I said I didn't know which ads were not appropriate or illegal and which were, and they suggested that I just send everything or we send them everything and let them decide. They do the investigating. They make the decisions.") (deposition transcript of Kathryn Lawson). The reasonableness of the defendants' position also is underscored by the fact that the SEEC concluded that some of the advertisements (though not the one placed by Hinkson) did violate Connecticut law.

As to malice against Hinkson personally, the plaintiffs admit in their Supplemental Memorandum of Law Re: Summary Judgment that the defendants initially had no knowledge of who sponsored the "Someone Who Cares" advertisement. It was only after the SEEC began its investigation that Hinkson admitted she was the author. See Doc. # 123 at 10; see also Doc. # 78, Exh. O at 140-41, 149 (deposition transcript of Jeannette Hinkson); Doc. # 78, Exh. P (letter from Jeannette Hinkson to SEEC).

"[W]hat facts, and whether particular facts, constitute probable cause is always a question of law. . . ." Vandersluis, 176 Conn. at 356. On this record, the Court concludes that the defendants have established that they had probable cause to file their complaint with the SEEC, and that Hinkson has failed to make a sufficient showing as to this essential element of her claim,

or to the essential element of malice.[8] The Court therefore grants summary judgment for the defendants on Count Five of the complaint.

  F.  **Count Six: Violation of 42 U.S.C. § 1983 by Defendants Petit, Ringrose, and Marliss Pavano**

In Count Six, plaintiff Hinkson claims that the defendants' SEEC complaint against the "Someone Who Cares" advertisement additionally constituted a violation of 42 U.S.C. § 1983 by defendants William Petit, Patrick Ringrose, and Marliss Pavano, who were Plainville public officials at the time. Hinkson claims that she was entitled to publish the advertisement under the First and Fourteenth Amendments to the Constitution and that having to participate in an SEEC inquiry made her feel that her First Amendment rights were threatened.

To prevail upon a First Amendment free speech claim, the plaintiff must prove that "(1) [s]he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by [her] exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). No party disputes the existence of the first element. The Court will assume the second arguendo.

Nonetheless, Hinkson's claim fails with respect to the third element, in which a plaintiff

---

[8] The Court additionally expresses its skepticism that an action for vexatious litigation might rest solely on a citizen's filing a complaint with a state administrative agency without further involvement, given that such conduct is insufficient to state a claim for abuse of process. See also Shattuck v. Town of Stratford, 233 F. Supp. 2d 301, 313-15 (D. Conn. 2002) (discussing general immunity from malicious prosecution liability for providing the police truthful information that might result in another's arrest). Nonetheless, assuming that defendants' conduct suffices to constitute vexatious litigation, the defendants are entitled to summary judgment for the reasons stated above.

must show that her First Amendment rights were "actually chilled." Davis v. Vill. Park II Realty Co., 578 F.2d 461, 464 (2d Cir. 1978). Hinkson has made no allegations that her past, present, or future speech has been chilled. Moreover, the Supreme Court has held that "allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird v. Tatum, 408 U.S. 1, 13-14 (1972) (emphases added). Therefore, Hinkson has failed to show the deprivation of any constitutional right and her claim under 42 U.S.C. § 1983 fails as a matter of law.

The Court grants summary judgment to defendants Petit, Ringrose, and Marliss Pavano on Count Six of the complaint.

### G. Count Seven: Abuse of Process Against Plaintiff Syskowski

In Count Seven, plaintiff Syskowski alleges that the defendants' filing of an SEEC complaint against him resulted in an abuse of process. As in Counts One and Four, plaintiff Syskowski concedes that the defendants' involvement in the SEEC proceedings was limited to the initial filing of the complaint. As previously discussed, such conduct is insufficient to state a cause of action for abuse of process. See Sections III.A, III.D, supra. The Court grants summary judgment for the defendants on Count Seven of the complaint.

### H. Count Eight: Violation of 42 U.S.C. § 1983 by Defendants Petit, Ringrose, and Marliss Pavano

In Count Eight, plaintiff Syskowski makes claims identical to those of plaintiffs Cassidy and Cunningham in Count Two—namely, that public officials Petit, Ringrose, and Marliss Pavano violated his civil rights under the First and Fourteenth Amendments in filing a complaint against him with the SEEC. The Court finds that Syskowski has failed to allege a cognizable

claim under 42 U.S.C. § 1983 for the same reasons as did his fellow plaintiffs.  <u>See</u> section III.B, supra.  Therefore, the Court grants summary judgment for defendants Petit, Ringrose, and Marliss Pavano on Count Eight of the complaint.

## IV. Conclusion

The defendants' motions for summary judgment [Docs. # 78, 80, 83, 87, and 111] are GRANTED in their entirety.  The Clerk is directed to close this case.

So ordered this _29th_ day of September 2005 at Hartford, Connecticut.

   \_\_\_/s/ CFD_____
   **CHRISTOPHER F. DRONEY**
   **UNITED STATES DISTRICT JUDGE**