02cv1688 resp

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN J. CASSIDY, ET AL.,                    NO. 3:02CV1688(CFD)

         Plaintifffs

v.

KATHRYN M. LAWSON, ET AL.,

         Defendants                    NOVEMBER 28, 2005

### PLAINTIFFS' RESPONSE TO REPLY OF
### DEFENDANTS PETIT, RINGROSE AND PAVANO
### TO OBJECTION TO BILL OF COSTS

On November 16, 2005, counsel for defendants William Petit, Patrick
Ringose and Marliss Pavano filed a Bill of Costs.   Plaintiffs objected to this as
having been filed untimely under Local Rule 54(a) of the Local Rules of Civil
Procedure, which requires that a bill of costs be filed within 10 days after
expiration of the time for which plaintiffs could file an appeal, which in this case
was October 31, 2005.   Plaintiffs in their Objection asserted that defendants' Bill
of Costs should therefore have been filed on or before November 10, 2005.  In
their Reply dated November 23, 2005, defendants cite Rule 6(a) of the Federal
Rules of Civil Procedure, which provides that when a time period is less 11 days,
Saturdays, Sundays and legal holidays (in this case, Veterans Day) are not
counted, thus extending the filing date to November 15, 2005.

Defendants then claim that they get three additional days under Fed. R. Civ. P. 6(e), which provides that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon the party,* **and** *the notice or paper is served upon the party* under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period." (Emphasis added).

Rule 6(e) does not apply here because (1) plaintiffs did not file any appeal and serve any copy of it upon defendants' counsel and (2) no notice or paper was served by plaintiffs upon defendants' counsel. The rationale for the three-day rule is quite understandable. If the opposing party files a motion or other paper on Day One, a copy of such motion for paper might not be delivered by mail to other counsel until Day Two or perhaps Day Three. In the present case, no appeal was filed on or before October 31, 2005, and defendants' counsel knew that this was the deadline.  Defendants' counsel could have learned this on October 31, 2005 by checking the court file electronically or by calling the clerk's office shortly before 5:00 p.m.  No extra time was warranted for filing the Bill of Costs.

Plaintiffs' Objection to the Bill of Costs of defendants Petit, Ringrose and Pavano should be sustained.

2

PLAINTIFFS

By _____
William T. Barrante
P.O. Box 273
Watertown, CT 06795
(860) 274-0301
Fax *869) 738-4906
E-mail:
william.barrante @snet.net
Fed. Bar No. CT10677

## CERTIFICATION

I hereby certify that on November 28, 2005, a copy of the foregoing was mailed to the following:

Attorney Beatrice S Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Attorney Charles Vermette, Jr.
Litchfield Cavo
40 Tower Lane. Suite 200
Avon, CT 06001

Attorney John A. Barbieri
P.O. Box 1445
New Britain, CT 06050

Attorney Kenneth J. Laska
Drawer A, 63 E. Main St.
Plainville, CT 06062

Attorney Karen L. Karpie
350 Fairfield Avenue
Bridgeport, CT 06604

Attorney Paul M. Clyons
P.O. Box 9011
New Britain, CT 06050

_____
William T. Barrante

3